IN THE UNITED STATES DISTRICT COURT RECEIVED
MIDDLE DISTRICT OF ALABAMA (NORTHERN DIVISION

2005 DEC 20  P 4: 19

| | | |
|---|---|---|
| A. G. a minor child; D.A. a minor child; | ) | |
| A.L., a minor child; M. K., a minor | ) | |
| child; and M. H. a minor child, | ) | |
|     Plaintiffs , | ) | |
| | ) | |
| vs. | ) | CASE NO. 2:05CV1090-W F |
| | ) | |
| AUTAUGA COUNTY BOARD OF | ) | |
| EDUCATION, JOSEPH BUTLER, | ) | |
| and TERRY WRIGHT, | ) | |
|     Defendants. | ) | |

## ANSWER

COMES NOW the defendant Terry Wright, and for answer to plaintiffs' Complaint states as follows:

1.      The defendant pleads the general issue, denies all material averments of plaintiffs' Complaint, and demands strict proof of the remainder of the allegations.

2.      The defendant says he is innocent of the charges made against him. The claims made by the plaintiffs are totally false, without basis, and are vehemently denied. This defendant is the victim of falsehoods and fabrications.

3.      The defendant pleads the defense of sovereign immunity.

4.      The defendant pleads the defense of state actor immunity.

5.      The defendant pleads the defense of discretionary function immunity.

6.      The defendant pleads the defense of discretionary immunity.

7.      The defendant pleads the defense of qualified immunity.

8.    The defendant pleads the defense of schoolmaster's immunity and the schoolmaster's defense.

9.    The defendant pleads the defense of statutory immunity and says that his actions are privileged or protected by statute.

10.    The defendant says that the defendant stands *in loco parentis* and, as such, is entitled to parental immunity.

11.    The defendant says that the proper standard of proof is by clear and convincing evidence, not any other standard or burden.

12.    The defendant denies any breach of general duty and denies any breach of professional duty.

13.    There is no causal connection between any allegedly unlawful conduct and any mental anguish or emotional distress allegedly suffered by the Plaintiffs.

14.    The plaintiffs have failed to exhaust administrative remedies.

15.    This Court lacks jurisdiction over this matter since the sole remedies of the plaintiffs are administrative remedies.

16.    This matter is not justiciable because the plaintiffs have not exhausted administrative remedies.

17.    The defendant says that any claim by the plaintiffs for punitive damages is unconstitutional. If this was a criminal case, since the plaintiffs allege injury and battery, it appears that the plaintiffs allege a violation of assault in the third degree, codified at Alabama Code (1975) §13A-6-22, which is a Class A misdemeanor. Fines for such are established by the Alabama Code and cannot exceed $2,000.00 (§ 13A-5-12). Since the Alabama Legislature established these fines for punishment, these monetary limits should be used for assessing

punitive damages. Any assessment of punitive damages against this defendant would violate due process afforded by Article I, Section 6 of the Alabama Constitution and the equal protection clause of the Fourteenth Amendment to the United States Constitution and Article I, Sections 1, 6, and 22 of the Alabama Constitution. Furthermore, an award of the criminal (punitive) fine is decided by a different standard of proof than will be used in the jury at this trial. Additionally, the plaintiffs' Complaint does not sufficiently state the specific action for which the plaintiffs seek punitive damages. As such, the assessment of punishment, which is what punitive damages are meant to be, without specific allegations of wrongful conduct, also violates the United States and Alabama Constitutions because this defendant is not provided with specific charges against him prior to trial. This means that the defendant's due process rights afforded by the United States and Alabama Constitutions as identified above, are therefore violated.

18. The defendant pleads the applicable sections of Alabama Code § 6-11-21, specifically, the defendant pleads the restrictions and regulations on an award of punitive damages.

19. The defendant further pleads all other applicable punitive damage caps currently in the Alabama Code, even if such caps have previously been declared unconstitutional by the Supreme Court, specifically stating that the Alabama Supreme Court has issued an opinion expressing its interest in revisiting the constitutionality of caps on punitive damages.

20. Plaintiffs' claim of punitive damages violates the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments of the United States Constitution, on the following grounds:

a. Plaintiffs' claim of punitive damages violates the Due Process and Equal Protection Clauses of the Fifth and Fourteenth Amendments of the United States Constitution in that it imposes punitive damages, which are penal in nature, against a civil defendant which deprives the civil defendant of the same

procedural safeguards afforded to criminal defendants; and

b.  Plaintiffs' claim of punitive damages violates the defendant's right to due process pursuant to the Due Process Clause of the Fourteenth Amendment of the United States Constitution in that it fails to provide specific standards for the amount of an award of punitive damages; and

c.  Plaintiffs' claim of punitive damages violates the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution in that it fails to provide a reasonable limit on the amount of an award of punitive damages; and

d.  Plaintiffs' claim of punitive damages violates the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution in that it is unconstitutionally vague; and

e.  Plaintiffs' claim of punitive damages violates the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution in that it constitutes a deprivation of property without due process of the law; and

f.  Plaintiffs' claim of punitive damages violates the Due Process Clause of the Fifth and Fourteenth Amendments and the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution in that it permits the imposition of punitive damages in excess of the maximum criminal fine for the same or similar conduct; and

g.  Plaintiffs' claim of punitive damages violates the Eight Amendment of the United States Constitution in that it constitutes an excessive fine as well as cruel and unusual punishment; and

h.  Plaintiffs' claim of punitive damages violates the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution in that it may result in an award of joint and several judgments against multiple defendants for different alleged acts of wrongdoing.

21.  The plaintiffs' claim of punitive damages violates the Due Process Clause of the

Alabama Constitution (1901), on the following grounds:

a.  Plaintiffs' claim of punitive damages imposes punitive damages, which are penal in nature, against a civil defendant which deprives the civil defendant of the same procedural safeguards afforded to criminal defendants; and

b.  Plaintiffs' claim of punitive damages fails to provide specific standards for the amount of an award of punitive damages; and

c.     Plaintiffs' claim of punitive damages fails to provide a reasonable limit on the amount of an award of punitive damages; and

d.     Plaintiffs' claim of punitive damages is unconstitutionally vague; and

e.     Plaintiffs' claim of punitive damages constitutes a deprivation of property without due process of the law; and

f.     Plaintiffs' claim of punitive damages permits the imposition of punitive damages in civil cases in excess of the maximum criminal fine established by Title 13 of the Alabama Code for the same or similar conduct.

22.  Plaintiffs' claim of punitive damages violates Article I, § 15 of the Alabama Constitution (1901) in that it constitutes an excessive fine as well as cruel and unusual punishment.

23.  Plaintiffs' claim of punitive damages violates Article I, § 10, Clause 1 of the United States Constitution and Article I, § 22 of the Alabama Constitution (1901) in that it violates the prohibition against laws that impair the obligations of contracts.

24.  Plaintiffs' claim of punitive damages constitutes an unreasonable and excessive award in that it bears no reasonable relationship to any harm the plaintiffs allegedly suffered as a result of the defendant's conduct or any harm that actually occurred to the plaintiffs.

25.  Plaintiffs' claim of punitive damages is subject to the "clear and convincing" and "substantial evidence" standards of proof contained in Alabama Code § 6-11-20(4) (1975) pursuant to the Due Process Clause of the Alabama Constitution (1901).

26.     This defendant adopts the MOTION TO DISMISS and all other defenses of any other defendant, to the extent that the other defenses are not contradictory to the defenses pleaded in this Answer.  Should such defenses be contradictory, then the defendant adopts them but only conditionally.

27.     This defendant reserves the right to amend this Answer pending additional

investigation and/or discovery.

TERRY WRIGHT, *pro se*
1268 Plum Street
Prattville, AL 36066

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above foregoing has been served upon the following by

placing a copy of same through the United States Mail, postage prepaid and properly addressed

this the 20th day of December, 2005:

Michael J. Crow
Beasley, Allen, Crow,
Methvin, Portis & Miles, P.C.
P. O. Box 4160
Montgomery, AL 36103-41604

Robert D. Drummond
Attorney at Law
323 De LaMare
Fairhope, AL 36532

Mark S. Boardman
Boardman, Carr, Weed & Hutcheson, P. C.
P. O. Box 382886
Birmingham, AL 35238-2886

TERRY WRIGHT