THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA,
NORTHERN DIVISION

| | |
|---|---|
| A.G., a minor child, by and through her mother and next of friend, K.C.; D.A., a minor child, by and through her mother and next of friend, B.A.; A.L., a minor child, by and through her mother and next of friend, C.T.; M.K., a minor child, by and through her mother and next of friend, K.K.; and M.H., a minor child, by and through her mother and next of friend, B.H., <br><br>   Plaintiffs, <br><br> v. <br><br> AUTAUGA COUNTY BOARD OF EDUCATION; JOSEPH L. BUTLER; and TERRY WRIGHT, <br><br>   Defendants. | CASE NO.: 2:05-CV-1090-MEF |

## PLAINTIFF'S MOTION TO RECONSIDER ITS MOTION TO AMEND THEIR COMPLAINT OR IN THE ALTERNATIVE MOTION TO VACATE THE COURT'S ORDER

Plaintiff requests the Court to reconsider their *Motion to Amend Their Complaint* previously filed on June 5, 2006 or in the alternative pursuant to Rule 60(b)(6) F.R.C.P. vacate its Order dated June 16, 2006.

As grounds for their motion, they would show the following:

1.  On October 13, 2005, Plaintiff's filed their *Complaint* in the United States District Court for the Middle District of Alabama. (Exhibit "A").

2.  On January 24, 2006, this Court entered a *Scheduling Order* for the parties, which set forth April 10, 2006 as the last day to amend their *Complaint*. (Exhibit "B").

3. On January 2006, Defendant Autauga County Board of Education and Butler filed its initial disclosures with the Plaintiff's and did not list Defendant Cleveland as a person with knowledge of Plaintiff's claims. (See Exhibit "C")

4. Defendant's counsel has made it clear to Plaintiff's counsel they will not offer any employees of the Autauga County Board of Education or Mr. Butler's deposition until all of the deposition's of the Plaintiff's have been taken. (See Exhibit "D", "E", "F" & "G") (Letters dated May 2005, May 2006 and June 2006)

5. On May 19, 2006, Plaintiff's counsel was contacted by a former Autauga County Board of Education employee who had been fired on May 12, 2006. Plaintiff's counsel met with the former Autauga County Board of Education employee on that date, after which Plaintiff's counsel became aware that Defendant Cleveland had liability in this case. (See Exhibit "H")

6. On June 5, 2006, Plaintiff filed their *Amended Complaint* and added Defendant Cleveland as a party Defendant. (See Exhibit "I").

7. Since Plaintiff's are attempting to amend their *Complaint* outside the deadline set forth by the Court's *Scheduling Order* of January 24, 2006, the Plaintiff's must demonstrate to the Court "good cause" under Rule 16(b) F.R.C.P. This standard primarily considers the diligence of the party seeking the amendment. The Court may modify the pretrial schedule "if it cannot reasonable be met despite the diligence of the parties seeking the extension." Johnson v. Mammoth Recreations, Inc., 975 Fed. 2d. 604, 610 (9th Cir. 1992).

8. In this case, Plaintiffs' counsel have been diligent in their efforts investigating this matter, most of the witnesses in this case are school board

employees. Therefore, Plaintiff's counsel must rely on the deposition testimony of Autauga County School Board employees in proving their case.

Plaintiff's counsel were diligent in their efforts prior to May 19th, in that:

a.) Defendant Cleveland was not listed as a potential witness or having information concerning this matter on the Defendants Initial Disclosures, which Plaintiff's counsel found out on May 19, 2006 to the contrary;

b.) Defense counsel has taken the position that Plaintiff's counsel may not take any employee of the Autauga County Board of Education until all of the Plaintiff's depositions are taken[1].

9. Plaintiff's counsel would argue that they have been as diligent as possible under the circumstances and the posture the Defendant's have taken on discovery in this matter. It was not until the former employee of the Autauga County Board of Education was fired on May 12th, were Plaintiff's counsel able to learn about the involvement of Defendant Cleveland in this case. Further, the trial of this matter is not set until June 4, 2007 and therefore the Defendant's could not be prejudiced by the amendment to the Complaint, since virtually no discovery has taken place in this matter.

WHEREFORE, Plaintiff's request the Court to reconsider *Plaintiff's Motion to Amend Their Complaint* or in the Alternative Vacate the Court Order of June 19, 2006 and allow Plaintiff's to amend their *Complaint*.

---

[1] Plaintiff's B.A., D.A., B.H., and M.H. depositions were taken on June 7, 2006. Plaintiff's C.T. and A.T. depositions were taken on June 13, 2006 and K.K. and M.K. depositions were taken on June 14, 2006. Plaintiff C.T. is available for her deposition at any time defense counsel would like to take her deposition, but her daughter A.L. is visiting her father in Texas and will not return to the State of Alabama until shortly before school starts in August.

3

        /s/Michael J. Crow
MICHAEL J. CROW (CR039)
Attorney for Plaintiffs

OF COUNSEL:

BEASLEY, ALLEN, CROW,
METHVIN, PORTIS & MILES, P.C.
P.O. Box 4160
Montgomery, AL 36103-4160
(334) 269-2343

        /s/Robert D. Drummond
ROBERT D. DRUMMOND (DRU004)
Attorney for Plaintiffs

OF COUNSEL:

Attorney at Law
323 De LaMare
Fairhope, AL 36532
(251) 990-6249

4

# CERTIFICATE OF SERVICE

     I hereby certify that I have served a copy of the foregoing upon all counsel of record listed below by placing a copy of the same in the U.S. Mail, first class postage prepaid, on this the 20th day of June, 2006.

          /s/Michael J. Crow
          OF COUNSEL

Terry Wright
1268 Plum Street
Prattville, Alabama 36066

Katherine Hortberg
Mark Boardman
Boardman, Carr, Reed, Hutcheson
Post Office Box 382886
Chelsea, Alabama 35238-2886

5