THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA,
NORTHERN DIVISION

A.G., a minor child, by and through her mother and next of friend, K.C.; D.A., a minor child, by and through her mother and next of friend, B.A.; A.L., a minor child, by and through her mother and next of friend, C.T.; M.K., a minor child, by and through her mother and next of friend, K.K.; and M.H., a minor child, by and through her mother and next of friend, B.H.,

Plaintiffs,

v.

AUTAUGA COUNTY BOARD OF EDUCATION; JOSEPH L. BUTLER; and TERRY WRIGHT,

Defendants.

CASE NO.: CV-05-_____

JURY TRIAL IS DEMANDED

## COMPLAINT

### Statement of the Parties

1.  Plaintiff, A.G., is a minor child under the age of nineteen years and a citizen of Alabama. Plaintiff A.G. brings this action by and through her mother and next of friend, K.C., who is over the age of nineteen years and a citizen of Alabama.

2.  Plaintiff, D.A., is a minor child under the age of nineteen years and a citizen of Alabama. Plaintiff D.A. brings this action by and through her mother and next of friend, B.A., who is over the age of nineteen years and a citizen of Alabama.

3.  Plaintiff, A.L., is a minor child under the age of nineteen years and a citizen of Alabama. Plaintiff A.L. brings this action by and through her mother and next of friend, C.T., who is over the age of nineteen years and a citizen of Alabama.



4. Plaintiff, M.K., is a minor child under the age of nineteen years and a citizen of Alabama. Plaintiff M.K. brings this action by and through her mother and next of friend, K.K., who is over the age of nineteen years and a citizen of Alabama.

5. Plaintiff, M.H., is a minor child under the age of nineteen years and a citizen of Alabama. Plaintiff M.H. brings this action by and through her mother and next of friend, B.H., who is over the age of nineteen years and a citizen of Alabama.

6. Defendant Autauga County Board of Education (hereinafter referred to as "school board") is an educational institution receiving federal financial assistance under 20 U.S.C. §1681 et.seq.

7. Defendant Joseph L. Butler (hereinafter referred to as "Butler") is over the age of nineteen years and is being sued solely in his individual capacity. He is the Superintendent of the Autauga County Board of Education. He is responsible for the day-to-day operations of the school board and its employees. Further, he shall see that the laws relating to schools and regulations of the state and county school boards of education are carried into effect. He is a citizen of Alabama.

8. Defendant Terry Wright (hereinafter referred to as "Wright") is over the age of nineteen years and is a citizen of Alabama.

9. This Court has jurisdiction of the parties and subject matter pursuant to 28 U.S.C. §13-31, 20 U.S.C. §1681 et.seq., and 42 U.S.C. §1983.

## Statement of Facts

10. At all times material to this Complaint, Plaintiffs were students at Prattville Elementary School.

11. On or about October 29, 2004, Principal Abrahams or an employee authorized by principal Abrahams contacted Defendant Wright about being a substitute teacher at the Prattville Elementary School on that day.

12. On October 29, 2004, Defendant Wright arrived and began acting as a substitute teacher at the Prattville Elementary School.

13. Shortly after arriving at the Prattville Elementary School, Defendant Wright began showing the students a movie or video in the classroom with the lights off.

14. During the time that the lights were off and the movie or video was being shown to the students, Defendant Wright inappropriately touched, fondled, or rubbed the Plaintiffs individually and at different times.

15. Prior to October 29, 2004, Defendant Wright was acting as a substitute teacher at another school under the auspices of the Autauga County Board of Education when complaints of inappropriate touching were made to the Autauga County Board of Education Superintendent's office concerning Wright's conduct as a substitute teacher.

16. Defendant Butler had knowledge of prior complaints of inappropriate touching of students by Defendant Wright and failed to report the complaints to the duly constituted authority and/or take any action regarding Defendant Wright and his position as a substitute teacher.

## COUNT ONE

## TITLE IX

17. Plaintiffs reallege paragraphs 1 through 16 of the Complaint as if set out here in full.

18. This is a claim to readdress unlawful discrimination on the basis of sex and violation of Title IX, 20 U.S.C. §1661 et.seq. against the Autauga County Board of Education.

19. At all times relevant hereto, the Autauga County Board of Education received Federal financial assistance.

20. The Plaintiffs belong to a protected group as they were females.

21. The Plaintiffs were subjected to unwelcome harassment when they were sexually abused and molested by Defendant Wright.

22. Defendant Wright harassed the Plaintiffs on the basis of their sex. The harassment was unwelcome and sufficiently severe so as to alter the condition of the Plaintiff's education.

23. By knowingly permitting the hostile environment to exist, the Autauga County Board of Education discriminated against the Plaintiffs and denied them the benefits of public education in violation of Title IX.

24. The Autauga County Board of Education knew the danger of sexual harassment endured by other students and chose not to alleviate the danger.

25. The Autauga County Board of Education failure to take remedial action after reports of abuse allegations involving Defendant Wright at other schools within the Autauga County Board of Education district constituted a deliberate indifference of a clearly established constitutional and statutory right to be free of sexual abuse and harassment.

WHEREFORE, Plaintiffs request damages from the Defendant in such a reasonable amount as a jury may assess and other relief granted to them under the law and their cost of this action.

## COUNT TWO

### 42 U.S.C. §1983

26.     Plaintiffs reallege paragraphs 1 through 25 of the Complaint as if set out here in full.

27.     On or about October 21, 2004, Defendant Butler was notified by Autauga County Board of Education administrative personnel of an incident involving inappropriate sexual contact between Defendant Wright and one or more students at a school within the Autauga County Board of Education system.

28.     Upon learning the suspected child sexual abuse, Defendant Butler failed to report or caused to be reported a report of sexual abuse to a duly constituted authority as mandated by §26-14-3, Code of Alabama (1975).

29.     In addition, Defendant Butler failed to take any action regarding the report of prior sexual abuse of Defendant Wright.

30.     Between October 21, 2004 and October 29, 2004, Defendant Butler allowed Defendant Wright the opportunity to teach at all of the schools within the Autauga County Board of Education.

31.     On October 29, 2004, while Defendant Wright was acting as a substitute teacher at the Prattville Elementary School, he sexually abused the Plaintiffs and other students while in the classroom.

5

32. The Plaintiffs have a constitutional right to be free from unlawful sexual harassment and abuse in a school setting.

33. The sexual harassment inflicted upon the Plaintiffs included, but was not limited to, unwanted touching, rubbing and fondling, which was sufficiently severe to alter the conditions of their education and amounted to an unnecessary and wanton infliction of pain.

34. Butler's failure to take action to stop the sexual abuse constituted deliberate indifference to a known sexual environment to continue in violation of Plaintiff's constitutional rights.

WHEREFORE, Plaintiffs request damages in such a reasonable amount as a jury may assess and other relief granted to them under the law and their cost of this action.

## COUNT THREE

### Negligence and/or Wantonness

35. Plaintiffs reallege 1 through 34 of the Complaint as if set out here in full.

36. Defendant Butler negligently and wantonly caused injuries to the Plaintiffs by one or more of the following ways: 1) leaving Defendant Wright in a classroom setting with students; 2) leaving Defendant Wright's name on a substitute teachers list for other principals or employees with the Autauga County Board of Education to select him as a substitute teacher; and 3) by failing to report all prior instances pursuant to §26-14-3 Code of Alabama (1975).

37. As a proximate result of Defendant Butler's negligence and wantonness, Plaintiffs were injured and damaged as follows: they were humiliated, they were

embarrassed, they suffered physical and emotional trauma, they suffered stress and aggravation, they suffered severe emotional distress, they were deprived of educational opportunities and were unjustifiable and had restraints on their liberty and were otherwise injured and damaged.

WHEREFORE, the Plaintiffs request damages in a reasonable amount as a jury may assess and grant other relief to them under the law and their cost of this action.

## COUNT FOUR

### Negligent and Wanton Hiring and/or Retention

38. Plaintiffs reallege paragraphs 1 through 37 of the Complaint as if set out here in full.

39. Defendant Butler negligently or wantonly hired and/or retained Defendant Wright causing injuries to Plaintiffs as a proximate result of Defendant's negligence and wanton and/or retention, Plaintiffs were injured and damaged as set forth in paragraph 37 above.

40. Plaintiffs request damages in such a reasonable amount as a jury may assess and other relief granted to them under the law and their cost of this action.

WHEREFORE, Plaintiffs request damages in a reasonable amount as a jury may assess and other relief granted to them under the law and their cost of this action.

## COUNT FIVE

### Negligence and Wantonness

41. Plaintiffs reallege paragraphs 1 through 40 of the Complaint as if set out here in full.

42. Defendant Wright's negligent and wanton acts caused injuries to the Plaintiffs.

43. As a proximate result of Defendant Wright's negligence and wantonness, Plaintiffs were injured and damaged as set forth in paragraph 37 above.

WHEREFORE, Plaintiffs request damages in a reasonable amount as a jury may assess and other relief granted to them under the law and their cost of this action.

## COUNT SIX

### Assault and Battery

44. Plaintiffs reallege paragraphs 1 through 43 of the Complaint as if set out here in full.

45. Defendant Wright subjected Plaintiff's to unwanted touching.

46. As a proximate result of Defendant Wright's assault and battery on Plaintiffs, they were injured and damaged as set forth in paragraph 37 above.

WHEREFORE, Plaintiffs request damages in a reasonable amount as a jury may assess and other relief granted to them under the law and their cost of this action.

## COUNT SEVEN

### Outrage

47. Plaintiffs reallege paragraphs 1 through 46 of the Complaint as if set out here in full.

48. Defendant Wright outrageously and intentionally inflicted emotional distress upon Plaintiffs by subjecting them to abusive and harmful touching towards the Plaintiffs.

49. Defendant Wright caused Plaintiffs severe emotional distress by subjecting them to unwanted touching on their bodies.

50. The conduct described above was extreme, outrageous, and beyond the boundaries of decency in a civilized society and caused Plaintiffs to suffer emotional distress and as a proximate result of the outrageous conduct by Defendant Wright, Plaintiffs were injured and damaged as set forth in paragraph 37 above.

WHEREFORE, Plaintiffs request damages in a reasonable amount as a jury may assess and other relief granted to them under the law and their cost of this action.

## COUNT EIGHT

### Invasion of Privacy

51. Plaintiffs reallege paragraphs 1 through 50 of the Complaint as if set out here in full.

52. Defendant Wright intentionally intruded upon the solitude or seclusion of the Plaintiff's and their concerns.

53. The intrusion was highly offensive to the Plaintiffs.

54. Defendant Wright caused Plaintiffs emotional distress by intruding on their invasion of privacy.

55. As a proximate result on Defendant Wright's invasion of privacy on Plaintiffs, they were injured and damaged as set forth in paragraph 37 above.

WHEREFORE, Plaintiffs request damages in a reasonable amount as a jury may assess and other relief granted to them under the law and their cost of this action.

_____
MICHAEL J. CROW (CR039)
Attorney for Plaintiffs

OF COUNSEL:

BEASLEY, ALLEN, CROW,
METHVIN, PORTIS & MILES, P.C.
P.O. Box 4160
Montgomery, AL 36103-4160
(334) 269-2343

_____
ROBERT D. DRUMMOND (DRU004)
Attorney for Plaintiffs

OF COUNSEL:

Attorney at Law
323 De LaMare
Fairhope, AL 36532
(251) 990-6249

10