**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | |
|---|---|
| A.G., a minor child; D.A., a minor child; ) <br> A.L., a minor child; M.K., a minor child; ) <br> and M.H., a minor child;  ) <br> ) <br>     PLAINTIFFS,  ) <br> ) <br> VS.  ) <br> ) <br> AUTAUGA COUNTY BOARD OF  ) <br> EDUCATION, et al.,  ) <br> ) <br>     DEFENDANTS.  ) | CASE NO: 2:05-CV-1090-MEF |
| B.H., a minor child, by and through ) <br> his mother and next of friend, D.S.,  ) <br> ) <br>     PLAINTIFFS,  ) <br> ) <br> VS.  ) <br> ) <br> AUTAUGA COUNTY BOARD OF  ) <br> EDUCATION, et al.,  ) <br> ) <br>     DEFENDANTS.  ) | CASE NO: 2:06-cv-0393-MEF |

**DEFENDANT DENE CLEVELAND'S ANSWER TO**
**PLAINTIFFS B.H. AND D.S.'S FIRST AMENDED COMPLAINT**

COMES NOW the defendant Dene Cleveland and for answer to plaintiffs B.H. and D.S.'s First Amended Complaint states as follows:

1. The defendant pleads the general issue; denies all material averments of the Plaintiffs' Complaint except that Dene Cleveland was an educator employed in the public schools of the Autauga County Board of Education; and demands strict proof of all claims and allegations.

2. The First Amended Complaint has not been brought by proper parties in interest or real parties in interest. There being no proper plaintiff, this First Amended Complaint is a nullity.

3. The defendant says that she is innocent of the allegations made against her.

4. The defendant says that the First Amended Complaint fails to state a claim upon which relief can be granted.

5. The defendant pleads the defense of Eleventh Amendment immunity, stating that the plaintiffs' claims are barred by the Eleventh Amendment to the United States Constitution, and the defenses of sovereign immunity.

6. The defendant pleads the defense of qualified immunity.

7. The defendant denies that she deprived the plaintiffs of their constitutional rights.

8. The defendant denies that she deprived the plaintiff student of any constitutional rights.

9. The defendant states that *respondeat superior* does not apply.

10. The plaintiffs have claimed punitive damages. An award of punitive damages in this case would violate the United States Constitution and also the Alabama Constitution. The Plaintiffs' claim for punitive damages violates the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments of the United States Constitution, on the following grounds:

    a. Plaintiffs' claim of punitive damages violates the Due Process and

        Equal Protection Clauses of the Fifth and Fourteenth Amendments of the United States Constitution in that it imposes punitive damages, which are penal in nature, against a civil defendant which deprives the civil defendant of the same procedural safeguards afforded to criminal defendants; and

b. Plaintiffs' claim of punitive damages violates the defendants' right to due process pursuant to the Due Process Clause of the Fourteenth Amendment of the United States Constitution in that it fails to provide specific standards for the amount of an award of punitive damages; and

c. Plaintiffs' claim of punitive damages violates the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution in that it fails to provide a reasonable limit on the amount of an award of punitive damages; and

d. Plaintiffs' claim of punitive damages violates the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution in that it is unconstitutionally vague; and

e. Plaintiffs' claim of punitive damages violates the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution in that it constitutes a deprivation of property without due process of the law; and

f. Plaintiffs' claim of punitive damages violates the Due Process Clause

      of the Fifth and Fourteenth Amendments and the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution in that it permits the imposition of punitive damages in excess of the maximum criminal fine for the same or similar conduct; and

g.    Plaintiffs' claim of punitive damages violates the Eighth Amendment of the United States Constitution in that it constitutes an excessive fine as well as cruel and unusual punishment; and

h.    Plaintiffs' claim of punitive damages violates the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution in that it may result in an award of joint and several judgments against multiple defendants for different alleged acts of wrongdoing.

Further, based on both the Due Process Clause and the Eighth Amendment, on appeal, the constitutionality of an award of punitive damages is to reviewed using a *de novo* standard, since the jury's award of punitive damages does not constitute a finding of fact.

To the extent the Alabama Constitution is applicable, the plaintiffs' claim of punitive damages violates the Due Process Clause of the Alabama Constitution (1901), on the following grounds:

a.    Plaintiffs' claim for punitive damages would impose punitive damages, which are penal in nature, against civil defendants which would deprive the civil defendants of the same procedural safeguards afforded to

        criminal defendants; and

b.    Plaintiffs' claim for punitive damages fails to provide specific standards for the amount of an award of punitive damages; and

c.    Plaintiffs' claim for punitive damages fails to provide a reasonable limit on the amount of an award of punitive damages; and

d.    Plaintiffs' claim for punitive damages is unconstitutionally vague; and

e.    Plaintiffs' claim for punitive damages constitutes a deprivation of property without due process of the law; and

f.    Plaintiffs' claim for punitive damages permits the imposition of punitive damages in civil cases in excess of the maximum criminal fine established by Title 13 of the Alabama Code for the same or similar conduct.

Plaintiffs' claim for punitive damages violates Article I, § 15 of the Alabama Constitution (1901) in that it constitutes an excessive fine as well as cruel and unusual punishment.

Plaintiffs' claim of punitive damages violates Article I, § 10, Clause 1 of the United States Constitution and Article I, § 22 of the Alabama Constitution (1901) in that it violates the prohibition against laws that impair the obligations of contracts.

Plaintiffs' claim of punitive damages constitutes an unreasonable and excessive award in that it bears no reasonable relationship to any harm the plaintiffs allegedly suffered as a result of the defendants' conduct or any harm that actually occurred to the plaintiffs.

Plaintiffs' claim of punitive damages is subject to the "clear and convincing" and "substantial evidence" standards of proof contained in Alabama Code § 6-11-20(4) (1975) pursuant to the Due Process Clause of the Alabama Constitution (1901).

11. To the extent the plaintiffs claim the defendant has lost Eleventh Amendment immunity due to acceptance of federal funds (such as arguing a contractual relinquishment of Eleventh Amendment immunity), the defendant says that her loss of immunity and, hence, her total possible liability here, would be the consideration given by the federal government, namely the amount of federal funds received by the Autauga County Schools, the only federal funds recipient among all the parties.

12. Insofar as the plaintiffs make a claim for attorneys' fees as the prevailing party, the defendant serves notice that she, too, intends to seek attorneys' fees, should she, or any defendant, be the prevailing party in this litigation.

13. The defendant pleads the defense of statutory immunity, both federal and state.

14. The defendant pleads the defenses of sovereign immunity, state-agent immunity, discretionary function immunity and school masters' immunity.

15. The defendant pleads the defense of criminal act of a third party.

16. The defendant pleads the plaintiffs have failed to exhaust administrative remedies and, as such, the state law claims are due to be dismissed.

17. The defendant pleads that the Court lacks State tort jurisdiction over this matter because the sole remedies of the plaintiffs are administrative.

18. This defendant stands *in loco parentis* to the minor plaintiff and, as such, the proper burden of proof of against her is by clear and convincing evidence, not any other standard.

19. The defendant pleads parental immunity because she stands *in loco parentis* of the plaintiff student.

20. The defendant denies the existence of a duty.

21. The defendant denies the breach of any duty.

22. The defendant denies any breach of professional duty.

23. The defendant denies that any action or inaction by her caused or contributed to cause the injuries complained of.

24. The defendant pleads the defense of sufficient intervening cause.

25. The defendant pleads the defense of lack of proximate cause.

26. The defendant pleads privilege.

27. The defendant pleads conditional privilege.

28. The defendant pleads statutory privilege.

29. The defendant pleads the defense of lack of notice and, further, the defenses of laches, waivers and estoppel.

30. The defendant says the plaintiffs have failed to mitigate damages.

31. The defendant reserves the right to add further defenses as they become known to her.

The defendant specifically reserves the right to file a Motion to Dismiss the State tort claims against her, and hereby give notice that she intends to file such.

>Respectfully submitted,
>
>*s/Mark S. Boardman*
>Mark S. Boardman (ASB-8572-B65M)
>*E-mail:* [mboardman@boardmancarr.com](mailto:mboardman@boardmancarr.com)
>Katherine C. Hortberg (ASB-5374-B34K)
>*E-mail:* [khortberg@boardmancarr.com](mailto:khortberg@boardmancarr.com)
>Counsel for the Autauga County Board of Education and Joseph L. Butler
>BOARDMAN, CARR & HUTCHESON, P.C.
>400 Boardman Drive
>Chelsea, Alabama 35043-8211
>Telephone: (205) 678-8000
>Facsimile: (205) 678-0000

**CERTIFICATE OF SERVICE**

      I hereby certify that I have on this **7th** day of **August, 2006**, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

| | |
|---|---|
| Michael J. Crow, Esq.<br>BEASLEY, ALLEN, CROW,<br>METHVIN, PORTIS & MILES, P.C.<br>P. O. Box 4160<br>Montgomery, Alabama 36103-4160 | Robert D. Drummond, Jr., Esq.<br>323 De La Mare Avenue<br>Fairhope, Alabama 36532<br><br>Mr. Terry Wright<br>1268 Plum Street<br>Prattville, AL 36066 |

                              *s/Katherine C. Hortberg*
                              OF COUNSEL