**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | |
|---|---|
| A.G., a minor child; D.A., a minor child; ) <br> A.L., a minor child; M.K., a minor child; ) <br> and M.H., a minor child; ) <br> ) <br> PLAINTIFFS, ) <br> ) <br> VS. ) <br> ) <br> AUTAUGA COUNTY BOARD OF ) <br> EDUCATION, et al., ) <br> ) <br> DEFENDANTS. ) | CASE NO: 2:05-CV-1090-MEF |
| _____ | |
| B.H., a minor child, by and through his ) <br> mother and next of friend, D.S., ) <br> ) <br> PLAINTIFFS, ) <br> ) <br> VS. ) <br> ) <br> AUTAUGA COUNTY BOARD OF ) <br> EDUCATION, et al., ) <br> ) <br> DEFENDANTS. ) | CASE NO: 2:06-cv-0393-MEF |

**DEFENDANTS AUTAUGA COUNTY BOARD OF EDUCATION, JOSEPH L. BUTLER AND DENE CLEVELAND'S RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL THE DEPOSITION OF JIM ABRAHAM**

COME NOW Defendants Autauga County Board of Education, Joseph L. Butler and Dene Cleveland and provide the following response in opposition to plaintiffs' motion to compel the deposition of non-party Jim Abraham:

1.      Non-party Autauga County Board of Education employee Jim Abraham's

deposition was originally noticed for August 16, 2006, the same day as the depositions of three plaintiffs and another non-party, Angel Garrett.

2.      Counsel for the parties had previously discussed securing two days back to back for these depositions; however, plaintiffs' attorney, Rick Drummond said that all five depositions could occur on one day, and thus, only August 16th was set aside for depositions by the parties.

3.      After leaving her house in Birmingham at 7:00 a.m., the undersigned began the deposition of the plaintiff student and her parents in Montgomery at 9:00 a.m. on August 16, 2006.

4.      After the plaintiffs' depositions were concluded at approximately 12:00 p.m., the parties agreed to meet in Prattville to begin the depositions of Angel Garrett and Jim Abraham at 1:00 p.m.

5.      Before the parties began the 1:00 deposition, the plaintiffs' attorneys disputed the presence of Mr. Abraham at Ms. Garrett's deposition.

6.      Plaintiffs' counsel then insisted that the Court be called, and a resolution to the matter occurred around 4:30 p.m.

7.      At approximately 4:45 p.m.,[1] the plaintiffs' attorneys began Ms. Garrett's deposition.

8.      Ms. Garrett's deposition lasted until after 10:00 p.m.

---

[1] All times in regard to Angel Garrett's deposition on August 16, 2006 are approximate since the undersigned has not yet received the deposition transcript.

9. Neither Ms. Garrett, counsel nor the parties had dinner during that time.

10. After plaintiffs' attorney Mike Crow said that he was close to finishing the deposition of Ms. Garrett and requested a short break, plaintiffs' counsel Rick Drummond requested that the undersigned contact Jim Abraham so that his deposition could begin upon the conclusion of Ms. Garrett's.

11. The undersigned informed Mr. Drummond that she would not be able to continue that night since she had been in depositions since 9:00 a.m., had been awake since 5:30 a.m. and had not eaten in over ten hours.

12. Contrary to the comments by his co-counsel that Ms. Garrett's deposition was close to complete, Mr. Drummond then threatened that Ms. Garrett's deposition could last all night if the defendants did not make Mr. Abraham available that night or at 8:00 a.m. the next morning.

13. Mr. Drummond also offered a one hour break so that counsel could eat and Mr. Abraham's deposition could begin at 11:00 p.m.

14. The undersigned once again informed Mr. Drummond that she could not continue that night and she was not aware of her schedule for the next day, since it was not a day set aside for depositions in this case.

15. The undersigned then spoke with her office and determined that neither she nor Mark Boardman was available for depositions the next day.

16. Despite Mr. Drummond's threat, Ms. Garrett's deposition was concluded in short order by Mr. Crow.

17. On August 17th, plaintiffs' counsel sent a written request that Mr. Abraham's deposition be taken either the next day, Friday, August 18th, or Saturday, August 19th.

18. The undersigned responded by stating that the defendants were not available either of those days, but other dates were suggested, and September 7th was the agreed upon date.

19. The comments and actions during the last two to three hours of Angel Garrett's deposition by the plaintiffs' attorneys were unprofessional and amounted to bullying tactics.

20. In light of these tactics, and since the plaintiffs' attorneys insist that both of them be present at the depositions of the defendants and non-parties and on all phone calls with the undersigned, the defendants determined that the senior attorney was needed at the next depositions of the individual defendants and non-party Board employees.

21. Immediately upon becoming aware of two conflicts on September 7th, defendants' counsel notified plaintiffs' counsel and suggested an alternative date, September 20, 2006.

22. The date of September 20th was suggested because plaintiffs' counsel had previously given several dates in September when they were not available for depositions, but the 20th was not one of them.

23. Taking Mr. Abraham's deposition on September 20th still allows the plaintiffs to keep the order of the depositions as they originally noticed them, since there are nine additional depositions of defendants and non-party Board employees set for September 28, October 2 and October 5, 2006.

24. Plaintiffs are not prejudiced in any way by Mr. Abraham's deposition occurring on September 20th instead of September 7th.

25. Furthermore, the discovery cutoff in this case is not until April 12, 2007, over seven months away.

26. Plaintiffs' counsel has already taken three depositions, with ten more scheduled.

27. Thus, they have ample time to take any additional depositions after October 5, 2006.

28. Based on the above, plaintiffs have not offered any substantial reason that Mr. Abraham should be compelled to appear for his deposition on September 7, 2006.

WHEREFORE, PREMISES CONSIDERED, Defendants Autauga County Board of Education, Joseph L. Butler and Dene Cleveland respectfully object to plaintiffs' motion to compel the deposition of Jim Abraham for September 7, 2006 and request that it be denied.

Respectfully submitted,
*s/Katherine C. Hortberg*
Mark S. Boardman (ASB-8572-B65M)
*E-mail: mboardman@boardmancarr.com*
Katherine C. Hortberg (ASB-5374-B34K)
*E-mail: khortberg@boardmancarr.com*
Counsel for the Autauga County Board of Education, Joseph L. Butler and Dene Cleveland
BOARDMAN, CARR & HUTCHESON, P.C.
400 Boardman Drive
Chelsea, Alabama 35043-8211
Telephone: (205) 678-8000
Facsimile: (205) 678-0000

**CERTIFICATE OF SERVICE**

    I hereby certify that I have on this **30th** day of **August, 2006**, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Michael J. Crow, Esq.  
BEASLEY, ALLEN, CROW, METHVIN,  
PORTIS & MILES, P.C.  
P. O. Box 4160  
Montgomery, Alabama 36103-4160

Robert D. Drummond, Jr., Esq.  
323 De La Mare Avenue  
Fairhope, Alabama 36532

Mr. Terry Wright  
1268 Plum Street  
Prattville, AL 36066

                *s/Katherine C. Hortberg*  
                OF COUNSEL