IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| A.G., a minor child; D.A., a minor child; A.L., a minor child; M.K., a minor child; and M.H., a minor child;  )<br>)<br>PLAINTIFFS, )<br>)<br>VS. )<br>)<br>AUTAUGA COUNTY BOARD OF )<br>EDUCATION, et al., )<br>)<br>DEFENDANTS. ) | CASE NO: 2:05-CV-1090-MEF |

_____

| | |
|---|---|
| B.H., a minor child, by and through his mother and next of friend, D.S., )<br>)<br>PLAINTIFFS, )<br>)<br>VS. )<br>)<br>AUTAUGA COUNTY BOARD OF )<br>EDUCATION, et al., )<br>)<br>DEFENDANTS. ) | CASE NO: 2:06-cv-0393-MEF |

**DEFENDANTS AUTAUGA COUNTY BOARD OF EDUCATION, JOSEPH L. BUTLER AND DENE CLEVELAND'S RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION FOR PROTECTIVE ORDER**

COME NOW Defendants Autauga County Board of Education, Joseph L. Butler and Dene Cleveland and provide the following response in opposition to plaintiffs' Motion for Protective Order:

1.  Plaintiffs' motion requests that the Court enter a Protective Order prohibiting

any Autauga County Board of Education employee from attending the deposition of any other Board employee's deposition, unless the employee is specifically designated as the Board's representative.

2.  The only explanation given for this request is "the nature of the relationship between the deponent, future deponents and the Defendants imposed an unreasonable oppressive burden on the Plaintiffs in their efforts to secure testimony absent collusion, collaboration, or coordination." (Plaintiffs' motion, ¶ 1)

3.  Plaintiffs have failed to offer any evidentiary support for their position.

4.  FRCP 30(c) states that "[e]xamination and cross-examination of witnesses may proceed as permitted at the trial under the provisions of the Federal Rules of Evidence except Rules 103 and 615."

5.  The Advisory Committee Notes to the 1993 Amendment explain that the 1993 revision exempted FRE 615 from Rule 30(c) in order to address "a recurring problem as to whether other potential deponents [could] attend a deposition. Courts had disagreed, some holding that witnesses should be excluded through invocation of Rule 615 of the evidence rules, and others holding that witnesses may attend unless excluded by an order under Rule 26(c)(5)." FRCP 30(c) 1993 Advisory Committee Notes.

6.  The Committee Notes go on to state that a non-party witness can be ordered sequestered by the court upon a valid Rule 26(c)(5) motion for protective order prior to the taking of the depositions.

7. FRCP 26(c) only allows the court to grant a protective order for good cause shown ...[and] which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense.

8. Plaintiffs did not meet this standard in their motion.

9. Rule 26(c)'s requirement of a showing of good cause to support the issuance of a protective order indicates that "[t]he burden is upon the movant to show the necessity of its issuance, which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." *United States v. Garrett*, 571 F.2d 1323, 1326 n.3 (5th Cir. 1978).[1]

10. The entry of the protective order to exclude Board employees from other Board employees' depositions is unsupported by a "particular and specific demonstration of fact."

11. *Moore's Federal Practice- Civil* § 26.105 discusses that parties may be excluded from depositions only in extraordinary circumstances. This section goes on to state that "A simple assertion that the testimony of one witness may 'taint' that of another is generally an insufficient reason for barring the attendance of one fact witness from the deposition of another."

12. Plaintiffs have made exactly that simple assertion - that the testimony of one Autauga County Board of Education employee will taint the testimony of another Board

---

[1] *Bonner v. City of Prichard,* 661 F.2d 1206 (11th Cir. 1981), established that the decisions of the Fifth Circuit prior to September 30, 1981 are binding as precedent in the Eleventh Circuit, the district courts and the bankruptcy courts in the circuit.

3

employee.

13.     In *BCI Communication System, Inc. v. Bell Atlanticom Systems, Inc.*, 112 F.R.D. 154 (N.D. Ala., N.E. Div. 1986), the Court considered a protective order entered to exclude employees of the defendants from depositions.

14.     The grounds for the exclusion of non-party employee witnesses of a defendant in that case, which is the same argument made by the plaintiffs here, were that it would prevent the employees from hearing or being exposed to deponents' testimony, thereby preventing collusion or fabrication of testimony by the prospective future witnesses. *Id.* at 155.

15.     The defendants also argued, as the plaintiffs have here, that recollection of verbal representations made by employees is a key element of the case. *Id.*

16.     Even though the *BCI* case was decided before the 1993 amendment, the Court still used the same proposition that F.R.E. 615 does not apply to the taking of depositions and F.R.C.P. 26(c) permits the Court upon proper showing to exclude a party from the deposition. *Id.* at 157.

17.     The *ECI* Court held that the facts alleged by the defendants in their motion for protective order as constituting good cause "do not impress that Court as being anything more than ordinary garden variety or boilerplate 'good cause' facts which will exist in most civil litigation." *Id.* at 160.

18.     Thus, the Court concluded that there existed no compelling or exceptional

circumstances to warrant a finding of good cause as required by F.R.C.P. 26(c)(5).  *Id.*

19.   The same conclusion should be reached here.

20.   Plaintiffs failed to present anything more than "boilerplate good cause facts" which exist in most civil litigation.

21.   The defendants respectfully request that this Court deny the Plaintiffs' motion for protective order and allow non-party employee witnesses to attend depositions of other non-party employees or defendants in this matter.

WHEREFORE, PREMISES CONSIDERED, Defendants Autauga County Board of Education, Joseph L. Butler and Dene Cleveland respectfully oppose plaintiffs' motion for protective order and request that it be denied.

Respectfully submitted,

*s/Katherine C. Hortberg*
Mark S. Boardman (ASB-8572-B65M)
*E-mail:  mboardman@boardmancarr.com*
Katherine C. Hortberg (ASB-5374-B34K)
*E-mail:  khortberg@boardmancarr.com*
Counsel for  the Autauga County Board of Education, Joseph L. Butler and Dene Cleveland
BOARDMAN, CARR & HUTCHESON, P.C.
400 Boardman Drive
Chelsea, Alabama 35043-8211
Telephone:  (205) 678-8000
Facsimile:  (205) 678-0000

## **CERTIFICATE OF SERVICE**

I hereby certify that I have on this **25th** day of **September, 2006**, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Michael J. Crow, Esq.
BEASLEY, ALLEN, CROW, METHVIN,
PORTIS & MILES, P.C.
P. O. Box 4160
Montgomery, Alabama 36103-4160

Robert D. Drummond, Jr., Esq.
323 De La Mare Avenue
Fairhope, Alabama 36532

Mr. Terry Wright
1268 Plum Street
Prattville, AL 36066


*s/Katherine C. Hortberg*
OF COUNSEL