IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| A.G., a minor child; D.A., a minor child; A.L., a minor child; M.K., a minor child; and M.H., a minor child; | ) ) ) ) | |
| PLAINTIFFS, | ) ) ) | CASE NO: 2:05-CV-1090-MEF |
| VS. | ) ) | |
| AUTAUGA COUNTY BOARD OF EDUCATION, et al., | ) ) ) | |
| DEFENDANTS. | ) | |

_____

| | | |
|---|---|---|
| B.H., a minor child, by and through his mother and next of friend, D.S., | ) ) ) | |
| PLAINTIFFS, | ) ) | |
| VS. | ) ) | CASE NO: 2:06-cv-0393-MEF |
| AUTAUGA COUNTY BOARD OF EDUCATION, et al., | ) ) ) | |
| DEFENDANTS. | ) | |

**AUTAUGA COUNTY BOARD OF EDUCATION, JOSEPH L. BUTLER AND DENE CLEVELAND'S RESPONSE TO PLAINTIFFS' MOTION TO COMPEL**

COME NOW Defendants Autauga County Board of Education, Joseph L. Butler and Dene Cleveland and respectfully provide the following response to plaintiffs' motion to compel:

1. On September 14, 2006, plaintiffs issued their subpoenas to Angel Garrett and James

Abraham.[1]

2.  Both subpoenas commanded the non-parties[2] to:

    Produce a copy of your deposition transcript with the names of any minor children redacted, which you gave in a case styled Jane Doe, et al. v. Autauga County Board of Education, et al., Case No.:2:04-CV-1155-F, whcih [sic] is currently pending in the United States District Court for the Middle District of Alabama.

3.  This production was to be made by October 5, 2006, according to the subpoenas.

4.  An objection was timely made, pursuant to Federal Rule of Civil Procedure 45(c)(2)(B).

5.  Rule 45(c)(3)(a) allows a Court to quash a subpoena if the subpoena requires the disclosure of privileged or other protected matter and no exception or waiver applies.

6.  On October 6, 2006, plaintiffs served their sixth request for production of documents to Defendants Autauga County Board of Education, Joseph L. Butler and Dene Cleveland.

7.  These requests for production asked the individual defendants to produce copies of their depositions from the *Jane Doe* case, among other items.

8.  The defendants timely objected to those two requests, but produced documents or responses to the remaining requests.

---

[1] Defendants assume plaintiffs made a typographical error in their motion to compel when they state that they issued these subpoenas on September 14, 2004, since this case had not been filed as of that date.

[2] Plaintiffs assert that both James Abraham and Angel Garrett were parties in the *Jane Doe* case in paragraph 1 of their motion. However, only James Abraham is a defendant in that matter.

9. This Court entered two Protective Orders entered in the *Jane Doe* case (2:04-CV-1155-F). (See attached Exhibits 1 and 2)

10. The first Protective Order, dated May 3, 2005, and titled "Revised Protective Order," declares as "Confidential Discovery Material" all depositions taken in the *Jane Doe* case which are designated as confidential by the producing party.

11. All depositions taken in the *Jane Doe* case, including those of Angel Garrett, James Abraham, Joseph L. Butler and Dene Cleveland, were designated as "Confidential Discovery Material" by the parties, were produced under seal by the court reporters, and were stamped "confidential" and filed under seal with this Court when submitted as evidence.

12. The Revised Protective Order states that "Confidential Discovery Material shall be used **only for the prosecution or defense of this action** or any appeal therefrom, **and for no other purpose. Confidential Discovery Material may be disclosed only under the circumstances and to the persons specifically provided for in this Protective Order or in subsequent court orders**." (¶ 6) (emphasis added)

13. The Revised Protective Order set out the people to whom confidential discovery materials may be disclosed, and attorneys and parties in another case are not listed. (See ¶ 7)

14. The Autauga County Board of Education and its employees would be in violation of the Revised Protective Order if they were to provide copies of the depositions since the Order prohibits the disclosure of any confidential discovery material or the content thereof to

anyone other than those who are entitled to receive such material as set forth in the Order.[3] (¶ 10)

15. The Revised Protective Order also declares that an objection shall be made to any subpoena for confidential discovery material and the party shall decline to produce such documents. (¶ 16)

16. The second Protective Order in the *Jane Doe* case, dated January 25, 2006, and titled "Protective Order Regarding Identification of Minor Students," designates documents in which the Autuaga County Board of Education and any employee or former employee disclose the identification of minors to be confidential and states that all such information shall be treated as such.

17. The second Protective Order goes on to state that "Any information concerning said students shall be used only in connection with [the *Jane Doe*] case and may not be disclosed wholly, in part or in substance to persons not parties to this action, except those provided in the previously entered Order." (¶ 5)

18. Clearly, pursuant to the two Protective Orders entered in the *Jane Doe* case, the deposition transcripts of Angel Garrett, James Abraham, Joseph L. Butler and Dene

---

[3] Plaintiffs assert in paragraph 4 of their motion to compel that they understood the undersigned to say, that absent an order from the Court, defendants would not comply with the subpoenas or request for production. The undersigned actually stated during that conference call what is stated in paragraph 15 of this response, that the defendants would be in violation of the protective orders entered in the *Jane Doe* case by producing the requested documents, and thus, they would not produce them.

Cleveland from the *Jane Doe* case are "Confidential Discovery Materials" and cannot be produced to the plaintiffs or their attorneys in this case.

19. Furthermore, the defendants point out to this Court that the plaintiffs in this case have taken the deposition testimony of all four educators - Garrett, Abraham, Butler & Cleveland. Plaintiffs have not provided any case law support for their position that they are entitled to deposition transcripts from another case brought by anonymous minors and their parents.

20. Therefore, the plaintiffs' motion to compel is due to be denied.

WHEREFORE, PREMISES CONSIDERED, Autauga County Board of Education, Joseph L. Butler and Dene Cleveland respectfully respond to plaintiffs' motion to compel and request that this Court deny the same.

>Respectfully submitted,
>*s/Katherine C. Hortberg*
>Mark S. Boardman (ASB-8572-B65M)
>*E-mail: mboardman@boardmancarr.com*
>Katherine C. Hortberg (ASB-5374-B34K)
>*E-mail: khortberg@boardmancarr.com*
>Counsel for the Autauga County Board of Education, Joseph L. Butler and Dene Cleveland
>BOARDMAN, CARR & HUTCHESON, P.C.
>400 Boardman Drive
>Chelsea, Alabama 35043-8211
>Telephone: (205) 678-8000
>Facsimile: (205) 678-0000

## CERTIFICATE OF SERVICE

I hereby certify that I have on this **28th** day of **November, 2006**, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Michael J. Crow, Esq.
BEASLEY, ALLEN, CROW, METHVIN,
PORTIS & MILES, P.C.
P. O. Box 4160
Montgomery, Alabama 36103-4160

Robert D. Drummond, Jr., Esq.
323 De La Mare Avenue
Fairhope, Alabama 36532

Mr. Terry C. Wright, AIS 247561
Limestone Correctional Facility, Dorm 16
28779 Nick Davis Road
Harvest, AL 35749-7009


*s/Katherine C. Hortberg*
OF COUNSEL