

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

JANE DOE 1, et al.,                    *
                                       *
        Plaintiffs                     *
                                       *
v.                                     *        CASE NO. 2:04-CV-1155-F
                                       *
AUTAUGA COUNTY BOARD OF                *
EDUCATION, et al.,                     *
                                       *
        Defendants                     *

---

## REVISED PROTECTIVE ORDER

---

Upon consideration of defendants' objection to the court's protective order (Doc. #

28) and the subsequent filings by the parties (Docs. ## 29, 30, 31), it is

ORDERED that the Protective Order entered by the court on April 13, 2005 is

VACATED.

It is further ORDERED that:

1.      This Revised Protective Order governs the treatment of documents,

        depositions and deposition exhibits, interrogatory answers, responses to

        requests to admit and other written, recorded or graphic matter ("discovery

        material") produced by or obtained from any party or non-party (the

        "producing person") in this action that is designated confidential by the

        producing person in accordance with the procedures set forth below.

2.      All discovery material exchanged between the parties which includes the name

Case 2:04-cv-01155-MEF-SRW    Document 33-2    Filed 05/11/2005    Page 2 of 6

or any other identifying information regarding the minor Plaintiffs and/or their mothers shall be designated as "Confidential."

3.     Any confidential discovery material that is filed with the Court, and any pleading, motion or other paper filed with the Court disclosing any confidential discovery material, shall be filed under seal.

4.     Any producing person may designate as "Confidential" any discovery material that the producing person believes in good faith contains information of a non-public nature that is considered by the producing person to be commercially or personally sensitive or proprietary. All discovery materials designated as "Confidential" and all information derived therefrom shall be referred to in this Protective Order as "Confidential Discovery Material" and shall be handled in strict accordance with the terms and conditions of this Protective Order.

5.     A document containing confidential discovery material shall be designated by marking or stamping it "Confidential." With respect to multi-page documents that contain "Confidential" information, the designation shall be made by marking those pages that contain Confidential Discovery Material.

6.     Confidential Discovery Material shall be used only for the prosecution or defense of this action or any appeal therefrom, and for no other purpose. Confidential Discovery Material may be disclosed only under the circumstances and to the persons specifically provided for in this Protective order or in subsequent court orders.

7.    Confidential Discovery Material shall not be disclosed to anyone other than the following persons:

    a.    The parties to these proceedings; provided, however, that where a party is a corporation or other entity, Confidential Discovery Material may be disclosed only to such party's officers, directors, employees, and partners, including insurers, structured settlement firms, health insurers who may have an interest in the outcome of this case, risk managers, and risk management cooperative of the parties (and contractors or employees of such) who are actively involved in preparing for and conducting the litigation or settlement negotiations in these proceedings or who authored, received or otherwise were involved in the substance of these matters set forth in the Confidential Discovery Material;

    b.    Inside and outside counsel to the parties to these proceedings, including partners, associates, secretaries, paralegal assistants and employees of such counsel actively involved in preparing for and conducting the litigation;

    c.    Court officials involved in this proceeding,

    d.    Court reporting personnel involved in taking or transcribing testimony in these proceedings,

8.    Each attorney bears full responsibility for explaining compliance with this Order to the persons with whom the attorney discloses "not public" information.

9.    All persons receiving Confidential Discovery Material shall take all steps reasonably necessary to prevent the disclosure of Confidential Discovery Material, and specifically the name or any other identifying information regarding the minor Plaintiffs and/or their mothers, to anyone other than the persons identified in this Protective Order.

Case 2:04-cv-01155-M_F-SRW     Document 33     Filed 05/_ 2005     Page 4 of 6

10.    The persons set forth above in paragraph 8 shall not disclose any Confidential Discovery Material or the content thereof to anyone other than those who are entitled to receive such material as set forth herein.

11.    Inadvertent production of any information, document or thing without its being marked "Confidential" shall not itself be deemed a waiver of any claim of confidentiality as to such matter, and the same may thereafter be corrected by supplemental written notice.

12.    This Protective Order shall not otherwise limit the right of a producing person to use or disclose that producing person's Confidential Discovery Material.

13.    Any party receiving Confidential Discovery Material shall have the right to challenge any designation of confidentiality by the producing party by seeking an order of the Court with respect to any information, document or thing designated as "Confidential." All parties receiving such materials or information shall respect the propriety of the designation during the pendency of such motion. The producing person shall have the burden of establishing the confidential status of the challenged material. The parties agree that before seeking any relief from the Court under this paragraph, they will make a good faith effort to resolve any disputes concerning the confidential treatment of any such material.

14.    After the termination of this proceeding, this Protective Order shall continue to be binding upon the parties hereto, and upon all persons to whom

Case 2:04-cv-01155-f  .F-SRW     Document 33     Filed 05/ 2005     Page 5 of 6

Confidential Discovery Material has been disclosed or communicated, and this Court shall retain jurisdiction over the parties for enforcement of the provisions of this Protective Order.

15.    Within 45 days after the conclusion of this litigation, all Confidential Discovery Material supplied by a producing party and all copies thereof (including, without limitation, copies provided to testifying or consulting experts) shall be returned to the producing party or, in the alternative, destroyed and certified to the producing party to have been destroyed. This directive shall not apply to any items produced to and filed with any federal court.

16.    If any person receiving documents covered by this Protective Order is subpoenaed in another action, served with a demand in another action to which it is a party, or served with any other legal process by a person not a party to this litigation seeking Confidential Discovery Material produced in this action by someone other than the receiving person, the receiving person shall give prompt actual written notice by hand or telefax and in no event later than 48 hours after the receipt of such subpoena, demand or legal process, to the person or persons who produced the Confidential Discovery Material and shall object and decline to produce the material unless otherwise ordered by a court. Nothing herein shall be construed as requiring anyone covered by this Protective Order to challenge or appeal any order requiring production of

Confidential Discovery Material, to subject itself to any penalties for noncompliance with any legal process or order, or to seek relief from this Court.

17.     The provisions of this Order shall not affect the admissibility of evidence at trial or any preliminary evidentiary proceeding in open court, except as directed by separate order entered for good cause shown, nor shall it govern the conduct of the parties during trial, including, but not limited to, the way the parties will be named and addressed during trial. The provisions of this Order directing the production of records and the disclosure of information about students in response to discovery relate only to the confidentiality rights and privacy rights of parties to this litigation and nonparty minors and students. This Order shall not be construed as overruling any objections to production or use of such records raised by the parties on other grounds.

18.     The Plaintiffs shall file under seal, on or before May 9, 2005, a notice identifying all of the plaintiffs in this action and shall serve a copy of the notice (designated "Confidential") upon counsel for the defendants.

DONE, this 3rd day of May, 2005.


                              /s/ Susan Russ Walker
                              SUSAN RUSS WALKER
                              UNITED STATES MAGISTRATE JUDGE