THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA,
NORTHERN DIVISION

| | |
|---|---|
| A.G., a minor child, by and through her mother and next of friend, K.C.; D.A., a minor child, by and through her mother and next of friend, B.A.; A.L., a minor child, by and through her mother and next of friend, C.T.; M.K., a minor child, by and through her mother and next of friend, K.K.; and M.H., a minor child, by and through her mother and next of friend, B.H.,<br><br>    Plaintiffs,<br><br>v.<br><br>AUTAUGA COUNTY BOARD OF EDUCATION; JOSEPH L. BUTLER; DENE CLEVELAND and TERRY WRIGHT,<br><br>    Defendants. | CASE NO.: 2:05-CV-1090-MEF |
| B.H., a minor child, by and through his mother and next of friend, D.S.,<br><br>    Plaintiffs,<br><br>v.<br><br>AUTAUGA COUNTY BOARD OF EDUCATION; JOSEPH L. BUTLER; DENE CLEVELAND and TERRY WRIGHT,<br><br>    Defendants. | CASE NO.: 2:06cv393-SRW |

## PLAINTIFF'S OPPOSITION TO FILING UNDER SEAL

Plaintiffs A.G., D.A., A.L., M.K., M.H., and B.H. request the Court to deny Defendants request to file a motion for summary judgment under seal. The Defendants argue state that filing a motion for summary judgment under seal is necessary to protect the identity of persons who are named in this action. For the reasons setout below, we disagree.

As per the Protective Order issued on May 8, 2006 by this Court, "all …filings with the Court by any party should reference the plaintiffs as they are designated in the style to this action". The Protective Order also states that "any filing with attached deposition transcript (or portions thereof) **in which the identities of the minor plaintiffs are disclosed** ….shall be filed under seal." (emphasis added). If the plaintiffs are referenced in the Defendant's motion for summary judgment as they are in the style of this action, their identities are not disclosed. Therefore, if the Defendants attach redacted portions of the depositions to its motion, rather than versions in which the full names of the plaintiffs appear, there is no reason to file the motion under seal because there is nothing to protect.

Furthermore, the protective order deals with the confidentiality rights of the parties in the discovery proceedings in the subject case. A motion for summary judgment, however, is a dispositive motion and rises to a different level than that of a discovery matter. Since dispositive motions assist the court in determining the substantive rights of the parties, any deposition transcripts or "documents filed as part of a dispositive motion, such as a summary judgment motion, would also then assist the court in determining the parties' substantive rights, serve as a substitute for trial, and render those discovery documents '**judicial**'." (See In re Estate of Martin Luther King, Jr., Inc. v. CBS, 184 F.Supp.2d 1353 quoting In re Policy Management Sys. Corp., 67 F.3d 296, (1995). (emphasis added)).

The "courts have long recognized the public's right to inspect and copy **judicial** records." (See In re Estate of Martin Luther King, Jr., Inc. v. CBS, 184

F.Supp.2d 1353 quoting <u>Chicago Tribune Co.</u>, 263 F.3d at 1311 quoting <u>Landmark Communications, Inc. v Virginia,</u> 435 U.S. 829 (1978). (emphasis added)). This common-law right of access is balanced with the confidentiality rights of the parties. In the subject case, the confidentiality rights of the parties is protected by following this Court's order to reference the plaintiffs in all filings by their initials as in the style of this case. The public has a right to be informed about the matters involved in this case since those matters deal with the administration of public schools and the allegations of misconduct by a substitute teacher. There is no good cause to seal these pleadings from the public view as it would be against public policy and the common-law right of access to judicial records to do so.

WHEREFORE, Plaintiff requests the Court to deny Defendant's request to file a motion for summary judgment and attached exhibits under seal.

In the alternative, the Court may Order only the attached deposition excerpt exhibits be filed under seal to satisfy the Defendants concerns of minors names being made a public record

    /s/Michael J. Crow
MICHAEL J. CROW (CR039)
Attorney for Plaintiffs

OF COUNSEL:

BEASLEY, ALLEN, CROW,
METHVIN, PORTIS & MILES, P.C.
P.O. Box 4160
Montgomery, AL 36103-4160
(334) 269-2343

       /s/Robert D. Drummond
       ROBERT D. DRUMMOND (DRU004)
       Attorney for Plaintiffs

OF COUNSEL:

Attorney at Law
323 De LaMare
Fairhope, AL 36532
(251) 990-6249

## **CERTIFICATE OF SERVICE**

  I hereby certify that I have served a copy of the foregoing upon all counsel of record listed below by placing a copy of the same in the U.S. Mail, first class postage prepaid, on this the ___ day of January, 2007.

              /s/Michael J. Crow
              OF COUNSEL

Terry Wright
Autauga County Jail
160 W. 4th Street
Prattville, Alabama 36067

Katherine Hortberg
Mark Boardman
Boardman, Carr, Reed, Hutcheson
Post Office Box 382886
Chelsea, Alabama 35238-2886