**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | |
|---|---|
| A.G., a minor child; D.A., a minor child; A.L., a minor child; M.K., a minor child; and M.H., a minor child;  )<br>)<br>PLAINTIFFS,  )<br>)<br>VS.  )<br>)<br>AUTAUGA COUNTY BOARD OF EDUCATION, et al.,  )<br>)<br>DEFENDANTS.  ) | CASE NO: 2:05-CV-1090-MEF |
| B.H., a minor child, by and through his mother and next of friend, D.S.,  )<br>)<br>PLAINTIFFS,  )<br>)<br>VS.  )<br>)<br>AUTAUGA COUNTY BOARD OF EDUCATION, et al.,  )<br>)<br>DEFENDANTS.  ) | CASE NO: 2:06-cv-0393-MEF |

**DEFENDANTS' REPLY TO PLAINTIFFS' OPPOSITION TO THEIR MOTION
FOR FILING MOTION FOR SUMMARY JUDGMENT,
BRIEFS AND EXHIBITS UNDER SEAL**

COME NOW the Defendants Autauga County Board of Education, Joseph L. Butler and Dene Cleveland, and provide the following reply to plaintiffs' opposition to their Motion to file under seal their Motion for Summary Judgment, supporting Brief and exhibits, as well as any Reply Brief to any Response filed by plaintiffs. In further support of this reply, the defendants state as follows:

1. Plaintiffs argue that the parties should attach redacted portions of depositions in support of their motion for summary judgment and any responsive briefs, while using the initials of the plaintiffs throughout their motions and briefs.

2. This case was brought by the six minor plaintiffs and six adult plaintiffs anonymously because of the sensitive nature of their allegations.

3. To use the initials of these twelve plaintiffs throughout the motion for summary judgment, narrative statement of undisputed facts, brief and any responsive briefs would be confusing. Some of the plaintiffs have similar initials, i.e., A.G. and A.L.; and M.H. and M.K.

4. By the time the defendants file their motion for summary judgment, forty-one depositions will have been taken in these cases.

5. The defendants expect they will attach the entire transcripts of the depositions of all of the plaintiffs and a majority of the remaining twenty-nine deponents.

6. Clearly, it would be extremely burdensome on the parties and confusing to the readers of the filings to redact the names of these twelve plaintiffs and/or the names of any other students mentioned from these forty-one deposition transcripts.

7. Furthermore, to only redact the names of the plaintiffs would not maintain the anonymity of these plaintiffs. The plaintiffs testified to their addresses, birth dates, schools attended, family members and other identifying information throughout their depositions. To redact all of the identifying information from the plaintiffs' depositions would make them

almost impossible to decipher.

8. Plaintiffs also argue that the Protective Orders entered in these cases only deal "with the confidentiality rights of the parties in the discovery proceedings." (Opposition, p. 2)

9. However, the language cited by the plaintiffs from the May 8, 2006 Order contradicts this assertion. The Protective Order clearly contemplates the filing of a motion for summary judgment when it discusses "any filing with attached deposition transcript (or portions thereof) in which the identities of the minor plaintiffs are disclosed or any records or exhibits concerning minor plaintiffs or information designated as "Confidential Information" shall be filed under seal."

10. The case cited by plaintiffs holds that the "good cause" analysis requires the Court to (1) determine whether valid grounds for the issuance of a protective order have been presented; and (2) balance the public's interest in access against the litigant's interest in confidentiality." *Estate of Martin Luther King, Jr. v. CBS, Inc.*, 184 F. Supp. 2d 1353, 1366 (N.D. Ga. 2002)

11. In these cases, the Court has already entered Protective Orders allowing the filing under seal of all motions which disclose of the plaintiffs' identities or any other "Confidential Information."

12. The parties have abided by the terms of those Protective Orders throughout the course of these cases by having the court reporters produce the deposition transcripts of the

plaintiffs under seal and marked as "Confidential." Further, all documents produced during discovery which contained the plaintiffs or any other student's identities were also marked as "Confidential."

13. The plaintiffs obviously chose to file these lawsuits anonymously in order to maintain their interests in confidentiality.

14. Defendants Autauga County Board of Education, Joseph L. Butler and Dene Cleveland assert that they have shown good cause why the motion for summary judgment, narrative statement of undisputed facts, supporting brief and exhibits, and any responsive briefs should be filed under seal.

WHEREFORE, PREMISES CONSIDERED, Defendants Autauga County Board of Education, Joseph L. Butler and Dene Cleveland respectfully request this Honorable Court allow the defendants to file under seal their Motion for Summary Judgment, Brief, exhibits, and Defendants' Reply Brief.

Respectfully submitted,

*s/Katherine C. Hortberg*
Mark S. Boardman (ASB-8572-B65M)
*E-mail:* mboardman@boardmancarr.com
Katherine C. Hortberg (ASB-5374-B34K)
*E-mail:* khortberg@boardmancarr.com
Counsel for the Autauga County Board of Education, Joseph L. Butler and Dene Cleveland
BOARDMAN, CARR & HUTCHESON, P.C.
400 Boardman Drive
Chelsea, Alabama 35043-8211
Telephone: (205) 678-8000
Facsimile: (205) 678-0000


**CERTIFICATE OF SERVICE**

     I hereby certify that I have on this **12TH** day of **January, 2007**, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

| | |
|---|---|
| Michael J. Crow, Esq.<br>BEASLEY, ALLEN, CROW, METHVIN,<br>PORTIS & MILES, P.C.<br>P. O. Box 4160<br>Montgomery, Alabama 36103-4160 | Robert D. Drummond, Jr., Esq.<br>323 De La Mare Avenue<br>Fairhope, Alabama 36532<br><br>Mr. Terry C. Wright, AIS 247561<br>Limestone Correctional Facility, Dorm 16<br>28779 Nick Davis Road<br>Harvest, AL 35749-7009 |

                                            *s/Katherine C. Hortberg*
                                            OF COUNSEL