IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| A.G., a minor child; D.A., a minor child; A.L., a minor child; M.K., a minor child; and M.H., a minor child;<br><br>　　　PLAINTIFFS,<br><br>VS.<br><br>AUTAUGA COUNTY BOARD OF EDUCATION, et al.,<br><br>　　　DEFENDANTS. | CASE NO: 2:05-CV-1090-MEF |
| B.H., a minor child, by and through his mother and next of friend, D.S.,<br><br>　　　PLAINTIFFS,<br><br>VS.<br><br>AUTAUGA COUNTY BOARD OF EDUCATION, et al.,<br><br>　　　DEFENDANTS. | CASE NO: 2:06-cv-0393-MEF |

**DEFENDANTS AUTAUGA COUNTY BOARD OF EDUCATION, JOSEPH L. BUTLER AND DENE W. CLEVELAND'S RESPONSE TO PLAINTIFFS' MOTION TO COMPEL**

COME NOW the Defendants Autauga County Board of Education, Joseph L. Butler and Dene W. Cleveland, and respectfully respond to plaintiffs' Motion to Compel. In further support of this motion, these defendants state as follows:

1.　Defendant Autauga County Board of Education has now produced the requested computer indices to the plaintiffs, and thus the plaintiffs' Motion to Compel should

be denied as moot.

2. Plaintiffs' original request for these materials was contained in their Fifth Request for Production, number 3: "Produce the computer/hard drive for Larry Butler, Dene Cleveland, Bobby Zeigler, Janie McAlpine, Angel Garrett and Gloria Goodson."

3. These defendants timely objected to such request as such is unduly burdensome and overly broad.

4. In their Seventh Request for Production, number one, plaintiffs requested that these defendants "[p]roduce a listing/index of every Microsoft Word documents [sic], including all documents saved with file extensions: .doc, .rtf, .txt and .wps created on Gloria Goodson's computer/ hard drive between the time period of October 15, 2004 to the present. This list should include the file name, location, size and date modified."

5. The plaintiffs also asked these defendants to produce the above list/index from the centralized file storage system used by Defendant Autauga County Board of Education for the same time period, and a list/ index of all Adobe Acrobat documents created on Ms. Goodson's computer or from the centralized file storage system used by the Board for the same time period and with the same specifications.

6. Defendants timely provided their objections to all four requests in plaintiffs' Seventh Request for Production, and requested that plaintiffs refine their requests, so that the defendants could respond.

7. Nowhere in any of the plaintiffs' request for production do they ask these defendants to produce any computer index which shows the date any file was created.

8. The computer indices were discussed by counsel for the parties during a November 20, 2006 conference call. During this discussion, plaintiffs' counsel first said that his computer technician said that the lists would take "three key strokes" each to print. Counsel for the defendants objected that the plaintiffs' requests were still too broad and could possibly produce private or protected information, and requested that plaintiffs' counsel narrow the scope of their requests so defendants could work with them. Plaintiffs' counsel indicated that they would not narrow the scope of their requests.

9. During a second conference call on December 6, 2006, counsel for the parties again discussed the requested computer lists. Plaintiffs' counsel once again stated that their computer technician indicated that it is not cumbersome and it is simple to obtain the requested computer printouts.

10. Plaintiffs then sent a letter dated December 8, 2006 narrowing their Fifth Request for Production request from the actual hard drives to an index of files from each of the six computers or the index from the central filing system from October 1, 2004 through the present. Plaintiffs' counsel stated in the letter that the information could be easily obtained by one of the county board of education's computer technology persons.

11. Defense counsel then responded in a letter dated December 12, 2006 asserting the defendants' willingness to cooperate if the plaintiffs could narrow down the scope of their requests. (See attached December 12, 2006 letter)

12. On December 14, 2006, plaintiffs' counsel sent a letter with an attached sample of a search done on his computer, which listed the document number and the date the

document was modified. In this letter, plaintiffs first requested a printout showing the date a document was created.

13. Once schools reopened after the holidays, the defendants provided printouts from each of the six computers to the plaintiffs.

14. Obtaining the printouts from each of the six computers took the Board computer technician several days using the process of which he was aware.

15. Two weeks later, plaintiffs' counsel sent another letter acknowledging receipt of the first printouts and requesting additional printouts.

16. Without waiving the attorney-client privilege, after informing Mr. Butler of the plaintiffs' request, the computer technicians indicated the enormous burden this request presented and that it was not a short "three key strokes" process. Instead, the technicians said that it was a lengthy, burdensome process. Further, due to their heavy work load for school related computer issues and the computer department's sparse manpower, they were unable to use the same lengthy process previously used by those Board employees to obtain the previous printouts. (See attached affidavit of Katherine C. Hortberg)

17. At all times related to the request, the Autauga County Board of Education employed only two computer technicians to service approximately three thousand five hundred computers used by ten thousand educators and students everyday.

18. Defendants' counsel informed the plaintiffs' attorney of this undue burden placed on the Defendant Board by the plaintiffs' request for production and the inability by the computer technicians to produce any further computer printouts.

19. Plaintiffs then filed their motion to compel the production of the second set of computer printouts.

20. Plaintiffs' counsel never provided the specific instructions on how to easily obtain the printouts until he filed them as an attachment to his computer technicians' affidavit in support of plaintiffs' motion to compel.

21. Once the Board's computer technician was provided a copy of the plaintiffs' instructions, he determined that there was an easier and quicker way to obtain the documents than the process he originally used.

22. The computer technician then followed the specifications attached to the plaintiffs' attorney's computer technician's affidavit.

23. The subsequent indices from the six computers were then obtained over the course of four hours, clearly still taking longer than the "three key strokes" plaintiffs' counsel's computer technician used.

24. Therefore, it was not until the plaintiffs provided a specific procedure for obtaining the requested computer indices that the Autauga County Board of Education computer technician was able to determine that he was able to obtain such documents.

25. Clearly, according to the above, defendants made a good faith effort to work with the plaintiffs on this matter, and once they were provided with a step by step process for obtaining the requested computer printouts, they provided the same to the plaintiffs.

WHEREFORE, PREMISES CONSIDERED, Defendants Autauga County Board of

Education, Joseph L. Butler and Dene W. Cleveland respectfully move that the plaintiffs' Motion to Compel be denied as moot.

        Respectfully submitted,

        *s/Katherine C. Hortberg*

        Mark S. Boardman (ASB-8572-B65M)
        *E-mail:* [mboardman@boardmancarr.com](mailto:mboardman@boardmancarr.com)
        Katherine C. Hortberg (ASB-5374-B34K)
        *E-mail:* [khortberg@boardmancarr.com](mailto:khortberg@boardmancarr.com)
        Counsel for the Autauga County Board of Education, Joseph L. Butler and Dene Cleveland
        BOARDMAN, CARR & HUTCHESON, P.C.
        400 Boardman Drive
        Chelsea, Alabama 35043-8211
        Telephone: (205) 678-8000
        Facsimile: (205) 678-0000

**CERTIFICATE OF SERVICE**

     I hereby certify that I have on this **12th** day of **March, 2007**, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Michael J. Crow, Esq.
BEASLEY, ALLEN, CROW, METHVIN,
PORTIS & MILES, P.C.
P. O. Box 4160
Montgomery, Alabama 36103-4160

Robert D. Drummond, Jr., Esq.
323 De La Mare Avenue
Fairhope, Alabama 36532

Mr. Terry C. Wright, AIS 247561
Limestone Correctional Facility, Dorm 16
28779 Nick Davis Road
Harvest, AL 35749-7009

          *s/Katherine C. Hortberg*
          OF COUNSEL