# EXHIBIT A

December 12, 2006 Letter

LAW OFFICES
# BOARDMAN, CARR & HUTCHESON, P.C.
400 BOARDMAN DRIVE
CHELSEA, ALABAMA 35043-8211

MARK S. BOARDMAN
PHILIP F. HUTCHESON*
CLAY R. CARR
ALICIA FRITZ BENNETT
KATHERINE C. HORTBERG
DANA J. BOLDEN
APRIL B. DANIELSON
E. DIANNE GAMBLE*
DANIEL P. OGLE
WILLIAM H. HUFFMAN, III†

POST OFFICE BOX 382886
BIRMINGHAM, ALABAMA 35238-2886

December 12, 2006

(205) 678-8000
FACSIMILE
(205) 678-0000
WEBSITE
boardmancarr.com

*ALSO ADMITTED IN LOUISIANA
✦ALSO ADMITTED IN MISSISSIPPI
†ALSO ADMITTED IN DISTRICT OF COLUMBIA

*Via Facsimile and U.S. Mail*
Michael J. Crow, Esq.
BEASLEY, ALLEN, CROW, METHVIN,
PORTIS & MILES, P.C.
P. O. Box 4160
Montgomery, Alabama 36103-4160

*Via Facsimile and U.S. Mail*
Robert D. Drummond, Jr., Esq.
323 De La Mare Avenue
Fairhope, Alabama 36532

Re: *A.G., a minor child; D.A., a minor child; A.L., a minor child; M.K., a minor child; and M.H., a minor child, vs. Autauga Co. BOE, Joseph L. Butler and Terry Wright*
United States District Court, Middle District of Alabama
Civil Action No. :       2:05-CV-1090-W
Our File No.    :        (242) 050055

Dear Gentlemen:

I am in receipt of Mike's December 8th letter regarding the timely discovery objections made by defendants to various requests made by the plaintiffs. The letter discusses specific requests which were made by the plaintiffs, and objected to by the defendants, in plaintiffs' Fifth and Seventh Requests for Production.

Mike proposed in the letter that the defendants produce "the index of files and each of their computers or the index from the central filing system for the time period of October 1, 2004 through the current date." The letter goes on to state that you believe that you have now narrowed the scope of the original request number 3 in plaintiffs' Fifth Request for Production. However, number 3 of the Fifth Request for Production requested that the defendants produce "the computer/hard drive for Larry Butler, Dene Cleveland, Bobby Zeigler, Janie McAlpine, Angel Garrett and Gloria Goodson." The revised discovery request in the letter actually expands on the original request, in that it requests not only the computers, but an index of all files on those computers or an index from the central filing system, which presumably encompasses more computers than just the 6 plaintiffs requested. The defendants cannot produce the requested index of files and the computers or the index of files from the central filing system because this request is essentially the same as a request for the computers themselves. This request is similar to the request made in *In Re: Ford Motor Co.*, F.3d 1315 (11th Cir. 2003), which clearly establishes that such a request is objectionable. Further, this request asks for confidential and protected information.

We are willing to cooperate in attempting to narrow down this request, so that the defendants can comply. If the plaintiffs would revise this request and make a specific request for certain documents in the computer files or even a key word search, the defendants would do their best to produce any such requested documents, pursuant to any applicable privilege or other protection afforded certain student or personnel records.

      Mike also stated in his letter that the four requests in plaintiffs' Seventh Request for Production cannot be narrowed down. In those requests, the plaintiffs asked the defendants to produce "a listing/index of every Microsoft Word documents, including all documents saved with file extensions: .doc, .rtf, .txt and .wps created" on Ms. Goodson's computer and on the centralized storage system used by the Autauga County Board of Education from October 15, 2004 until the present. The plaintiffs also requested "a list/index of all Adobe Acrobat documents, including all documents saved with the file extensions, .pdf, created on Ms. Goodson's computer and from the centralized file storage system used by the Autauga County Board of Education from October 15, 2004 until the present.

      Once again, we are willing to work with you in order to narrow down this request, so that the defendants can comply. If the plaintiffs would revise this request and make a specific request for certain documents in the computer files or even a key word search, the defendants would do their best to produce any such requested documents, pursuant to any applicable privilege or other protection afforded certain student or personnel records.

      We look forward to hearing from you regarding a resolution of these matters.

Sincerely,

*Kate Hortberg*

Katherine C. Hortberg

KCH/dpt