# EXHIBIT B

Affidavit of Katherine C. Hortberg

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| A.G., a minor child; D.A., a minor child; A.L., a minor child; M.K., a minor child; and M.H., a minor child;<br><br>PLAINTIFFS,<br><br>VS.<br><br>AUTAUGA COUNTY BOARD OF EDUCATION, et al.,<br><br>DEFENDANTS. | CASE NO: 2:05-CV-1090-MEF |
| B.H., a minor child, by and through his mother and next of friend, D.S.,<br><br>PLAINTIFFS,<br><br>VS.<br><br>AUTAUGA COUNTY BOARD OF EDUCATION, et al.,<br><br>DEFENDANTS. | CASE NO: 2:06-cv-0393-MEF |

## AFFIDAVIT OF KATHERINE C. HORTBERG

STATE OF ALABAMA   )
                   )
SHEBLY COUNTY      )

COMES NOW the affiant, Katherine C. Hortberg, having been duly sworn and deposes and says the following:

My name is Katherine C. Hortberg. At all times relevant to this suit, I have been counsel for Defendants Autauga County Board of Education, Joseph L. Butler and Dene W.

Cleveland. Without waiving attorney-client privilege, I sent the sample printout attached to Mike Crow's December 14, 2006 letter to Mr. Butler so that it could be shown to the Board's computer technician. After a review of the sample printout, the technician determined that he could produce printouts like the sample from the designated computers. However, unlike the "three key strokes" it allegedly took Mr. Crow's computer technician, the Board's technician worked for several days to obtain the documents from the six computers.

At all times related to the requests, the Autauga County Board of Education employed only two computer technicians to service approximately three thousand five hundred computers used by ten thousand educators and students everyday. Two weeks later, plaintiffs' counsel sent another letter acknowledging receipt of the first printouts and requesting additional printouts showing the date each file in the printout was created. Without waiving the attorney-client privilege, after being informed by Mr. Butler of the plaintiffs' request, the computer technicians indicated the enormous burden this request presented and that it was not a short "three key strokes" process. Instead, the technician said that it was a lengthy, burdensome process. Further, due to their heavy work load for school related computer issues and the computer department's sparse manpower, they were unable to expend the time to obtain the additional printouts.

Plaintiffs' counsel never provided the specific instructions on how to easily obtain the printouts until he filed them as an attachment to his computer technician's affidavit in support of plaintiffs' motion to compel. Without waiving attorney-client privilege, once I

received these instructions, I forwarded them to the Board for the computer technician's review. Once the Board's computer technician was provided a copy of the plaintiffs' instructions, he determined that there was an easier and quicker way to obtain the documents than the process he originally used. I understand that the computer technician then followed the step by step instructions attached to the plaintiffs' attorney's computer technician's affidavit. I also understand that the subsequent indices from the six computers were then obtained over the course of four hours.

The foregoing affidavit is based upon my personal knowledge and is true and accurate. I am over nineteen years of age and not otherwise disqualified from giving testimony under oath.

This the 12th day of March, 2007.

_Katherine C. Hortberg_
Katherine C. Hortberg

STATE OF ALABAMA )
)
SHELBY COUNTY )

I, the undersigned, a Notary Public in and for said County in said State, hereby certify that Katherine C. Hortberg, whose name is signed to the foregoing instrument, and who is known to me, acknowledged before me on this day that, being informed of the contents of the instrument, she executed the same voluntarily on the day the same bears date.

Given under my hand this _____ day of _____, 2007.

_Nancy L. Culpepper_
Notary Public

My commission expires: 4-9-2010

3