**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | |
|---|---|
| A.G., a minor child; D.A., a minor child; ) <br> A.L., a minor child; M.K., a minor child; ) <br> and M.H., a minor child; ) <br> ) <br>     PLAINTIFFS, ) <br> ) <br> VS. ) <br> ) <br> AUTAUGA COUNTY BOARD OF ) <br> EDUCATION, et al., ) <br> ) <br>     DEFENDANTS. ) | CASE NO: 2:05-CV-1090-MEF |

_____

| | |
|---|---|
| B.H., a minor child, by and through his ) <br> mother and next of friend, D.S., ) <br> ) <br>     PLAINTIFFS, ) <br> ) <br> VS. ) <br> ) <br> AUTAUGA COUNTY BOARD OF ) <br> EDUCATION, et al., ) <br> ) <br>     DEFENDANTS. ) | CASE NO: 2:06-cv-0393-MEF |

**DEFENDANTS AUTAUGA COUNTY BOARD OF EDUCATION,
JOSEPH L. BUTLER AND DENE CLEVELAND'S RESPONSE
TO PLAINTIFFS' MOTION TO SET ASIDE ORDER**

COME NOW Defendants Autauga County Board of Education, Joseph L. Butler and Dene Cleveland and respectfully provide the following response to plaintiffs' motion to set aside the March 30, 2007 Order:

1. This Court's March 30, 2007 is proper as entered.

2. Defendants have produced all computer indices responsive to plaintiffs'

requests for production.

3. In their Seventh Request for Production, number one, plaintiffs requested that these defendants "[p]roduce a listing/index of every Microsoft Word documents [sic], including all documents saved with file extensions: .doc, .rtf, .txt and .wps created on Gloria Goodson's computer/ hard drive between the time period of October 15, 2004 to the present. This list should include the file name, location, size and date modified."

4. The plaintiffs also asked these defendants to produce the above list/index from the centralized file storage system used by Defendant Autauga County Board of Education for the same time period, and a list/ index of all Adobe Acrobat documents created on Ms. Goodson's computer or from the centralized file storage system used by the Board for the same time period and with the same specifications.

5. Nowhere in any of the plaintiffs' request for production do they ask these defendants to produce any computer index which shows the date any file was created.

6. Plaintiffs then sent a letter dated December 8, 2006 narrowing their Fifth Request for Production request from the actual hard drives belonging to Ms. Goodson, Ms. Crawford, Mr. Butler, Mr. Zeigler, Ms. Garrett and Ms. Cleveland to an index of files from each of the six computers or the index from the central filing system from October 1, 2004 through the present.

7. On December 14, 2006, plaintiffs' counsel sent a letter with an attached sample of a search done on his computer, which listed the document number and the date the

document was modified. In this letter, plaintiffs first requested a printout showing the date a document was created.

8. Defendants have now provided the requested indices from each of the six computers showing the dates created, modified and accessed.

9. The Board's computer technician confirmed that there are no other files present under any other folders on the computers of Cleveland, Goodson, Zeigler, Crawford and Butler. There are some additional folders on Angel Garrett's computer, but none contains files relevant to this case. Defendants are in the process of obtaining an affidavit from the Board's computer technician in support of this statement.

10. The plaintiffs are incorrect when they state that the defendants failed to produce any computer indices from Ms. Cleveland and Mr. Zeigler's computers. Computer indices were produced from both computers, and it was explained in the cover letter attached to those documents that the outdated program running on those two computers would not allow the date created column to appear.

11. Plaintiffs' attorney's computer technician Scott Thomas is also incorrect when he states that the defendants represented that there are no indices available for the computers of Dene Cleveland and Bobby Zeigler.

12. As stated above, indices were provided to the plaintiffs from both Ms. Cleveland and Mr. Zeigler's computers.

13. Within the last week, and after the motion to compel was filed, both Ms.

Cleveland and Mr. Zeigler received new computers with updated programs. Defendants are in the process of obtaining an affidavit from the Board's computer technician in support of this statement.

14.    Therefore, indices with the date created column can now be provided to plaintiffs' counsel.

15.    Accordingly, these defendants complied with the plaintiffs' requests for production prior to the filing of their response and the entry of the March 30, 2007 Order.

16.    Furthermore, defendants filed their Response arguing that the motion to compel was moot because they had produced all responsive documents on March 12, 2007. Plaintiffs had over two weeks to file a reply setting out the arguments they raise in their motion to set aside, but chose not to.

WHEREFORE, PREMISES CONSIDERED, Defendants Autauga County Board of Education, Joseph L. Butler and Dene W. Cleveland respectfully request that the March 30, 2007 Order stand as the plaintiffs' motion to compel is moot and was due to be denied.

Respectfully submitted,

*s/Katherine C. Hortberg*
Mark S. Boardman (ASB-8572-B65M)
*E-mail:* mboardman@boardmancarr.com
Katherine C. Hortberg (ASB-5374-B34K)
*E-mail:* khortberg@boardmancarr.com
BOARDMAN, CARR & HUTCHESON, P.C.
400 Boardman Drive
Chelsea, Alabama 35043-8211
Telephone: (205) 678-8000
Facsimile: (205) 678-0000

## CERTIFICATE OF SERVICE

I hereby certify that I have on this **5th** day of April**, 2007**, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Michael J. Crow, Esq.
BEASLEY, ALLEN, CROW, METHVIN,
PORTIS & MILES, P.C.
P. O. Box 4160
Montgomery, Alabama 36103-4160

Robert D. Drummond, Jr., Esq.
323 De La Mare Avenue
Fairhope, Alabama 36532

Mr. Terry C. Wright, AIS 247561
Limestone Correctional Facility, Dorm 16
28779 Nick Davis Road
Harvest, AL 35749-7009

*s/Katherine C. Hortberg*
OF COUNSEL