**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | |
|---|---|
| A.G., a minor child; D.A., a minor child; )<br>A.L., a minor child; M.K., a minor child; )<br>and M.H., a minor child;                          )<br>                                                              )<br>         PLAINTIFFS,                               )<br>                                                              )<br>VS.                                                         )<br>                                                              )<br>AUTAUGA COUNTY BOARD OF         )<br>EDUCATION, et al.,                                 )<br>                                                              )<br>         DEFENDANTS.                            ) | CASE NO:  2:05-CV-1090-MEF |

_____

| | |
|---|---|
| B.H., a minor child, by and through his       )<br>mother and next of friend, D.S.,                 )<br>                                                              )<br>         PLAINTIFFS,                               )<br>                                                              )<br>VS.                                                         )<br>                                                              )<br>AUTAUGA COUNTY BOARD OF         )<br>EDUCATION, et al.,                                 )<br>                                                              )<br>         DEFENDANTS.                            )<br>                                                              ) | CASE NO: 2:06-CV-0393-MEF |

**PROTECTIVE ORDER REGARDING THE PRODUCTION OF CERTAIN
DEPOSITION TRANSCRIPTS**

The parties in this case have filed an agreed protective order as set out below, which the court hereby adopts.

This Court has ordered that the transcripts of the depositions of Angel Garrett, James Abraham, Larry Butler and Dene Cleveland depositions in the Jane Doe, et al. v. Autauga County Board of Education, et al., 02-04-CV-1155-MEF (hereinafter "Deposition

Transcripts") be produced to plaintiffs. (Document 103). It is

ORDERED that the transcripts shall be produced subject to the following:

1. The names and identifying information, as defined by FERPA, of any minor students shall be redacted from the copies of the transcripts to be produced.

2. All transcripts shall be designated "Confidential Information" and shall be treated as such by all persons.

3. The deposition transcripts shall be used only for the prosecution or defense of this action or any appeal therefrom, and for no other purpose. The deposition transcripts may be disclosed only under the circumstances and to the persons specifically provided for in this Protective Order.

4. The deposition transcripts shall not be disclosed to anyone other than the following persons:

    a. The parties to these proceedings:

    b. Inside and outside counsel to the parties to these proceedings, including partners, associates, secretaries, paralegal assistants and employees of such counsel actively involved in preparing for and conducting the litigation;

    c. Court officials involved in these proceedings;

    d. Court reporting personnel involved in taking or transcribing testimony in these proceedings.

5. The plaintiffs' attorneys bear full responsibility for explaining compliance with this Order to the persons with whom a plaintiffs' attorney discloses "not public" information.

6. The plaintiffs' attorneys receiving these deposition transcripts shall take all steps reasonably necessary to prevent the disclosure of any information contained in the deposition transcripts, and specifically the name or any other identifying information regarding any minor students and/or their parents, to anyone other than the persons identified in this Protective Order.

7. The persons set forth above in paragraph 4 shall not disclose any deposition transcript or the content thereof to anyone other than those who are entitled to receive such material as set forth herein.

8. Inadvertent production of any information from the deposition transcripts or the transcript copies themselves shall not itself be deemed a waiver of any claim of confidentiality as to such matter, and the same may thereafter be corrected by supplemental written notice.[1]

9. After the termination of this proceeding, this Protective Order shall continue to be binding upon the parties hereto, and upon all persons to whom the deposition transcripts have been disclosed or communicated, and this Court shall retain jurisdiction over the parties for enforcement of the provisions of this Protective Order.

10. Within 45 days after the conclusion of this litigation, all transcripts supplied by defendants and all copies thereof (including, without limitation, copies provided to testifying or consulting experts) shall be returned to the defendants or, in the alternative,

---

[1] This provision is entered pursuant to the parties' agreement; however, it shall not be construed in a way contrary to relevant case law on this subject.

destroyed and certified to the defendants to have been destroyed. This directive shall not apply to any items produced to and filed with any federal court.

11. Should portions of the deposition transcripts be attached to any pleadings filed with this Court, they shall be filed under seal.

12. The provisions of this Order directing the production of records and the disclosure of information about students in response to discovery relate only to the confidentiality rights and privacy rights of nonparty minors and students. This Order shall not be construed as overruling any objections to production or use of such records raised by the parties on other grounds.

DONE, this 26th day of April, 2007.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
UNITED STATES MAGISTRATE JUDGE