IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| A.G., a minor child, by and through her mother and next of friend, K.C., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) | CASE NO. 2:05-cv-1090-MEF |
| AUTAUGA COUNTY BOARD OF EDUCATION, *et al.*, | ) ) ) ) | |
| Defendants. | ) | |
| _____ | | |
| B.H., a minor child, by and through his mother and next of friend, D.S., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) | CASE NO. 2:06-cv-0393-MEF |
| AUTAUGA COUNTY BOARD OF EDUCATION, *et al.*, | ) ) ) ) | |
| Defendants. | ) | |

# **PRETRIAL ORDER**

A pretrial hearing was held in this case on April 19, 2007, wherein the following proceedings were held and actions taken:

1. <u>PARTIES AND TRIAL COUNSEL:</u>

Plaintiffs:   A.G., a minor, Kelly Cooley; D.A., a minor, Billy Allen; A.L., a minor, Carla Thornton; M.K., a minor, Karen Klein; M.H., a minor, Beverly Holton; B.H., a minor, Deborah Smith.

Plaintiffs' counsel:   Michael J. Crow of Beasley, Allen, Crow, Methvin, Portis and Miles, 218 Commerce Street, Montgomery, Alabama 36104 and Rick Drummond, 323 De LaMare, Fairhope, Alabama 36532.

Autauga County Board of Education Defendants: Autauga County Board of Education; Joseph L. Butler; and Dene Cleveland.

Autauga County Board of Education Defendants' counsel: Mark S. Boardman and Katherine C. Hortberg, Boardman, Carr & Hutcheson, P.C., 400 Boardman Drive, Chelsea, Alabama 35043.

Other Defendant:   Terry Wright- pro se.

COUNSEL APPEARING AT PRETRIAL HEARING:  Same as trial counsel.

2.   JURISDICTION AND VENUE:  This Court has jurisdiction over the parties and subject matter pursuant to 28 U.S.C. §1331, 20 U.S.C. §1681 et. seq. and 42 U.S.C. §1983.  This Court has jurisdiction pursuant to 28 U.S.C. §1391(b).

3.   PLEADINGS:  The following pleadings and amendments were allowed:

(a)   The plaintiffs:  the Complaints and the First Amended Complaints in the A.G. and B.H. cases

(b)   The Autauga County Board of Education defendants: Answers by Defendants Autauga County Board of Education, Joseph L. Butler and Dene Cleveland to Complaints and First Amended Complaints in the A.G. and B. H. cases

4.   CONTENTIONS OF THE PARTIES:

(a)   The plaintiffs:

On October 29, 2004, Principal James Abraham of the Prattville Elementary School or an employee authorized by Mr. Abrahams contacted Defendant Wright about being a substitute teacher that day.  On October 29, 2004 Defendant Wright arrived at the Prattville Elementary School and was acting as a substitute teacher when he began to inappropriately touch, fondle and rub Plaintiffs, individually and at different times.

Prior to October 29, 2004, Defendant Wright was acting as a substitute teacher at

the Prattville Intermediate School when complaints of inappropriate touching were made to Defendant Butler and Defendant Cleveland concerning Wright's conduct as a substitute teacher at the Prattville Intermediate School on October 20, 2004.

Defendant Butler and Cleveland had knowledge of prior complaints of inappropriate touching of students by Defendant Terry Wright and failed to report the complaints to a duly constituted authority and/or take any action regarding Defendant Wright and his position as a substitute teacher.

All Plaintiffs belong to a protected group of citizens, whether females or males. The Plaintiffs were subjected to unwelcome harassment when they were sexually abused and/or inappropriately touched by Defendant Wright.

Defendant Wright harassed the Plaintiffs based on their sex and the harassment of the Plaintiffs was unwelcome and sufficiently severe, so as to alter the condition of the Plaintiffs education.

By knowingly permitting a hostile environment to exist, the Autauga County Board of Education discriminated against the Plaintiffs and denied them the benefits of public education in violation of Title IX, 20 U.S.C. §1661, et. seq.

The Autauga County Board of Education knew the dangers of sexual harassment endured by the students and failed to alleviate or take proper measures to alleviate the known danger.

Further, the Autauga County Board of Education failed to take remedial action after the reports of inappropriate touching by Defendant Wright at the Intermediate school within the Autauga County Board of Education District, constituting a deliberate indifference of a clearly established constitutional and statutory right to be free from sexual abuse and

3

harassment.

Plaintiffs further contend that on or about October 20, 2004, Defendants Butler and Wright were notified by Angel Garrett, the Principal at the Intermediate school of an incident involving inappropriate touching and contact between Defendant Wright and one or more students at the Intermediate school.

Defendants Butler and Cleveland, upon learning of the inappropriate touching of students by Defendant Wright, failed to report sexual abuse and/or inappropriate touching to a duly constituted authority as mandated by §26-14-3, Code of Alabama (1975). Defendants Butler and Cleveland failed to take any action regarding a report of prior sexual abuse and/or inappropriate touching by Defendant Wright. Between October 21st and October 29th, 2004, Defendants Butler and Cleveland allowed Defendant Wright the opportunity to teach at all of the schools within the Autauga County Board of Education.

On October 29th Defendant Wright was acting as a substitute teacher at Prattville Elementary School when he inappropriately touched and/or sexually abused the Plaintiffs and other students within the classroom. Plaintiffs have a constitutional right to be free from unlawful sexual harassment and abuse in a school setting. The sexual harassment afflicted upon the Plaintiffs included, but was not limited to, inappropriate touching, rubbing, and fondling, which was sufficiently severe to alter the conditions of their education and amounted to an unnecessary and wanton infliction of emotional distress. Further, Defendant Butler and Cleveland's failure to take action upon notice of Defendant Wright's prior inappropriate touching of students constituted a deliberate indifference in violation of the Plaintiffs constitutional rights. (42 U.S.C 1983)

Plaintiffs further allege that Defendant Butler and Cleveland negligently and

4

wantonly caused injuries to the Plaintiffs by one or more of the following ways:

1. Leaving Defendant Wright in a classroom setting with students;

2. Leaving Defendant Wright's on a substitute teacher's list for other principals and employees of the Autauga County Board of Education to select him as a substitute teacher;

3. By failing to report all prior incidents of inappropriate touching and sexual abuse, pursuant to §26-14-3, Code of Alabama 1975.

Plaintiffs contend that Butler and Cleveland negligently and/or wantonly hired and/or retained Defendant Wright causing injuries to the Plaintiffs.

Defendant Wright negligent and wanton acts caused injuries to the Plaintiffs.

Defendant Wright subjected the Plaintiffs to unwanted touching.

Defendant Wright's outrageous and intentional conduct inflicted emotional distress upon the Plaintiffs by subjecting them to abusive, harmful and unwanted touching. Defendant Wright caused Plaintiffs severe emotional distress by subjecting them to unwanted touching on their bodies. The conduct was so extreme and outrageous and beyond the boundaries of decency in a civilized society and Plaintiffs were caused to suffer emotional distress.

Defendant Wright intentionally intruded upon the solitude and seclusion of the Plaintiffs and their concerns. The intrusions were highly offensive to the Plaintiffs. Defendant Wright caused the Plaintiffs emotional distress by intruding into their privacy.

Plaintiffs seek damages from all of the Defendants as allowed by Alabama Law. Also, Plaintiffs seek attorney fees under all applicable federal statutes.

  (b)  Defendants Autauga County Board of Education, Joseph L. Butler and Dene Cleveland:

There are no genuine issues of material fact; Defendant Autauga County Board of Education is not liable to the plaintiffs under Title IX; No defendant violated the plaintiffs' federal or constitutional rights under 42 U.S.C. § 1983; Defendants Butler and Cleveland are entitled to qualified immunity for plaintiffs' claims under 42 U.S.C. § 1983 against them in their individual capacities; The plaintiffs' claims against these defendants do not rise to the level of a constitutional or federal violation by these defendants; The individual educators are also entitled to the protection of federal statutory immunity; Defendants Butler and Cleveland are protected by State-agent immunity from all claims under state law; The defendants say that they are innocent of the allegations made against them; The defendants say that the Complaints and First Amended Complaints fail to state a claim upon which relief can be granted; The defendants plead the defense of Eleventh Amendment immunity, stating that the plaintiffs' claims are barred by the Eleventh Amendment to the United States Constitution, and the defense of sovereign immunity; The defendants plead the defense of qualified immunity; The defendants deny that they deprived the plaintiffs of their constitutional rights; The defendants deny that they deprived the plaintiffs of their procedural due process rights under the Fourteenth Amendment; The defendants deny that they deprived the plaintiffs of their substantive due process rights under the Fourteenth Amendment; The defendants deny that they deprived the plaintiffs of their equal protection rights under the Fourteenth Amendment; The defendants deny that they deprived the plaintiff students of any constitutional rights; Defendant Autauga County Board of Education denies that it deprived the plaintiffs of any rights under Title IX; Defendant Autauga County Board of Education pleads that it complies with Title IX; The defendants state that *respondeat superior* does not apply; An award of punitive damages in this case would violate the United States Constitution and also the Alabama Constitution

6

(1901); The plaintiffs' claim for punitive damages violates the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments of the United States Constitution; Based on both the Due Process Clause and the Eighth Amendment, on appeal, the constitutionality of an award of punitive damages is to be reviewed using a *de novo* standard, since the jury's award of punitive damages does not constitute a finding of fact; The plaintiffs' claim of punitive damages violates the Due Process Clause of the Alabama Constitution (1901); Plaintiffs' claim for punitive damages violates Article I § 15 of the Alabama Constitution (1901) in that it constitutes an excessive fine as well as cruel and unusual punishment; Plaintiffs' claims of punitive damages violates Article I, § 22 of the Alabama Constitution (1901) in that it violates the prohibition against laws that impair the obligations of contracts; Plaintiffs' claim of punitive damages constitutes an unreasonable and excessive award in that it bears no reasonable relationship to any harm the plaintiffs allegedly suffered as a result of the defendants' conduct or any harm that actually occurred to the plaintiffs; Plaintiffs' claim of punitive damages is subject to the "clear and convincing" and "substantial evidence" standards of proof contained in Alabama Code § 6-11-20(4) (1975) pursuant to the Due Process Clause of the Alabama Constitution (1901); To the extent the plaintiffs claim the defendants have lost their Eleventh Amendment immunity due to acceptance of federal funds (such as arguing a contractual relinquishment of Eleventh Amendment immunity), the defendants say that their loss of immunity and, hence, their total possible liability here, would be the consideration given by the federal government, namely the amount of federal funds received by the Autauga County Schools, the only federal funds recipient among all the parties; Insofar as the plaintiffs make a claim for attorneys' fees as the prevailing party, the defendants serve notice that they, too, intend to seek attorneys' fees, should they, or any of them, be the prevailing party in this litigation; The defendants plead the defense of

7

statutory immunity, both federal and state; The defendants plead the defenses of sovereign immunity, State-agent immunity, discretionary function immunity and school masters' immunity; The defendants plead the defense of a criminal act of a third party; The defendants plead the plaintiffs have failed to exhaust administrative remedies and, as such, the state law claims are due to be dismissed; The defendants plead that the Court lacks State tort jurisdiction over this matter because the sole remedies of the plaintiffs are administrative; These defendants stand *in loco parentis* to the minor plaintiffs and, as such, the proper burden of proof against them is by clear and convincing evidence, not any other standard; The defendants plead parental immunity because they stand *in loco parentis* of the plaintiff students; The defendants deny the existence of a duty; The defendants deny the breach of any duty; The defendants deny any breach of professional duty; The defendants deny that any action or inaction by them caused or contributed to cause the injuries complained of; The defendants plead the defense of sufficient intervening cause; The defendants plead the defense of lack of proximate cause; The defendants plead privilege; The defendants plead conditional privilege; The defendants plead statutory privilege; The defendants plead the defense of lack of notice and, further, the defenses of laches, waivers, and estoppel; The defendants say the plaintiffs have failed to mitigate damages.

     5.    STIPULATIONS BY AND BETWEEN THE PARTIES:

          (a)    The parties are correctly named.

**This Court has both personal and subject matter** jurisdiction over the parties

A pretrial hearing was held in this case on April 19, 2007, wherein the following proceedings were held and actions taken:

     1.    PARTIES AND TRIAL COUNSEL:

Plaintiffs: A.G., a minor, Kelly Cooley; D.A., a minor, Billy Allen; A.L., a minor, Carla Thornton; M.K., a minor, Karen Klein; M.H., a minor, Beverly Holton; B.H., a minor, Deborah Smith.

Plaintiffs' counsel: Michael J. Crow of Beasley, Allen, Crow, Methvin, Portis and Miles, 218 Commerce Street, Montgomery, Alabama 36104 and Rick Drummond, 323 De LaMare, Fairhope, Alabama 36532.

Autauga County Board of Education Defendants: Autauga County Board of Education; Joseph L. Butler; and Dene Cleveland.

Autauga County Board of Education Defendants' counsel: Mark S. Boardman and Katherine C. Hortberg, Boardman, Carr & Hutcheson, P.C., 400 Boardman Drive, Chelsea, Alabama 35043.

Other Defendant: Terry Wright- pro se.

COUNSEL APPEARING AT PRETRIAL HEARING: Same as trial counsel.

2. JURISDICTION AND VENUE: This Court has jurisdiction over the parties and subject matter pursuant to 28 U.S.C. §1331, 20 U.S.C. §1681 et. seq. and 42 U.S.C. §1983. This Court has jurisdiction pursuant to 28 U.S.C. §1391(b).

3. PLEADINGS: The following pleadings and amendments were allowed:

(a) The plaintiffs: the Complaints and the First Amended Complaints in the A.G. and B.H. cases

(b) The Autauga County Board of Education defendants: Answers by Defendants Autauga County Board of Education, Joseph L. Butler and Dene Cleveland to Complaints and First Amended Complaints in the A.G. and B. H. cases

4. CONTENTIONS OF THE PARTIES:

(a) The plaintiffs:

9

On October 29, 2004, Principal James Abraham of the Prattville Elementary School or an employee authorized by Mr. Abrahams contacted Defendant Wright about being a substitute teacher that day. On October 29, 2004 Defendant Wright arrived at the Prattville Elementary School and was acting as a substitute teacher when he began to inappropriately touch, fondle and rub Plaintiffs, individually and at different times.

Prior to October 29, 2004, Defendant Wright was acting as a substitute teacher at the Prattville Intermediate School when complaints of inappropriate touching were made to Defendant Butler and Defendant Cleveland concerning Wright's conduct as a substitute teacher at the Prattville Intermediate School on October 20, 2004.

Defendant Butler and Cleveland had knowledge of prior complaints of inappropriate touching of students by Defendant Terry Wright and failed to report the complaints to a duly constituted authority and/or take any action regarding Defendant Wright and his position as a substitute teacher.

All Plaintiffs belong to a protected group of citizens, whether females or males. The Plaintiffs were subjected to unwelcome harassment when they were sexually abused and/or inappropriately touched by Defendant Wright.

Defendant Wright harassed the Plaintiffs based on their sex and the harassment of the Plaintiffs was unwelcome and sufficiently severe, so as to alter the condition of the Plaintiffs education.

By knowingly permitting a hostile environment to exist, the Autauga County Board of Education discriminated against the Plaintiffs and denied them the benefits of public education in violation of Title IX, 20 U.S.C. §1661, et. seq.

The Autauga County Board of Education knew the dangers of sexual harassment

endured by the students and failed to alleviate or take proper measures to alleviate the known danger.

Further, the Autauga County Board of Education failed to take remedial action after the reports of inappropriate touching by Defendant Wright at the Intermediate school within the Autauga County Board of Education District, constituting a deliberate indifference of a clearly established constitutional and statutory right to be free from sexual abuse and harassment.

Plaintiffs further contend that on or about October 20, 2004, Defendants Butler and Wright were notified by Angel Garrett, the Principal at the Intermediate school of an incident involving inappropriate touching and contact between Defendant Wright and one or more students at the Intermediate school.

Defendants Butler and Cleveland, upon learning of the inappropriate touching of students by Defendant Wright, failed to report sexual abuse and/or inappropriate touching to a duly constituted authority as mandated by §26-14-3, Code of Alabama (1975). Defendants Butler and Cleveland failed to take any action regarding a report of prior sexual abuse and/or inappropriate touching by Defendant Wright. Between October 21st and October 29th, 2004, Defendants Butler and Cleveland allowed Defendant Wright the opportunity to teach at all of the schools within the Autauga County Board of Education.

On October 29th Defendant Wright was acting as a substitute teacher at Prattville Elementary School when he inappropriately touched and/or sexually abused the Plaintiffs and other students within the classroom. Plaintiffs have a constitutional right to be free from unlawful sexual harassment and abuse in a school setting. The sexual harassment aflicted upon the Plaintiffs included, but was not limited to, inappropriate touching, rubbing,

11

and fondling, which was sufficiently severe to alter the conditions of their education and amounted to an unnecessary and wanton infliction of emotional distress. Further, Defendant Butler and Cleveland's failure to take action upon notice of Defendant Wright's prior inappropriate touching of students constituted a deliberate indifference in violation of the Plaintiffs constitutional rights. (42 U.S.C 1983)

Plaintiffs further allege that Defendant Butler and Cleveland negligently and wantonly caused injuries to the Plaintiffs by one or more of the following ways:

1. Leaving Defendant Wright in a classroom setting with students;
2. Leaving Defendant Wright's on a substitute teacher's list for other principals and employees of the Autauga County Board of Education to select him as a substitute teacher;
3. By failing to report all prior incidents of inappropriate touching and sexual abuse, pursuant to §26-14-3, Code of Alabama 1975.

Plaintiffs contend that Butler and Cleveland negligently and/or wantonly hired and/or retained Defendant Wright causing injuries to the Plaintiffs.

Defendant Wright negligent and wanton acts caused injuries to the Plaintiffs.

Defendant Wright subjected the Plaintiffs to unwanted touching.

Defendant Wright's outrageous and intentional conduct inflicted emotional distress upon the Plaintiffs by subjecting them to abusive, harmful and unwanted touching. Defendant Wright caused Plaintiffs severe emotional distress by subjecting them to unwanted touching on their bodies. The conduct was so extreme and outrageous and beyond the boundaries of decency in a civilized society and Plaintiffs were caused to suffer emotional distress.

Defendant Wright intentionally intruded upon the solitude and seclusion of the

12

Plaintiffs and their concerns. The intrusions were highly offensive to the Plaintiffs. Defendant Wright caused the Plaintiffs emotional distress by intruding into their privacy.

Plaintiffs seek damages from all of the Defendants as allowed by Alabama Law. Also, Plaintiffs seek attorney fees under all applicable federal statutes.

(b)    Defendants Autauga County Board of Education, Joseph L. Butler and Dene Cleveland:

There are no genuine issues of material fact; Defendant Autauga County Board of Education is not liable to the plaintiffs under Title IX; No defendant violated the plaintiffs' federal or constitutional rights under 42 U.S.C. § 1983; Defendants Butler and Cleveland are entitled to qualified immunity for plaintiffs' claims under 42 U.S.C. § 1983 against them in their individual capacities; The plaintiffs' claims against these defendants do not rise to the level of a constitutional or federal violation by these defendants; The individual educators are also entitled to the protection of federal statutory immunity; Defendants Butler and Cleveland are protected by State-agent immunity from all claims under state law; The defendants say that they are innocent of the allegations made against them; The defendants say that the Complaints and First Amended Complaints fail to state a claim upon which relief can be granted; The defendants plead the defense of Eleventh Amendment immunity, stating that the plaintiffs' claims are barred by the Eleventh Amendment to the United States Constitution, and the defense of sovereign immunity; The defendants plead the defense of qualified immunity; The defendants deny that they deprived the plaintiffs of their constitutional rights; The defendants deny that they deprived the plaintiffs of their procedural due process rights under the Fourteenth Amendment; The defendants deny that they deprived the plaintiffs of their substantive due process rights under the Fourteenth Amendment; The defendants deny that they deprived the plaintiffs

13

of their equal protection rights under the Fourteenth Amendment; The defendants deny that they deprived the plaintiff students of any constitutional rights; Defendant Autauga County Board of Education denies that it deprived the plaintiffs of any rights under Title IX; Defendant Autauga County Board of Education pleads that it complies with Title IX; The defendants state that *respondeat superior* does not apply; An award of punitive damages in this case would violate the United States Constitution and also the Alabama Constitution (1901); The plaintiffs' claim for punitive damages violates the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments of the United States Constitution; Based on both the Due Process Clause and the Eighth Amendment, on appeal, the constitutionality of an award of punitive damages is to be reviewed using a *de novo* standard, since the jury's award of punitive damages does not constitute a finding of fact; The plaintiffs' claim of punitive damages violates the Due Process Clause of the Alabama Constitution (1901); Plaintiffs' claim for punitive damages violates Article I § 15 of the Alabama Constitution (1901) in that it constitutes an excessive fine as well as cruel and unusual punishment; Plaintiffs' claims of punitive damages violates Article I, § 22 of the Alabama Constitution (1901) in that it violates the prohibition against laws that impair the obligations of contracts; Plaintiffs' claim of punitive damages constitutes an unreasonable and excessive award in that it bears no reasonable relationship to any harm the plaintiffs allegedly suffered as a result of the defendants' conduct or any harm that actually occurred to the plaintiffs; Plaintiffs' claim of punitive damages is subject to the "clear and convincing" and "substantial evidence" standards of proof contained in Alabama Code § 6-11-20(4) (1975) pursuant to the Due Process Clause of the Alabama Constitution (1901); To the extent the plaintiffs claim the defendants have lost their Eleventh Amendment immunity due to acceptance of federal funds (such as arguing a contractual relinquishment of Eleventh Amendment immunity),

the defendants say that their loss of immunity and, hence, their total possible liability here, would be the consideration given by the federal government, namely the amount of federal funds received by the Autauga County Schools, the only federal funds recipient among all the parties; Insofar as the plaintiffs make a claim for attorneys' fees as the prevailing party, the defendants serve notice that they, too, intend to seek attorneys' fees, should they, or any of them, be the prevailing party in this litigation; The defendants plead the defense of statutory immunity, both federal and state; The defendants plead the defenses of sovereign immunity, State-agent immunity, discretionary function immunity and school masters' immunity; The defendants plead the defense of a criminal act of a third party; The defendants plead the plaintiffs have failed to exhaust administrative remedies and, as such, the state law claims are due to be dismissed; The defendants plead that the Court lacks State tort jurisdiction over this matter because the sole remedies of the plaintiffs are administrative; These defendants stand *in loco parentis* to the minor plaintiffs and, as such, the proper burden of proof against them is by clear and convincing evidence, not any other standard; The defendants plead parental immunity because they stand *in loco parentis* of the plaintiff students; The defendants deny the existence of a duty; The defendants deny the breach of any duty; The defendants deny any breach of professional duty; The defendants deny that any action or inaction by them caused or contributed to cause the injuries complained of; The defendants plead the defense of sufficient intervening cause; The defendants plead the defense of lack of proximate cause; The defendants plead privilege; The defendants plead conditional privilege; The defendants plead statutory privilege; The defendants plead the defense of lack of notice and, further, the defenses of laches, waivers, and estoppel; The defendants say the plaintiffs have failed to mitigate damages.

    5.    <u>STIPULATIONS BY AND BETWEEN THE PARTIES:</u>

        (a)    The parties are correctly named.

**This Court has both personal and subject matter** jurisdiction over the parties.

It is ORDERED that:

(1)    The jury selection and trial of this cause, which is to last five (5) days, are set for June 4, 2007, at 10:00 a.m. at the United States Courthouse in Montgomery, Alabama;

(2)    A trial docket will be mailed to counsel for each party approximately three weeks prior to the start of the trial term;

(3)    The parties are to file their pre-trial briefs, if any, May 29, 2007;

(4)    Each party shall have available at the time of trial, for use by the court (the judge, the courtroom deputy clerk, and the law clerk), three copies of the exhibit list and a sufficient number of copies of each photostatically reproducible exhibit for opposing counsel, the courtroom deputy clerk, the law clerk, and the judge to each have a set of the exhibits;

(5)    All deadlines not otherwise effected by this order will remain as set forth in the Uniform Scheduling Order (Doc. #10) entered by the court on January 24, 2006;

(6)    All understandings, agreements, deadlines, and stipulations contained in this Pretrial Order shall be binding on all parties unless this Order be hereafter modified by Order of the Court.

DONE this the 7th day of May, 2007.

                                        /s/ Mark E. Fuller
                                  CHIEF UNITED STATES DISTRICT JUDGE