**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | |
|---|---|
| A.G., a minor child; D.A., a minor child; ) <br> A.L., a minor child; M.K., a minor child; ) <br> and M.H., a minor child; ) <br> ) <br>     PLAINTIFFS, ) <br> ) <br> VS. ) <br> ) <br> AUTAUGA COUNTY BOARD OF ) <br> EDUCATION, et al., ) <br> ) <br>     DEFENDANTS. ) | CASE NO: 2:05-CV-1090-MEF |

_____

| | |
|---|---|
| B.H., a minor child, by and through his ) <br> mother and next of friend, D.S., ) <br> ) <br>     PLAINTIFFS, ) <br> ) <br> VS. ) <br> ) <br> AUTAUGA COUNTY BOARD OF ) <br> EDUCATION, et al., ) <br> ) <br>     DEFENDANTS. ) <br> ) | CASE NO: 2:06-CV-0393-MEF |

**DEFENDANT'S REQUESTED JURY CHARGES**

COMES NOW Defendant Autauga County Board of Education and respectfully moves the Court to include each of the following instructions in its charge to the jury in this case:

Eleventh Circuit Pattern Charges

1.    Pattern Charge 2.3 – Consideration Of The Evidence, Duty To Follow Instructions,

Governmental Entity Or Agency Involved

Given _____ Refused _____

2.   Pattern Charge 3.0 – Credibility of Witnesses

Given _____ Refused _____

3.   Pattern Charge 4.1 – Impeachment of Witnesses, Inconsistent Statement

Given _____ Refused _____

4.   Pattern Charge 6.1 – Burden of Proof When Only Plaintiff Has Burden of Proof

Given _____ Refused _____

5.   Pattern Charge 7.1 – Duty to Deliberate When Only The Plaintiff Claims Damages

Given _____ Refused _____

6.   Pattern Charge 6.1 – Attorney Fees and Court Costs

Given _____ Refused _____

<u>Other Charges</u>

7.   <u>Board of Education's Liability Under Title IX</u>

The plaintiffs in this case have sued the Autauga County Board of Education under Title IX of the Education Amendments of 1972 ("Title IX"), which prevents discrimination on the basis of sex (gender) in the provision of educational programs or activities. Where, as in this case, an alleged violation of Title IX is based upon the alleged sexual abuse of students by a substitute teacher, the board of education can properly be held liable in damages only where it was deliberately indifferent to sexual abuse, of which it has actual knowledge, and which abuse deprived the victims of access to the educational opportunities or benefits provided by the school. Under Title IX, a school board can only be held liable in a private damages action where its own deliberate indifference effectively causes the discrimination.

In answering whether the school board was deliberately indifferent to abuse about which it had actual knowledge, it is necessary to examine who, within the school system,

must have notice of the abuse for the school board to be considered to have actual knowledge. The board of education may not be held liable for damages under Title IX unless "an official who at a minimum has authority to address the alleged discrimination and to institute corrective measures on the school board's behalf has actual knowledge of the discrimination" and fails to take reasonable action in response. This Court has previously determined that Mr. Butler is the appropriate official in this case. In order to find the board of education liable, you must therefore find from the evidence presented to you that Mr. Butler actually knew of sexual abuse or sexual harassment by Colonel Terry Wright at a time when further abuse could have been presented, and that he had authority to take corrective action which would have prevented further abuse, and that he deliberately – that is intentionally, as opposed to merely carelessly or negligently – failed or refused to take action to prevent further abuse.

From: *Gebser v. Lago Vista Indep. Sch. Dist.*, 524 U.S. 274, 290, 118 S. Ct. 1989, 141 L. Ed. 2d 277 (1998).

Given _____ Refused _____


8.     Meaning of Actual Notice

The actual notice requirement has been interpreted to mean that "first, some supervisor with authority to take corrective action was placed on notice of the bad conduct. Second, the supervisor possessing this authority was a school official high enough up in the chain-of-command that his acts constitute an official decision by the school district itself not to remedy the misconduct."

*Floyd v. Waiters*, 171 F.3d 1264 (11th Cir.), cert. denied, 528 U.S. 891, 120 S. Ct. 215, 145 L. Ed. 2d. 181 (1999).


Given _____ Refused _____


9.     Deliberate Indifference

"[I]t is not enough for a § 1983 plaintiff merely to identify conduct properly attributable to the municipality." [*Bd. of County Comm'rs of Bryan County v. Brown*, 520 U.S. 397,] at 404 , 117 S. Ct. [1382] at 1388 [(1997)]. Rather, "[a] plaintiff must show that the municipal action was taken with the requisite degree of culpability, i.e., that the municipal

action was taken with 'deliberate indifference' to its known or obvious consequences." *Davis* [*v. Dekalb County Sch. Dist.*], 233 F.3d [1367] at 1375-76 (citing *Brown*, 520 U.S. at 407, 117 S. Ct. at 1390).

*Sauls v. Pierce Co. School Dist.*, 399 F.3d 1279, 1284 (11th Cir. 2005). (Bracketed material within citations added).

Given _____ Refused _____

10.    Clear and Convincing Standard of Proof

For any acts that occurred while A.G., D.A., M.H., M.K., A.L. and B.H. were students within the Autauga County School system, the burden of proof is upon the plaintiffs to satisfy you by clear and convincing evidence of the truthfulness of the matters and things claimed by the plaintiffs before the plaintiffs would be entitled to recover.

FROM: APJI 8.00, changing the "in loco parentis" standard contained in *Suits v. Glover*, 260 Ala. 449, 71 So.2d 49 (1954), and citing the clear and convincing standard of the parental immunity law cited in Roberts & Cusimano, Alabama Tort Law Handbook.

Given _____ Refused _____

11.    Sympathy or Bias

The Court charges that if you are sympathetic or biased in favor of or against either the plaintiffs or the defendants in this case, you should not allow such prejudice or sympathy to influence you in your verdict. No sympathy of any kind or prejudice of any sort for or against either side should play any part in your decision. Your verdict must be based on facts you find from the evidence and not on the emotions you feel.

FROM:    APJI CIVIL 1.12

Given _____ Refused _____

12.    Truthfulness of Witnesses

If you find any witness to be untruthful in any respect, you may disregard any or all the testimony of that witness as it relates to the facts of this case.

Given _____ Refused _____

13. <u>Mathematical Formulas</u>

The suggestion of counsel in argument of a mathematical formula to compensate the plaintiffs for pain and suffering is not an improper argument, but neither this nor any other argument is evidence in the case. There is no legal yardstick by which such damages are measured. You are the sole judges of what amount of damages should be assessed in the event you find for the plaintiffs. In any event, your verdict must be based upon evidence and not upon speculation, guess, or conjecture.

FROM:     APJI 11.21

Given _____ Refused _____

14. <u>Inference Defined</u>

An inference of a fact is a conclusion of the existence of a fact not known or proved, which may reasonably arise from facts that are known or proved.

FROM:     APJI 15.00

Given _____ Refused _____

15. <u>Multiple Inferences Not Permitted</u>

The jury may draw reasonable inferences from the evidence, but there must be a reasonable connection between the fact proved and the ultimate fact inferred. Inferences may be drawn only from facts established by evidence. Any inference may not be based on another inference.

FROM:     APJI 15.01

Given _____ Refused _____

16. <u>Credibility of Witnesses</u>

You are the sole judges of the evidence and of the credibility of the witnesses. You may accept or reject any part of the testimony of any witness and you should accept only the testimony you consider worthy of belief. In determining the weight to be accorded the testimony of any witness, you may consider the demeanor of the witness while on the witness

5

stand; his or her apparent candor or evasion or the existence or non-existence of any bias or interest.

FROM:   APJI 15.02

Given _____ Refused _____

17. <u>Reasonable Satisfaction From The Evidence</u>

The Court charges you, the jury, that if, after full and fair consideration of all the evidence in this case, the mind of any one or more of the jury is not reasonably satisfied from the evidence that the plaintiffs are entitled to recover against the defendants, you cannot return a verdict in favor of the plaintiffs and against the defendants.

Given _____ Refused _____

18. <u>Clear And Convincing Evidence</u>

Clear and convincing evidence is evidence that, when weighed against evidence in opposition, will produce in your minds a firm conviction as to each essential element of the claim and a high probability as to the correctness of the conclusion.

Ala. Code § 6-11-20.

Given _____ Refused _____

19. <u>Certainty of Damages</u>

To be compensable, damages must be direct and reasonably certain, not remote and/or speculative.

C. Gamble, Alabama Law of Damages, § 7-1 (2d Ed. 1988).

Given _____ Refused _____

20. <u>Unanimous Verdict</u>

The Court charges you that any verdict rendered in this case must be in the unanimous verdict of all of you.

Given _____ Refused _____

21.  No Presumption of Right to Recovery

The Court charges you that the mere fact that the plaintiffs brought this action against the defendants is not evidence that the plaintiffs are entitled to recover. This is merely the means of bringing this matter to you for your decision.

Given _____ Refused _____

22.  Equal Standing Among Parties

This case should be considered and decided by you as an action between persons of equal standing in the community and holding the same or similar stations in life. A teacher or employee of an educational institution is entitled to the same fair trial at your hands as is a private individual, and all persons, including school employees and teachers, stand equal before the law and are to be dealt with as equals in a court of justice.

Given _____ Refused _____

23.  Bias of Witnesses

In determining what the true facts are from the evidence, you may take into consideration any natural interest or bias a witness may have as a result of any connection with the case. You may take into consideration the interest or bias a witness may have shown while testifying. You may take into consideration the demeanor of any witness as to whether the witness has apparently testified frankly or evasively. You make take into consideration any matter which you would in your everyday affairs in passing upon the truthfulness and accuracy of the testimony. Weigh the testimony in the light of your common observation and experience and reach a verdict that will be based upon the truth as you determine it from all of the evidence.

Given _____ Refused _____

24.  Statements of Counsel Not Evidence

An attorney is an officer of the court. It is his or her duty to present evidence on behalf of his or her client, to make such objections as he or she deems proper, and to fully argue his or her client's case. An attorney's statements and arguments are intended to help you understand the evidence and apply the law. However, they are not evidence and you should disregard any remark, statement, or argument which is not supported by the evidence

7

or by the law as given to you by the court.

Given _____ Refused _____

25. <u>Burden of Proof – Different Action by Defendants</u>

The Court charges you that the plaintiffs do not fulfill their burden of proof in this case simply by evidence suggesting that they would not have been damaged if the defendant Autauga County Board of Education had acted in some way different from the way it did at the time.

Given _____ Refused _____

26. <u>Plaintiffs Bear Burden of Proof</u>

The Court charges you that the defendant Autauga County Board of Education does not have the burden of proof in this case. The plaintiffs do. The defendant does not have to prove it was free from fault. Instead, it is the plaintiffs who have the burden to prove to your reasonable satisfaction from the evidence that the injuries proximately resulted because of fault by the defendant Autauga County Board of Education. If the plaintiffs fail to prove this by the evidence, your verdict must be for the defendant Autauga County Board of Education. If the plaintiffs fail to prove this against the defendant Autauga County Board of Education, you may not return a verdict in favor of the plaintiffs. If the plaintiffs fail to meet their burden of proof, you must return a verdict in favor of the defendant Autauga County Board of Education.

Given _____ Refused _____

27. <u>Consideration of All Evidence</u>

The Court charges you that you are not bound by the testimony of any single witness, and in reaching your verdict in this case, you are entitled to take into consideration all of the evidence in this case.

Given _____ Refused _____

28. <u>Malpractice - Non-medical Professionals</u>

It is the duty of an educator in his or her profession to use that degree knowledge, skill, and care ordinarily possessed and used by members of that profession, and to perform any service undertaken, as an educator in a manner that a reasonably prudent educator would

use under the same or similar circumstances.

APJI 25.20

Given _____ Refused _____

                                  Respectfully submitted,

                                  *s/Katherine C. Hortberg*
                                  Mark S. Boardman (ASB-8572-B65M)
                                  *E-mail:* mboardman@boardmancarr.com
                                  Katherine C. Hortberg (ASB-5374-B34K)
                                  *E-mail:* khortberg@boardmancarr.com
                                  BOARDMAN, CARR & HUTCHESON, P.C.
                                  400 Boardman Drive
                                  Chelsea, Alabama 35043-8211
                                  Telephone: (205) 678-8000
                                  Facsimile: (205) 678-0000

## **CERTIFICATE OF SERVICE**

       I hereby certify that I have on this **18th** day of **May, 2007**, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

| | |
|---|---|
| Michael J. Crow, Esq. | Robert D. Drummond, Jr., Esq. |
| BEASLEY, ALLEN, CROW, METHVIN, | 323 De La Mare Avenue |
| PORTIS & MILES, P.C. | Fairhope, Alabama 36532 |
| P. O. Box 4160 | |
| Montgomery, Alabama 36103-4160 | Mr. Terry C. Wright, AIS 247561 |
| | Limestone Correctional Facility, Dorm 16 |
| | 28779 Nick Davis Road |
| | Harvest, AL 35749-7009 |

                                  *s/Katherine C. Hortberg*
                                  OF COUNSEL