IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| A.G., a minor child; D.A., a minor child; A.L., a minor child; M.K., a minor child; and M.H., a minor child; | ) ) ) ) | |
| PLAINTIFFS, | ) ) ) | CASE NO: 2:05-CV-1090-MEF |
| VS. | ) ) | |
| AUTAUGA COUNTY BOARD OF EDUCATION, et al., | ) ) ) | |
| DEFENDANTS. | ) | |
| B.H., a minor child, by and through his mother and next of friend, D.S., | ) ) ) | |
| PLAINTIFFS, | ) ) ) | |
| VS. | ) ) | CASE NO: 2:06-CV-0393-MEF |
| AUTAUGA COUNTY BOARD OF EDUCATION, et al., | ) ) ) | |
| DEFENDANTS. | ) ) | |

**DEFENDANT'S BRIEF IN SUPPORT OF THIRD MOTION IN LIMINE**

**COMES NOW** Defendant Autauga County Board of Education and provides this Honorable Court with the following brief in support of its Third Motion in Limine:

This defendant requests that this Court enter an order in limine prohibiting any testimony, reference, or statement by plaintiffs' expert witness Dr. Marianne Rosenzweig about Board policy or procedure. Plaintiffs' expert witness, Dr. Rosenzweig, provided a

report and deposition testimony on the Board's sexual harassment policy and procedure. However, under Federal Rule of Evidence 702, plaintiffs' expert is not qualified to provide any trial testimony on any policy or procedure of Defendant Autauga County Board of Education. In *City of Tuscaloosa v. Harcros Chems., Inc.*, 158 F.3d 548, 562 (11th Cir. 1998), the Eleventh Circuit set out the three part inquiry which must be made in determining the admissibility of expert testimony under Rule 702:

> (1) the expert is qualified to testify competently regarding the matters he intends to address; (2) the methodology by which the expert reaches his conclusions is sufficiently reliable as determined by the sort of inquiry mandated in Daubert; and (3) the testimony assists the trier of fact, through the application of scientific, technical, or specialized expertise, to understand the evidence or to determine a fact in issue.

*Id.* (citing to *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. at 589, 113 S. ct. at 2794) The plaintiffs bear the burden of showing that Dr. Rosenzweig is qualified to testify competently regarding the policies of the Autauga County Board of Education, the methodology by which she reached her conclusions is sufficiently reliable, and the testimony she will provide assists the trier of fact. Such showing cannot be made by the plaintiffs.

The plain language of Federal Rule of Civil Procedure 702 provides how an expert witness may be qualified to offer an opinion: "knowledge, skill, experience, training, or education." Dr. Rosenzweig testified during her deposition that her only training for preparing a protocol on investigating sexual harassment or sexual abuse claims is attending "a number of workshops over the years" and doing "a lot of reading in the literature about those issues as well." (Depo. of Rosenzweig, p. 132) She has never been employed as an

educator at an elementary, intermediate or high school level. (Id. at pp. 120-121) Dr. Rosenzweig has never obtained an Alabama teaching certificate. (Id. at p. 122) She has never been an administrator at the elementary, intermediate or high school level. (Id. at pp. 122-123) Plaintiffs' expert has never been employed to prepare a policy for any school public district, either at the elementary, intermediate or high school level. (Id. at p. 123) The only input she has ever had regarding an educational institution's sexual harassment policy was twenty-five years ago when she was on a committee at the University of Alabama to draft a sexual harassment policy. (Id. at pp. 125-126) She did not participate in the drafting or adoption of the Autauga County Board of Education sexual harassment policy. (Id. at pp. 178-179) Clearly, Dr. Rosenzweig does not possess any of the "knowledge, skill, experience, training, or education" required by Federal of Evidence 702. Thus, the plaintiffs cannot overcome the first hurdle for admitting Dr. Rosenzweig's testimony on the policies and procedures of the Autauga County Board of Education.

Further, any such testimony is immaterial and irrelevant to the issue remaining in this case. See F.R.E. 402. This Court has determined that the board's policies are not at issue in these cases. (5/11/07 Order, p. 28) The only remaining issue is what Mr. Butler knew on or before October 29, 2004. Dr. Rosenzweig is not qualified to provide an expert opinion regarding this issue. Therefore, Defendant Autauga County Board of Education respectfully requests an order in limine prohibiting any testimony, statement or reference to any opinion by plaintiffs' expert regarding this defendant's sexual harassment policy and procedure.

Respectfully submitted,

*s/Katherine C. Hortberg*
Mark S. Boardman (ASB-8572-B65M)
*E-mail:* mboardman@boardmancarr.com
Katherine C. Hortberg (ASB-5374-B34K)
*E-mail:* khortberg@boardmancarr.com
BOARDMAN, CARR & HUTCHESON, P.C.
400 Boardman Drive
Chelsea, Alabama 35043-8211
Telephone: (205) 678-8000

### CERTIFICATE OF SERVICE

I hereby certify that I have on this **18th** day of **May, 2007**, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Michael J. Crow, Esq.
BEASLEY, ALLEN, CROW, METHVIN, PORTIS & MILES, P.C.
P. O. Box 4160
Montgomery, Alabama 36103-4160

Robert D. Drummond, Jr., Esq.
323 De La Mare Avenue
Fairhope, Alabama 36532

Mr. Terry C. Wright, AIS 247561
Limestone Correctional Facility, Dorm 16
28779 Nick Davis Road
Harvest, AL 35749-7009

*s/Katherine C. Hortberg*
OF COUNSEL