**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

A.G., a minor child; D.A., a minor child;  )
A.L., a minor child; M.K., a minor child;  )
and M.H., a minor child;  )
  )
    **PLAINTIFFS,**  )
  )    **CASE NO: 2:05-CV-1090-MEF**
VS.  )
  )
AUTAUGA COUNTY BOARD OF  )
EDUCATION, et al.,  )
  )
    **DEFENDANTS.**  )
_____
B.H., a minor child, by and through his  )
mother and next of friend, D.S.,  )
  )
    **PLAINTIFFS,**  )
  )
VS.  )    **CASE NO: 2:06-CV-0393-MEF**
  )
AUTAUGA COUNTY BOARD OF  )
EDUCATION, et al.,  )
  )
    **DEFENDANTS.**  )

## DEFENDANT'S FOURTH MOTION IN LIMINE

COMES NOW Defendant Autauga County Board of Education and moves for an order in limine precluding any evidence, examination or argument concerning any failure of this defendant to impose punishment on Colonel Terry Wright as the result of the alleged incident at Prattville Intermediate School.  As grounds for this motion, the defendant shows as follows:

1.    In *D.A.C. v. Thrasher*, 655 So. 2d 959 (Ala. 1995), the plaintiff student alleged

that she had been sexually abused by her teacher. She sued her school principal under state and federal laws, claiming that the principal's failure to report the names of two other female students who previously alleged sexual harassment by the same teacher had enabled the teacher to stay in the school and resulted in the plaintiff's injury. The trial court entered summary judgment for the principal, which the Alabama Supreme Court affirmed. The Court reasoned in its affirming opinion that:

> Certainly, it can be reasonably inferred from the evidence that the principal's failure to disclose the names to the superintendent resulted in no hearing being held by the board; however, there is simply no way of making an informed decision as to whether, if the names had been disclosed and a hearing had been held, the teacher would have been fired and, thus, removed from the school. To allow a jury to simply guess as to how the board of education would have found and ruled if charges had been brought against the teacher would violate our well-established rule against allowing juries to base their verdicts on pure conjecture or speculation.

*Id.* at 962. As in *D.A.C. v. Thrasher*, it would be impossible to determine whether, if punitive sanctions had been initiated against Col. Wright after October 20, 2004, he would not have been called by Mr. Abraham to substitute teach at the elementary school. Both Mr. Abraham and his assistant principal used substitute lists from previous months on October 29, 2004 when contacting substitute teachers. Evidence or argument that Col. Wright was not disciplined by the Board would have no probative value as to any claim made by the plaintiffs, and would encourage the jury to base its verdict on pure conjecture or speculation. Such evidence should therefore be excluded on this basis. See *Williamson Oil Co. v. Philip Morris USA*, 346 F.3d 1287, 1302 (11th Cir. 2003) (Evidence could not properly be

considered "if it required the jury to 'engage in speculation and conjecture to such a degree as to render its finding "a guess or mere possibility") (quoting *Williamson Oil Co. v. Philip Morris Cos.*, 231 F. Supp. 2d 1253, 1271 (N.D. Ga., 2002)) (further quoting *Daniels v. Twin Oaks Nursing Home*, 692 F.2d 1321, 1326 (11th Cir. 1982)). See also *Pickett v. Tyson Fresh Meats, Inc.*, 315 F. Supp. 2d 1172, 1177 (M.D. Ala., 2004) (jury verdict cannot be based on speculation or conjecture).

Respectfully submitted,

*s/Katherine C. Hortberg*
Mark S. Boardman (ASB-8572-B65M)
*E-mail:* [mboardman@boardmancarr.com](mailto:mboardman@boardmancarr.com)
Katherine C. Hortberg (ASB-5374-B34K)
*E-mail:* [khortberg@boardmancarr.com](mailto:khortberg@boardmancarr.com)
BOARDMAN, CARR & HUTCHESON, P.C.
400 Boardman Drive
Chelsea, Alabama 35043-8211
Telephone: (205) 678-8000
Facsimile: (205) 678-0000

## CERTIFICATE OF SERVICE

I hereby certify that I have on this **18th** day of **May, 2007**, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Michael J. Crow, Esq.
BEASLEY, ALLEN, CROW, METHVIN,
PORTIS & MILES, P.C.
P. O. Box 4160
Montgomery, Alabama 36103-4160

Robert D. Drummond, Jr., Esq.
323 De La Mare Avenue
Fairhope, Alabama 36532

Mr. Terry C. Wright, AIS 247561
Limestone Correctional Facility, Dorm 16
28779 Nick Davis Road
Harvest, AL 35749-7009

*s/Katherine C. Hortberg*
OF COUNSEL