**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | |
|---|---|
| A.G., a minor child; D.A., a minor child; A.L., a minor child; M.K., a minor child; and M.H., a minor child;<br><br>    PLAINTIFFS,<br><br>VS.<br><br>AUTAUGA COUNTY BOARD OF EDUCATION, et al.,<br><br>    DEFENDANTS. | )<br>)<br>)<br>)<br>)<br>)<br>)   CASE NO: 2:05-CV-1090-MEF<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| B.H., a minor child, by and through his mother and next of friend, D.S.,<br><br>    PLAINTIFFS,<br><br>VS.<br><br>AUTAUGA COUNTY BOARD OF EDUCATION, et al.,<br><br>    DEFENDANTS. | )<br>)<br>)<br>)<br>)<br>)<br>)   CASE NO: 2:06-CV-0393-MEF<br>)<br>)<br>)<br>)<br>)<br>) |

**DEFENDANT'S FIFTH MOTION IN LIMINE**

COMES NOW Defendant Autauga County Board of Education and moves for an order in limine prohibiting the following areas of testimony, reference, or statement:

1) What employees or members of the Autauga County Board of Education may have said and any actions taken by the Autauga County Board of Education or its members or employees in response to the incident made the basis of these lawsuits. The issue here is what Mr. Butler knew prior to October 29, 2004, and events happening after that cannot prove (or disprove) deliberate indifference on October 29, 2004. Such testimony would be

highly prejudicial and is not relevant to the incident made the basis of this suit. Obviously, any statements made by the board or its employees or members, including any press statements, occurred after the incident and therefore cannot be said to have caused the incident. Likewise, any subsequent measures taken by the Autauga County Board of Education would either not be relevant or would be prohibited from evidence as being subsequent remedial measures. Any such statements would be hearsay under F.R.E. 802.

2) Any concern or lack of concern allegedly demonstrated by any employee of the Autauga County Board of Education. Such testimony would be highly prejudicial and not relevant to the incident made the basis of this suit. Jurors could be improperly influenced by an allegation that the defendants were not concerned about the alleged incident made the basis of this suit, or the incident at Prattville Intermediate School involving Colonel Wright, or not sufficiently concerned, even though the sympathy or lack of sympathy demonstrated by any defendant has no bearing on liability or damages.

3) That the defendant has in any way been uncooperative in any manner during any stage of discovery. Such is not relevant, and would be unfairly prejudicial to the defendant. The defendant seeks an order prohibiting the plaintiffs or their attorneys from making any request in front of a jury that counsel for the defendant produce or supply any document, statement, pleading, photograph or other tangible item. The defendant asks that any such requests be made outside the presence of the jury, so as to avoid prejudice. Since the defendant's attorneys would be unaware the request is forthcoming, such a tactic could

be intended only to make the defendant's attorneys appear unprepared.

4) That any of the attorneys involved in this case is "an attorney for school boards," "an attorney for insurance companies," "an attorney for people who have been injured in accidents," "an attorney who defends companies or people who injure people," or any such similar comments. Such comments are prejudicial and objections to them merely call attention to the prejudicial nature of the comment. The undersigned counsel and their firm maintain a general practice, including acting as attorneys for either plaintiffs or defendants in lawsuits, closing real estate transactions representing home buyers, drafting contracts and wills, forming corporations and other entities, handling collection matters, etc. Thus, with regard to the undersigned and their firm, such comments as identified above are not only prejudicial, but incorrect. Furthermore, comments of the nature identified herein are immaterial, either in evidence, argument, or voir dire and should be precluded.

WHEREFORE, the defendants move for an Order or Orders, in limine, precluding any testimony by the plaintiffs, examination of the plaintiffs by their attorneys, documentary or other evidence, argument by counsel or other suggestion or mention whatsoever of the matters addressed in each of the preceding paragraphs.

Respectfully submitted,

*s/Katherine C. Hortberg*
Mark S. Boardman (ASB-8572-B65M)
*E-mail: mboardman@boardmancarr.com*
Katherine C. Hortberg (ASB-5374-B34K)
*E-mail: khortberg@boardmancarr.com*

                BOARDMAN, CARR & HUTCHESON, P.C.
                400 Boardman Drive
                Chelsea, Alabama 35043-8211
                Telephone: (205) 678-8000
                Facsimile: (205) 678-0000

## **CERTIFICATE OF SERVICE**

     I hereby certify that I have on this **18th** day of **May, 2007**, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Michael J. Crow, Esq.
BEASLEY, ALLEN, CROW, METHVIN,
PORTIS & MILES, P.C.
P. O. Box 4160
Montgomery, Alabama 36103-4160

Robert D. Drummond, Jr., Esq.
323 De La Mare Avenue
Fairhope, Alabama 36532

Mr. Terry C. Wright, AIS 247561
Limestone Correctional Facility, Dorm 16
28779 Nick Davis Road
Harvest, AL 35749-7009

                *s/Katherine C. Hortberg*
                OF COUNSEL