**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | |
|---|---|
| A.G., a minor child; D.A., a minor child; ) <br> A.L., a minor child; M.K., a minor child; ) <br> and M.H., a minor child; ) <br> ) <br> PLAINTIFFS, ) <br> ) <br> VS. ) <br> ) <br> AUTAUGA COUNTY BOARD OF ) <br> EDUCATION, et al., ) <br> ) <br> DEFENDANTS. ) | CASE NO: 2:05-CV-1090-MEF |
| B.H., a minor child, by and through his ) <br> mother and next of friend, D.S., ) <br> ) <br> PLAINTIFFS, ) <br> ) <br> VS. ) <br> ) <br> AUTAUGA COUNTY BOARD OF ) <br> EDUCATION, et al., ) <br> ) <br> DEFENDANTS. ) | CASE NO: 2:06-CV-0393-MEF |

**DEFENDANT'S SIXTH MOTION IN LIMINE**

COMES NOW Defendant Autauga County Board of Education and moves for an order in limine precluding the introduction into evidence, or any examination, testimony or argument concerning any law enforcement agency's investigation report of the Prattville Intermediate School incident or the incident at Prattville Elementary School made the basis of this suit, including specifically the report by the Prattville Police Department from Lawrence Horn. As grounds for this motion, the defendant shows as follows:

1.   The police report is hearsay, inadmissible under Rule 802, F.R.E., and not within any exception to the hearsay rule. The report at issue resulted from an interview with Lawrence Horn and his daughter, Shelby Horne, at the Prattville Police Department on October 21, 2004.  It is not based on any direct observations of the reporting officer and is therefore inadmissible.

The U.S. District Court for the Southern District of Georgia recently considered the extent to which police reports may be admissible, and observed the following:

> Under *Beech Aircraft Corp. v. Rainey*, 488 U.S. 153, 109 S. Ct. 439, 102 L. Ed. 2d 445 (1988), factual findings and matters observed by a public official, such as a police officer, contained in public records, such as police reports, can be allowed in as admissible evidence under the public records exception to the hearsay rule. *Beech Aircraft Corp.*, 488 U.S. at 169-170, 109 S. Ct. 439; see also FED. R. EVID. § 803(8)(C); *Miller v. Field*, 35 F.3d 1088, 1091 (6th Cir.1994); *Baker v. Elcona Homes Corp.*, 588 F.2d 551, 556 (6th Cir.1978); Russell, J., BANKRUPTCY EVIDENCE MANUAL, § 803.20 at 1051 (2003 Edition). ***However, statements contained in police reports made by bystanders, witnesses, and other pertinent individuals are not allowed in as admissible evidence under the Federal Rules of Evidence § 805***. FED. R. EVID. § 805; see also *Miller*, 35 F.3d at 1091; Russell, supra. Hearsay within hearsay subject to an exception is not admissible. See id.

*Joseph v. Kimple*, 343 F. Supp. 2d 1196, 1204 (D. Ga., 2004) (quoting *In re Byrd*, 294 B.R. 808, 811-12 (Bankr. M.D.Ga. 2003)).  (Emphasis added).  The report made by the Prattville Police Department presumably would be offered by the plaintiffs as proof that Colonel Terry Wright committed some act at Prattville Intermediate School. Such a report is hearsay.  The reporting officer was not a witness to any alleged incident at Prattville Intermediate School, and, therefore the statements in the report are not his own observations and they are not

entitled to the presumption of reliability afforded public records.  Even if the report were admissible under an exception to the hearsay rule, any statement by Lawrence Horn or Shelby Horne is hearsay within that report and therefore inadmissible. The police report must therefore be excluded.

    2.    Further, this Court's May 11, 2007 Order refined the issue in this case to whether Mr. Butler was deliberately indifferent on or before October 29, 2004.  The discovery does not indicate that anyone else provided information to Mr. Butler. None of the parents of students or students themselves spoke with Mr. Butler regarding their feeling uncomfortable around Colonel Wright on October 20, 2004.  The Prattville Police Department did not advise Mr. Butler of its investigation or its findings in regard to the intermediate school.  Accordingly, any such incident report is immaterial and irrelevant pursuant to F.R.E. 402.

    Respectfully submitted,

*s/Katherine C. Hortberg*
Mark S. Boardman (ASB-8572-B65M)
*E-mail: mboardman@boardmancarr.com*
Katherine C. Hortberg (ASB-5374-B34K)
*E-mail: khortberg@boardmancarr.com*
BOARDMAN, CARR & HUTCHESON, P.C.
400 Boardman Drive
Chelsea, Alabama 35043-8211
Telephone:  (205) 678-8000
Facsimile:  (205) 678-0000

**CERTIFICATE OF SERVICE**

    I hereby certify that I have on this **18th** day of **May, 2007**, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Michael J. Crow, Esq.
BEASLEY, ALLEN, CROW, METHVIN,
PORTIS & MILES, P.C.
P. O. Box 4160
Montgomery, Alabama 36103-4160

Robert D. Drummond, Jr., Esq.
323 De La Mare Avenue
Fairhope, Alabama 36532

Mr. Terry C. Wright, AIS 247561
Limestone Correctional Facility, Dorm 16
28779 Nick Davis Road
Harvest, AL 35749-7009

                    *s/Katherine C. Hortberg*
                      OF COUNSEL