**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | |
|---|---|
| A.G., a minor child; D.A., a minor child; ) <br> A.L., a minor child; M.K., a minor child; ) <br> and M.H., a minor child;                       ) <br> ) <br>     PLAINTIFFS,                         ) <br> ) <br> VS.                                        ) <br> ) <br> AUTAUGA COUNTY BOARD OF        ) <br> EDUCATION, et al.,                         ) <br> ) <br>     DEFENDANTS.                         ) | **CASE NO: 2:05-CV-1090-MEF** |

_____

| | |
|---|---|
| B.H., a minor child, by and through his  ) <br> mother and next of friend, D.S.,              ) <br> ) <br>     PLAINTIFFS,                         ) <br> ) <br> VS.                                        ) <br> ) <br> AUTAUGA COUNTY BOARD OF        ) <br> EDUCATION, et al.,                         ) <br> ) <br>     DEFENDANTS.                         ) | **CASE NO: 2:06-CV-0393-MEF** |

**DEFENDANT'S SEVENTH MOTION IN LIMINE**

COMES NOW Defendant Autauga County Board of Education and moves this Court for an order in limine precluding plaintiffs, counsel for plaintiffs, and/or plaintiffs' witnesses from presenting to or bringing before the jury, directly or indirectly, any evidence, argument, or statements relating to the following matters:

    1.    Any matter, claim, statement, or reference to any other litigation, including but not limited to litigation involving the Autauga County Board of Education, Joseph L. Butler

or Colonel Terry Wright.

2.     Any matter, claim, or charge of sexual misconduct of any nature other than those directly related to those set forth in the First Amended Complaints in the A.G. case and the B.H. case.

3.     Any statements or reports relating to tort allegations made against the defendant or its employees other than for the incident alleged in the First Amended Complaints in this case.

4.     Any reference whatsoever concerning prior bad acts allegedly done by the defendant or its employees to any other persons not parties to this suit.

5.     Any matters which pertain to any employee, ex-employee or job applicant of the Autauga County Board of Education claiming some type of discrimination.

6.     Any matters pertaining to employment practices or disciplinary actions taken by this defendant towards any person other than the parties named herein.

7.     Any reference whatsoever about this defendant having ever been sued in any other court of law.  In support of this motion, defendant assign the following grounds:

(a)     Such evidence is explicitly inadmissible under Federal Rules of Evidence 404 and 403.  Additionally, such evidence is highly prejudicial to this defendant. See F.R.E. 403, 404.

(b)     Since disclosure of any information of non-parties by a school system such as the defendant violates federal law under the Buckley Amendment (34 CFR 99.1 et.

2

seq., also known as the "Family Educational Rights and Privacy Act"), the defendant would be unfairly hampered by the fact that its agents or employees could not respond to allegations made against it by defending itself based upon the record.

(c)    Any offer of proof or reference by counsel to any of the foregoing matters, <u>if made in the presence of the jury</u>, will be highly and unfairly prejudicial to this defendant and such prejudice cannot be overcome by any cautionary or other instructions to the jury.

(d)    Objection by defendant's counsel during the course of the trial to the presentation of evidence or reference to any of the above matters, even if such objections are sustained and accompanied by instructions to the jury, will not remove such prejudice.

(e)    It is respectfully submitted that the matters set forth above are either not relevant and material or any probative value which the matters may have is far outweighed by undue tendencies to unfairly prejudice the defendant or confuse the issues to be tried or to mislead the jury or to unduly delay and complicate the trial.

WHEREFORE, Defendant Autauga County Board of Education prays that this Court enter an order in limine directing the plaintiffs, their witnesses, and their lawyers not to mention or refer, either directly or indirectly, to any of the foregoing matters <u>in the presence of the jury</u>. Defendant prays that this Court instruct and direct that during the course of trial, before anyone may mention or refer to any of the matters set forth above for any purpose whatsoever, trial counsel must first make an offer of proof to the Court out of the presence of the jury.

Respectfully submitted,

*s/Katherine C. Hortberg*
Mark S. Boardman (ASB-8572-B65M)
*E-mail:* mboardman@boardmancarr.com
Katherine C. Hortberg (ASB-5374-B34K)
*E-mail:* khortberg@boardmancarr.com
BOARDMAN, CARR & HUTCHESON, P.C.
400 Boardman Drive
Chelsea, Alabama 35043-8211
Telephone: (205) 678-8000
Facsimile: (205) 678-0000

**CERTIFICATE OF SERVICE**

I hereby certify that I have on this **18th** day of **May, 2007**, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Michael J. Crow, Esq.
BEASLEY, ALLEN, CROW, METHVIN,
PORTIS & MILES, P.C.
P. O. Box 4160
Montgomery, Alabama 36103-4160

Robert D. Drummond, Jr., Esq.
323 De La Mare Avenue
Fairhope, Alabama 36532

Mr. Terry C. Wright, AIS 247561
Limestone Correctional Facility, Dorm 16
28779 Nick Davis Road
Harvest, AL 35749-7009

*s/Katherine C. Hortberg*
OF COUNSEL

4