IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| A.G., a minor child; D.A., a minor child; A.L., a minor child; M.K., a minor child; and M.H., a minor child;  )<br>)<br>PLAINTIFFS,  )<br>)<br>VS.  )<br>)<br>AUTAUGA COUNTY BOARD OF EDUCATION, et al.,  )<br>)<br>DEFENDANTS.  ) | CASE NO: 2:05-CV-1090-MEF |
| B.H., a minor child, by and through his mother and next of friend, D.S.,  )<br>)<br>PLAINTIFFS,  )<br>)<br>VS.  )<br>)<br>AUTAUGA COUNTY BOARD OF EDUCATION, et al.,  )<br>)<br>DEFENDANTS.  ) | CASE NO: 2:06-CV-0393-MEF |

**DEFENDANT'S EIGHTH MOTION IN LIMINE**

COMES NOW Defendant Autauga County Board of Education and files this motion in limine requesting the Court either hold a hearing prior to opening statements as to which witnesses will be called or restrict the parties in opening regarding the testimony of witnesses whose testimony is relevant to claims which failed to survive summary judgment. For example, the testimony of parents at a school other than the plaintiffs' school is no longer relevant to this case since the issue for Title IX liability is whether the superintendent acted with deliberate indifference. Since the parents of other students at other schools did not talk

to the superintendent, then their testimony cannot be relevant.

1. Mentioning the proposed testimony of the parents of other students in opening risks prejudicing the jury with evidence that will not be admitted. This avoids what is often a futile attempt of trying to undo the harm done where juries have been exposed to damaging evidence, even where stricken by the Court. According to some research, instructions to discard evidence are most often ineffective. Marcotte, "*The Jury Will Disregard. . ." But New Study Suggests That by Then It's Too Late*." 73 A.B.A.J. 34 (Nov. 1, 1987).

2. By ruling in limine, the Court eliminates the prejudice associated with objecting to evidence or statements in opening in the presence of the jury, and occasions for error are reduced because the jury is less likely to be exposed to inadmissible evidence that must be stricken or cured by an instruction.

WHEREFORE, prior to openings, the Defendant Autauga County Board of Education requests a hearing or, alternatively, requests an instruction restricting statements in openings.

    Respectfully submitted,

    *s/Katherine C. Hortberg*
    Mark S. Boardman (ASB-8572-B65M)
    *E-mail:  mboardman@boardmancarr.com*
    Katherine C. Hortberg (ASB-5374-B34K)
    *E-mail:  khortberg@boardmancarr.com*
    BOARDMAN, CARR & HUTCHESON, P.C.
    400 Boardman Drive
    Chelsea, Alabama 35043-8211
    Telephone:  (205) 678-8000
    Facsimile:  (205) 678-0000

## CERTIFICATE OF SERVICE

I hereby certify that I have on this **18th** day of **May, 2007**, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

| | |
|---|---|
| Michael J. Crow, Esq.<br>BEASLEY, ALLEN, CROW, METHVIN,<br>PORTIS & MILES, P.C.<br>P. O. Box 4160<br>Montgomery, Alabama 36103-4160 | Robert D. Drummond, Jr., Esq.<br>323 De La Mare Avenue<br>Fairhope, Alabama 36532<br><br>Mr. Terry C. Wright, AIS 247561<br>Limestone Correctional Facility, Dorm 16<br>28779 Nick Davis Road<br>Harvest, AL 35749-7009 |

*s/Katherine C. Hortberg*
OF COUNSEL