**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | |
|---|---|
| A.G., a minor child; D.A., a minor child; A.L., a minor child; M.K., a minor child; and M.H., a minor child; <br><br>   PLAINTIFFS, <br><br> VS. <br><br> AUTAUGA COUNTY BOARD OF EDUCATION, et al., <br><br>   DEFENDANTS. | CASE NO: 2:05-CV-1090-MEF |
| B.H., a minor child, by and through his mother and next of friend, D.S., <br><br>   PLAINTIFFS, <br><br> VS. <br><br> AUTAUGA COUNTY BOARD OF EDUCATION, et al., <br><br>   DEFENDANTS. | CASE NO: 2:06-CV-0393-MEF |

**DEFENDANT'S OBJECTIONS TO PLAINTIFFS' EXHIBIT LIST**

COMES NOW Defendant Autauga County Board of Education and provides the following objections to Plaintiffs' Exhibit List:

1. Defendant objects to plaintiffs' Exhibit #1- Title IX Complaint (6/10/03). Such evidence is explicitly inadmissible under Federal Rules of Evidence 402, 403 and 404. Additionally, such evidence is highly prejudicial to this defendant. See F.R.E. 403, 404.

Furthermore, since disclosure of any information of non-parties by a school system such as the defendant violates federal law under the Buckley Amendment (34 CFR 99.1 et. seq., also known as the "Family Educational Rights and Privacy Act"), the defendant would be unfairly hampered by the fact that its agents or employees could not respond to allegations made against it by defending itself based upon the record. Any offer of proof or reference by counsel to the foregoing exhibit, <u>if made in the presence of the jury</u>, will be highly and unfairly prejudicial to this defendant and such prejudice cannot be overcome by any cautionary or other instructions to the jury.

2. Defendant objects to Plaintiffs' Exhibit #13- Sandra Northington's Notes of November 1, 2004- PHS Faculty Meeting as irrelevant and inadmissable under Federal Rule of Evidence 402. When Prattville High School distributed the updated November 2004 substitute list to its teachers is not relevant to the issues in this case. These notes are not evidence of when the November 2004 substitute list was placed in the Prattville High School box at the central office. This case involves distribution of the November 2004 substitute list at Prattville Elementary School, not the high school.

3. Defendant objects to plaintiffs' Exhibit #14- Teacher Certification Record of Contact [sic] (10/20/05). Such document is immaterial and irrelevant to the facts at issue in this case under Federal Rule of Evidence 402. This document is dated 10/20/05, almost a year after the incident made the basis of these complaints. This Court has already found that Colonel Wright was properly cleared during a background check before he was used as a

substitute teacher in the Autauga County school system. (See 5/11/07 Order, pp. 4-5)

4. Defendants object to plaintiffs' Exhibit #24- Kleinschmidt email (2/24/05). This document has not been authenticated, and is not relevant or material to the facts at issue in this case under Federal Rule of Evidence 402. This document is dated 2/24/05, almost four months after the incident at the elementary school. The document relates to a February 2005 substitute list used at Prattville Primary School, which is not at issue in this case.

5. Defendant objects to plaintiffs' Exhibit #25- Mandatory Reporting Law (26-14-1-26-14-13). The law is given by the Court. It is not an exhibit to be presented to the jury.

6. Defendant objects to plaintiffs' Exhibit #31- Calhoun- Sub List. This document has not been authenticated, and is not relevant or material to the facts at issue in this case under Federal Rule of Evidence 402. Further, there was no evidence presented during discovery that this document was possessed by Mr. or Mrs. Calhoun or who the author of this document was.

7. Defendant objects to plaintiffs' Exhibit #36- Montgomery Advertiser Article (11/2/04). This article does not constitute a sworn statement by the Autauga County Board of Education or any agent of the Autauga County Board of Education. The author of the article, Marty Roney, was not sworn at the time he wrote this article. Because the article is not a sworn statement and the author was not sworn at the time he wrote it, it is inadmissible evidence. [Note: This issue is addressed in the Court's Order of May 11, 2007, but realizing that unless the defendant raises this issue it could be lost for appellate purposes, the

defendant raises it again.] This article is also inadmissible hearsay evidence under F.R.E. 802. *Dowdell v. Chapman*, 930 F. Supp. 533, 541 (M.D. Ala. 1996). It is being offered to prove the truth of the matters asserted therein, such that it is considered inadmissible hearsay evidence under F.R.E. 802. It does not fall into any of the hearsay exceptions. This article is also immaterial and irrelevant under F.R.E. 402 since it was published three days after the elementary school incident, and thus cannot be considered evidence of what was known by Mr. Butler on or before October 29, 2004.

8. Defendant objects to plaintiffs' Exhibit #37- Montgomery Advertiser Article (11/3/04). This article does not constitute a sworn statement by the Autauga County Board of Education or any agent of the Autauga County Board of Education. The author of the article, Marty Roney, was not sworn at the time he wrote this article. Because the article is not a sworn statement and the author was not sworn at the time he wrote it, it is inadmissible evidence. [Note: This issue is addressed in the Court's Order of May 11, 2007, but realizing that unless the defendant raises this issue it could be lost for appellate purposes, the defendant raises it again.] This article is also inadmissible hearsay evidence under F.R.E. 802. *Dowdell v. Chapman*, 930 F. Supp. 533, 541 (M.D. Ala. 1996). It is being offered to prove the truth of the matters asserted therein, such that it is considered inadmissible hearsay evidence under F.R.E. 802. It does not fall into any of the hearsay exceptions. This article is also immaterial and irrelevant under F.R.E. 402 since it was published four days after the elementary school incident, and thus cannot be considered evidence of what was known by

Mr. Butler on or before October 29, 2004.

9. Defendant objects to plaintiffs' Exhibit #38- Montgomery Advertiser Article (2/16/05). This article does not constitute a sworn statement by the Autauga County Board of Education or any agent of the Autauga County Board of Education. The author of the article, Marty Roney, was not sworn at the time he wrote this article. Because the article is not a sworn statement and the author was not sworn at the time he wrote it, it is inadmissable evidence. [Note: This issue is addressed in the Court's Order of May 11, 2007, but realizing that unless the defendant raises this issue it could be lost for appellate purposes, the defendant raises it again.] This article is also inadmissable hearsay evidence under F.R.E. 802. *Dowdell v. Chapman*, 930 F. Supp. 533, 541 (M.D. Ala. 1996). It is being offered to prove the truth of the matters asserted therein, such that it is considered inadmissable hearsay evidence under F.R.E. 802. It does not fall into any of the hearsay exceptions. This article is also immaterial and irrelevant under F.R.E. 402 since it was published over three months after the elementary school incident, and thus cannot be considered evidence of what was known by Mr. Butler on or before October 29, 2004.

10. Defendant objects to plaintiffs' Exhibit #39- Department of Human Resources Intake Report (10/29/04). This document is a confidential document which was maintained in the office of the Autauga County DHR. Alabama Code § 38-2-6 (1975) declares such a record confidential. *See also Ex parte Alabama Department of Human Resources*, 719 So. 2d 194 (Ala. 1998) Under Alabama Rule of the Department of Human Resources § 660-1-6-

.03, a subpoena issued in a case not referred by DHR or not involving program-related fraud investigations, like the one here, shall be resisted by apprizing the court of the relevant law and asking for a judicial determination or by filing a motion for protective order. At no time did DHR move for a protective order or request an *in camera* inspection of the confidential DHR record, as required by law. Plaintiffs' Exhibit 39 was improperly produced by DHR, and is therefore inadmissable evidence. [Note: This issue is addressed in the Court's Order of May 11, 2007, but realizing that unless the defendant raises this issue it could be lost for appellate purposes, the defendant raises it again.]

11. Defendant objects to plaintiffs' Exhibit #40- Notification of Field Inquiry (10/29/04). Dene Cleveland is no longer a party to this suit. Therefore, any notes regarding a conversation with her are inadmissable hearsay evidence under F.R.E. 802. The issue remaining in this case is what Mr. Butler knew on or before October 29, 2004, and this document does not reflect that Ms. Mabry spoke with Mr. Butler. Accordingly, this document is immaterial and irrelevant under F.R.E. 402.

12. Defendant objects to plaintiffs' Exhibit #41- Alabama Uniform Offense Report. The police report is hearsay, inadmissible under Rule 802, F.R.E., and not within any exception to the hearsay rule. The report at issue resulted from an interview with Lawrence Horn and his daughter, Shelby Horne, at the Prattville Police Department on October 21, 2004. It is not based on any direct observations of the reporting officer and is therefore inadmissible.

The U.S. District Court for the Southern District of Georgia considered the extent to which police reports may be admissible, and observed the following:

> Under *Beech Aircraft Corp. v. Rainey*, 488 U.S. 153, 109 S. Ct. 439, 102 L. Ed. 2d 445 (1988), factual findings and matters observed by a public official, such as a police officer, contained in public records, such as police reports, can be allowed in as admissible evidence under the public records exception to the hearsay rule. *Beech Aircraft Corp.*, 488 U.S. at 169-170, 109 S. Ct. 439; see also FED. R. EVID. § 803(8)(C); *Miller v. Field*, 35 F.3d 1088, 1091 (6th Cir.1994); *Baker v. Elcona Homes Corp.*, 588 F.2d 551, 556 (6th Cir.1978); Russell, J., BANKRUPTCY EVIDENCE MANUAL, § 803.20 at 1051 (2003 Edition). ***However, statements contained in police reports made by bystanders, witnesses, and other pertinent individuals are not allowed in as admissible evidence under the Federal Rules of Evidence § 805.*** FED. R. EVID. § 805; see also *Miller*, 35 F.3d at 1091; Russell, supra. Hearsay within hearsay subject to an exception is not admissible. See id.

*Joseph v. Kimple*, 343 F. Supp. 2d 1196, 1204 (D. Ga., 2004) (quoting *In re Byrd*, 294 B.R. 808, 811-12 (Bankr. M.D.Ga. 2003)). (Emphasis added). The report made by the Prattville Police Department presumably would be offered by the plaintiffs as proof that Colonel Terry Wright committed some act at Prattville Intermediate School. Such a report is hearsay. The reporting officer was not a witness to any alleged incident at Prattville Intermediate School, and, therefore the statements in the report are not his own observations and they are not entitled to the presumption of reliability afforded public records. Even if the report were admissible under an exception to the hearsay rule, any statement by Lawrence Horn or Shelby Horne is hearsay within that report and therefore inadmissible.

13.   Defendant objects to Plaintiffs' Exhibit #42- Affidavit for Search Warrant. This document references and has as an attachment the above incident report, which is

inadmissable hearsay evidence under F.R.E. 802, for the reasons stated above. This affidavit also has attached the incident reports of ten students from Prattville Elementary School, two of whom are plaintiffs in another case, also filed anonymously, and one of whom is a minor who has not filed suit in any court. Clearly, it is violative of these minors' privacy rights for these documents to be submitted in open court.

Further, the ten incident reports are all inadmissible hearsay evidence, pursuant to Federal Rule of Evidence 802, and not within any exception to the hearsay rule. The attached reports at issue resulted from interviews after the incident at Prattville Elementary School. They are not based on any direct observations of the reporting officers and are therefore inadmissible.

The U.S. District Court for the Southern District of Georgia considered the extent to which police reports may be admissible, and observed the following:

> Under *Beech Aircraft Corp. v. Rainey*, 488 U.S. 153, 109 S. Ct. 439, 102 L. Ed. 2d 445 (1988), factual findings and matters observed by a public official, such as a police officer, contained in public records, such as police reports, can be allowed in as admissible evidence under the public records exception to the hearsay rule. *Beech Aircraft Corp.*, 488 U.S. at 169-170, 109 S. Ct. 439; see also FED. R. EVID. § 803(8)(C); *Miller v. Field*, 35 F.3d 1088, 1091 (6th Cir.1994); *Baker v. Elcona Homes Corp.*, 588 F.2d 551, 556 (6th Cir.1978); Russell, J., BANKRUPTCY EVIDENCE MANUAL, § 803.20 at 1051 (2003 Edition). ***However, statements contained in police reports made by bystanders, witnesses, and other pertinent individuals are not allowed in as admissible evidence under the Federal Rules of Evidence § 805***. FED. R. EVID. § 805; see also *Miller*, 35 F.3d at 1091; Russell, supra. Hearsay within hearsay subject to an exception is not admissible. See id.

*Joseph v. Kimple*, 343 F. Supp. 2d 1196, 1204 (D. Ga., 2004) (quoting *In re Byrd*, 294 B.R. 808, 811-12 (Bankr. M.D.Ga. 2003)). (Emphasis added). The reports made by the Prattville

Police Department, and attached to the affidavit, presumably would be offered by the plaintiffs as proof that Colonel Terry Wright committed acts at Prattville Elementary School. Such reports are hearsay. The reporting officer was not a witness to any alleged incident at Prattville Elementary School, and, therefore the statements in the reports are not their own observations and they are not entitled to the presumption of reliability afforded public records. Even if the reports were admissible under an exception to the hearsay rule, any statements by any of the plaintiffs or their parents or any other minor or their parent is hearsay within that report and therefore inadmissible.

Finally, the Affidavit for Search Warrant itself is irrelevant and immaterial under Federal Rule of Evidence 402. The affidavit is dated November 2, 2004, three days after the elementary school incident. It does not reference Mr. Butler or his knowledge on or prior to October 29, 2004, which is the sole issue in these cases.

14. Defendant objects to Plaintiffs' Exhibit #43- June Mabry Letter dated (11/2/04). This document is dated after the incident at the elementary school. The issue remaining in this case is what Mr. Butler knew on or before October 29, 2004, and this document does not reflect that Ms. Mabry spoke with Mr. Butler on or prior to that date. Therefore, it is immaterial and irrelevant pursuant to F.R.E. 402.

15. Defendant objects to Plaintiffs' Exhibit #44- June Mabry Chronology. Such document is irrelevant and immaterial under F.R.E. 402. Ms. Mabry testified that this document was prepared by her the night before her deposition, over two years after the incident made the basis of these complaints. The issue remaining in this case is what Mr.

Butler knew on or before October 29, 2004, and this document does not reflect that Ms. Mabry spoke with Mr. Butler on or prior to that date. Therefore, it is immaterial and irrelevant pursuant to F.R.E. 402.

16. Defendant objects to Plaintiffs' Exhibit #46- Procedure for Utilization of Substitute Teachers. Such document is not relevant to the incident made the basis of this suit and is therefore inadmissable under Federal Rule of Evidence 402. This procedure did not go into effect until after the incident involving these plaintiffs. Therefore, this procedure cannot be said to have caused the incident. Any subsequent measures taken by the Autauga County Board of Education would either not be relevant or would be prohibited from evidence as being subsequent remedial measures under F.R.E. 407.

17. Defendant objects to Plaintiffs' Exhibit #47- Sandy Northington's Faculty Meeting Notes 10/25/04. This document is irrelevant and immaterial under F.R.E. 402. When Prattville High School distributed the updated November 2004 substitute list to its teachers or what was communicated to the high school faculty is not relevant to the issues in this case. These notes are not evidence of when the November 2004 substitute list was placed in the Prattville High School box at the central office. This case involves distribution of the November 2004 substitute list at Prattville Elementary School, not the high school.

18. Defendant objects to Plaintiffs' Exhibit #48- Sandy Northington's Faculty Meeting Notes 11/8/04. This document is irrelevant and immaterial under F.R.E. 402. When Prattville High School distributed the updated November 2004 substitute list to its teachers or what was communicated to the high school faculty is not relevant to the issues in this case.

These notes are not evidence of when the November 2004 substitute list was placed in the Prattville High School box at the central office. This case involves distribution of the November 2004 substitute list at Prattville Elementary School, not the high school.

19.     Defendant objects to Plaintiffs' Exhibit #49- Rosenzweig's Sexual Harassment Policy and Procedure. This document is not the expert report on the Autauga County school board policy, procedures and practices. Instead, this is a document which is a template for the preparation of this expert's reports in this and similar cases. It is general to any educational institution. This document does not contain Dr. Rosenzweig's opinions regarding the policy and procedure of the Autauga County Board of Education. Clearly, this document is immaterial and irrelevant under F.R.E. 402. This Court has determined that the board's policies are not at issue in these cases. (5/11/07 Order, p. 28) The only remaining issue is what Mr. Butler knew on or before October 29, 2004. This document is not specific to Mr. Butler's knowledge.

Further, Dr. Rosenzweig is not qualified as an expert witness in regard to policy of a public school system. See F.R.E. 702. Her only training for preparing a protocol on investigating sexual harassment or sexual abuse claims is attending "a number of workshops on that issue over the years" and doing "a lot of reading in the literature about those issues as well." She is also listed on plaintiffs' Witness List. Therefore, this paid expert witness will provide live testimony, and allowing this document as an exhibit would be cumulative and duplicative under F.R.E. 403. *See also Hopkins v. Britton*, 742 F.2d 1308 (11th Cir. 1984).

20.     Defendant objects to Plaintiffs' Exhibit #51- M.K.- Rosenzweig's Report. Dr. Rosenzweig prepared this report as an expert report in this matter. However, she is also listed on plaintiffs' Witness List. Therefore, this paid expert witness will provide live testimony, and allowing this document as an exhibit would be cumulative and duplicative under F.R.E. 403. *See also Hopkins v. Britton*, 742 F.2d 1308 (11th Cir. 1984).

21.     Defendant objects to Plaintiffs' Exhibit #52- A.L.- Rosenzweig's Report. Dr. Rosenzweig prepared this report as an expert report in this matter. However, she is also listed on plaintiffs' Witness List. Therefore, this paid expert witness will provide live testimony, and allowing this document as an exhibit would be cumulative and duplicative under F.R.E. 403. *See also Hopkins v. Britton*, 742 F.2d 1308 (11th Cir. 1984).

22.     Defendant objects to Plaintiffs' Exhibit #53- A.G.- Rosenzweig's Report. Dr. Rosenzweig prepared this report as an expert report in this matter. However, she is also listed on plaintiffs' Witness List. Therefore, this paid expert witness will provide live testimony, and allowing this document as an exhibit would be cumulative and duplicative under F.R.E. 403. *See also Hopkins v. Britton*, 742 F.2d 1308 (11th Cir. 1984).

23.     Defendant objects to Plaintiffs' Exhibit #54- D.A.- Rosenzweig's Report. Dr. Rosenzweig prepared this report as an expert report in this matter. However, she is also listed on plaintiffs' Witness List. Therefore, this paid expert witness will provide live testimony, and allowing this document as an exhibit would be cumulative and duplicative under F.R.E. 403. *See also Hopkins v. Britton*, 742 F.2d 1308 (11th Cir. 1984).

24.     Defendant objects to Plaintiffs' Exhibit #55- M.H.- Rosenzweig's Report. Dr.

Rosenzweig prepared this report as an expert report in this matter. However, she is also listed on plaintiffs' Witness List. Therefore, this paid expert witness will provide live testimony, and allowing this document as an exhibit would be cumulative and duplicative under F.R.E. 403. *See also Hopkins v. Britton*, 742 F.2d 1308 (11th Cir. 1984).

25. Defendant objects to Plaintiffs' Exhibit #56- B.H.- Rosenzweig's Report. Dr. Rosenzweig prepared this report as an expert report in this matter. However, she is also listed on plaintiffs' Witness List. Therefore, this paid expert witness will provide live testimony, and allowing this document as an exhibit would be cumulative and duplicative under F.R.E. 403. *See also Hopkins v. Britton*, 742 F.2d 1308 (11th Cir. 1984).

26. Defendant objects to Plaintiffs' Exhibit #58- Janie McAlpine's "My Document" Folder, 3/6/07, (4 pgs). This document is irrelevant and immaterial under Federal Rule of Evidence 402. The issue remaining in these cases is what Mr. Butler knew on or before October 29, 2004, and this document does not show any knowledge by Mr. Butler.

27. Defendant objects to Plaintiffs' Exhibit #59- Dene Cleveland's "My Document" Folder, 3/6/07, (1 pg). This document is irrelevant and immaterial under Federal Rule of Evidence 402. The issue remaining in these cases is what Mr. Butler knew on or before October 29, 2004, and this document does not show any knowledge by Mr. Butler.

28. Defendant objects to Plaintiffs' Exhibit #60- Gloria Goodson's "My Document" Folder, 3/6/07, (46 pgs). This document is irrelevant and immaterial under Federal Rule of Evidence 402. The issue remaining in these cases is what Mr. Butler knew

on or before October 29, 2004, and this document does not show any knowledge by Mr. Butler.

29. Defendant objects to Plaintiffs' Exhibit #61- Dene Cleveland's "My Document" Folder, 4/5/07, (6 pgs). This document is irrelevant and immaterial under Federal Rule of Evidence 402. The issue remaining in these cases is what Mr. Butler knew on or before October 29, 2004, and this document does not show any knowledge by Mr. Butler.

30. Defendant objects to any supplementation of plaintiffs' exhibit list since Defendant Autauga County Board of Education has completely responded to all of plaintiffs' discovery and has complied with the Court's Orders concerning discovery. Further, this defendant objects to any supplementation of the plaintiffs' exhibit list after the exchange of exhibit list since any documents listed on an exhibit list were previously disclosed in the parties' initial disclosures or attached as exhibits to depositions or summary judgment motions or responses.

31. The Defendant reserves the right to make additional objections based on rulings on motions in limine and other testimony and evidence presented during the trial.

Respectfully submitted,

*s/Katherine C. Hortberg*
Mark S. Boardman (ASB-8572-B65M)
*E-mail:  mboardman@boardmancarr.com*
Katherine C. Hortberg (ASB-5374-B34K)
*E-mail:  khortberg@boardmancarr.com*
BOARDMAN, CARR & HUTCHESON, P.C.
400 Boardman Drive
Chelsea, Alabama 35043-8211

**CERTIFICATE OF SERVICE**

    I hereby certify that I have on this **18th** day of **May, 2007**, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Michael J. Crow, Esq.  
BEASLEY, ALLEN, CROW, METHVIN,  
PORTIS & MILES, P.C.  
P. O. Box 4160  
Montgomery, Alabama 36103-4160

Robert D. Drummond, Jr., Esq.  
323 De La Mare Avenue  
Fairhope, Alabama 36532

Mr. Terry C. Wright, AIS 247561  
Limestone Correctional Facility, Dorm 16  
28779 Nick Davis Road  
Harvest, AL 35749-7009

        *s/Katherine C. Hortberg*  
        OF COUNSEL