# THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA,
### NORTHERN DIVISION

| | | |
|---|---|---|
| **A.G., a minor child, by and through her mother and next of friend, K.C.; D.A., a minor child, by and through her mother and next of friend, B.A.; A.L., a minor child, by and through her mother and next of friend, C.T.; M.K., a minor child, by and through her mother and next of friend, K.K.; and M.H., a minor child, by and through her mother and next of friend, B.H.,** | * * * * * * * * * * * | **CASE NO.: 2:05-CV-1090-MEF** <br><br> **JURY TRIAL IS DEMANDED** |
| **Plaintiffs,** | * * | |
| **v.** | * * | |
| **AUTAUGA COUNTY BOARD OF EDUCATION; JOSEPH L. BUTLER; TERRY WRIGHT; and DENE CLEVELAND,** | * * * * | |
| **Defendants.** | | |

## PLAINTIFFS' PROPOSED INSTRUCTIONS TO THE JURY

**COMES NOW**, the Plaintiffs, and submits theirJury Instructions, which they request be given to the jury at the conclusion of the evidence, in the above styled action.  Plaintiff respectfully requests that they be allowed to amend or delete these instructions depending upon the actual evidence presented during the trial.

## PLAINTIFF'S JURY CHARGE NO. 1

### 11th Circuit Pattern Jury Instructions - Basic Instructions
### 2.3 - Consideration Of The Evidence - Duty To Follow Instructions - Governmental Entity Or Agency Involved

In deciding the case you must follow and apply all of the law as I explain it to you, whether you agree with that law or not; and you must not let your decision be influenced in any way by sympathy, or by prejudice, for or against anyone.

The fact that a governmental entity or agency is involved as a party must not affect your decision in any way. A governmental agency and all other persons stand equal before the law and must be dealt with as equals in a court of justice. When a governmental agency is involved, of course, it may act only through people as its employees; and, in general, a governmental agency is responsible under the law for any of the acts and statements of its employees that are made within the scope of their duties as employees of that governmental agency.

In your deliberations you should consider only the evidence - - that is, the testimony of the witnesses and the exhibits I have admitted in the record - - but as you consider the evidence, both direct and circumstantial, you may make deductions and reach conclusions, which reason and common sense lead you to make. "Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eyewitness. "Circumstantial evidence" is proof of a chain of facts and circumstances tending to prove, or disprove, any fact in dispute. The law makes no distinction between the weight you may give to either direct or circumstantial evidence.

Remember that anything the lawyers say is not evidence in the case. And, except for my instructions to you on the law, you should disregard anything I may have

said during the trial in arriving at your decision concerning the facts.  It is your own

recollection and interpretation of the evidence that controls.

**Given _____          Refused _____**

### PLAINTIFF'S JURY CHARGE NO. 2

**11th Circuit Pattern Jury Instructions - Basic Instructions**
**3 - Credibility Of Witnesses**

Now, in saying that you must <u>consider</u> all of the evidence, I do not mean that you must <u>accept</u> all of the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. Also, the number of witnesses testifying concerning any particular dispute is not controlling.

In deciding whether you believe or do not believe any witness I suggest that you ask yourself a few questions: Did the witness impress you as one who was telling the truth? Did the witness have any particular reason not to tell the truth? Did the witness have a personal interest in the outcome of the case? Did the witness seem to have a good memory? Did the witness have the opportunity and ability to observe accurately the things he or she testified about? Did the witness appear to understand the questions clearly and answer them directly? Did the witness' testimony differ from other testimony or other evidence?

**Given _____        Refused _____**

4

## PLAINTIFF'S JURY CHARGE NO. 3

**11th Circuit Pattern Jury Instructions - Basic Instructions**
**4.1 - Impeachment Of Witnesses - Inconsistent Statement**

You should also ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact; or, whether there was evidence that at some other time the witness said or did something, or failed to say or do something, which was different from the testimony the witness gave before you during the trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people naturally tend to forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you need to consider whether that misstatement was simply an innocent lapse of memory or an intentional falsehood; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

**Given _____          Refused _____**

5

<b><u>PLAINTIFF'S JURY CHARGE NO. 4</u></b>

<b>11th Circuit Pattern Jury Instructions - Basic Instructions</b><br>
<b>4.2 - Impeachment Of Witnesses - Inconsistent Statement And Felony Conviction</b>

You should also ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact; or, whether there was evidence that at some other time the witness said or did something, or failed to say or do something, which was different from the testimony the witness gave before you during the trial.

The fact that a witness has been convicted of a felony offense, or a crime involving dishonesty or false statement, is another factor you may consider in deciding whether you believe the testimony of that witness.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people naturally tend to forget some things or remember other things inaccurately.  So, if a witness has made a misstatement, you need to consider whether that misstatement was simply an innocent lapse of memory or an intentional falsehood; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

<b>Given _____        Refused _____</b>

**PLAINTIFF'S JURY CHARGE NO. 5**

**11th Circuit Pattern Jury Instructions - Basic Instructions**
**5.1 - Expert Witnesses - General Instruction**

When knowledge of a technical subject matter might be helpful to the jury, a person having special training or experience in that technical field is permitted to state an opinion concerning those technical matters.

Merely because such a witness has expressed an opinion, however, does not mean that you must accept that opinion. The same as with any other witness, it is up to you to decide whether to rely upon it.

**Given _____          Refused _____**

## PLAINTIFF'S JURY CHARGE NO. 6

**11th Circuit Pattern Jury Instructions - Basic Instructions**
**6.2 - Burden Of Proof - When There Are Multiple Claims Or**
**When Both Plaintiff And Defendant Or**
**Third Parties Have Burden Of Proof**

In this case each party asserting a claim or a defense has the responsibility to prove every essential part of the claim or defense by a "preponderance of the evidence."  This is sometimes called the "burden of proof" or the "burden of persuasion."

A "preponderance of the evidence" simply means an amount of evidence that is enough to persuade you that a claim or contention is more likely true than not true.

When more than one claim is involved, and when more than one defense is asserted, you should consider each claim and each defense separately; but in deciding whether any fact has been proved by a preponderance of the evidence, you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish any essential part of a claim or contention by a preponderance of the evidence you should find against the party making that claim or contention.

**Given _____          Refused _____**

8

<u>**PLAINTIFF'S JURY CHARGE NO. 7**</u>

**Negligence--Elements of Liability**

Plaintiffs say that they were harmed by defendant's negligent conduct. To recover damages on this claim, Plaintiffs must prove to your reasonable satisfaction all of the following:

1.     That Terry Wright was negligent;

2.     That all Plaintiff's were harmed; and

3.     That Terry Wright's negligence was a cause of all Plaintiffs harm.

**APJI 28.00**

**Given _____         Refused _____**

**<u>PLAINTIFF'S JURY CHARGE NO. 8</u>**

**Negligence--Definition**

Negligence is the failure to use reasonable care to prevent harm to oneself or others.

A person's conduct is negligent when *[he/she]* either does something that a reasonably prudent person would not do in a similar situation, or *[he/she]* fails to do something that a reasonably prudent person would have done in a similar situation.

You must decide if the defendant Terry Wright was negligent in this situation.

**APJI 28.01**

**Given _____        Refused _____**

## PLAINTIFF'S JURY CHARGE NO. 9

### Wantonness--Definition

Wantonness is the conscious doing of some act or omission of some duty under knowledge of existing conditions and conscious that from the doing of such act or omission of such duty an injury will likely or probably result. Before a party can be said to be guilty of wanton conduct it must be shown that with reckless indifference to the consequences he either consciously and intentionally did some wrongful act or consciously omitted some known duty, which produced the injury.

**APJI 29.00**

**Given _____          Refused _____**

## PLAINTIFF'S JURY CHARGE NO. 10

### Willfulness Distinguished

"Wantonness" is the conscious doing of some act or the omission of some duty under knowledge of existing conditions and conscious that from the doing of such act or omission of such duty injury will likely or probably result.

"Willfulness" is the conscious doing of some act or omission of some duty under knowledge of existing conditions accompanied with a design or purpose to inflict injury.

Therefore, in "wanton conduct" and "wanton injury" a purpose or intent or design to injure is not an ingredient; and where a person from his knowledge of existing conditions and circumstances is conscious that his conduct will probably result in injury, yet, with reckless indifference or disregard of the natural or probable consequences, but without having an intent or design to injure, he does the act, or fails to act, he would be guilty of wantonness, but not of willfulness.

But, in "willful conduct" and "willful injury" a purpose or intent or design to injure is an ingredient; and where a person, with knowledge of the danger or peril to another consciously pursues a course of conduct with a design, intent, and purpose of inflicting injury, then he is guilty of willfulness.

**APJI 29.01**

**Given** _____          **Refused** _____

12

## PLAINTIFF'S JURY CHARGE NO. 11

### Willfulness--Definition

"Willfully means intentionally, knowingly, and purposefully." Therefore, willfulness is the conscious doing of some act or omission of some duty under knowledge of existing conditions coupled with a design or purpose to inflict injury.

**APJI 29.03**

**Given _____          Refused _____**

## PLAINTIFF'S JURY CHARGE NO. 12

### Assault--Definition

An assault is an intentional, unlawful offer to touch the person of another in a rude or angry manner under such circumstances as to create in the mind of the party alleging the assault a well founded fear of an imminent battery, coupled with the apparent present ability to effectuate the attempt, if not prevented.

**APJI 5.05**

**Given _____          Refused _____**

14

## PLAINTIFF'S JURY CHARGE NO. 13

### Definition and Burden of Proof

Any touching by one person of the person or clothes of another in rudeness, or in anger, or in a hostile manner, is an assault and battery. An intent to injure is not an essential element.

The plaintiff has the burden of reasonably satisfying you by the evidence that the defendant committed an assault and battery upon him.

**APJI 5.00**

**Given _____          Refused _____**

## PLAINTIFF'S JURY CHARGE NO. 14

### Outrage

If you are reasonably satisfied by the evidence that the defendant's conduct was so outrageous in character and so extreme in degree as to go beyond all possible bounds of decency, so as to be regarded as atrocious and utterly intolerable in civilized society and such conduct either intentionally or recklessly caused the plaintiffs emotional distress, so severe that no reasonable person could be expected to endure it, then the defendant is subject to liability in damages for such distress and also any bodily harm resulting from the distress.

**APJI 29.05**

**Given _____          Refused _____**

## <u>PLAINTIFF'S JURY CHARGE NO. 15</u>

### Violation of the Right of Privacy--General Charge

Plaintiff claims damages of the defendant for the violation of *(his)(her)* right of privacy by an intrusion upon the plaintiff's physical solitude or seclusion.

The burden is upon the plaintiff to reasonably satisfy you by the evidence of the truthfulness of *(his)(her)* claim of the violation of *(his)(her)* privacy by the defendant.

The plaintiff would be entitled to a verdict if you are reasonably satisfied from the evidence that defendant has violated plaintiff's right of privacy by intrusion into Plaintiff's physical solitude and seclusion and if you are further reasonably satisfied from the evidence that the plaintiff suffered the injuries and damages claimed by him as a proximate result of such wrongful conduct on the part of the defendant.

**APJI 35.00 - Modified**

**Given _____        Refused _____**

## PLAINTIFF'S JURY CHARGE NO. 16

### Violation of the Right of Privacy--Intrusion Upon Solitude or Seclusion

A wrongful intrusion upon a person's solitude or seclusion is defined as the intentional wrongful intrusion by the defendant into the plaintiff's private activities in such manner as to outrage or cause mental suffering, shame, or humiliation to a person of ordinary sensibilities.

There must be something in the nature of a prying or intrusion, which would be offensive or objectionable to a reasonable person. The intrusion may be a physical intrusion by the defendant into a place in which the plaintiff has secluded himself, or it may be by use of the defendant's senses, with or without mechanical aids, to oversee or overhear the plaintiff's private affairs. The intrusion may be into a private physical space, or it may be into the plaintiff's emotional sanctum. The thing into which there is an intrusion must be of the type considered to be private, and it should be entitled to be private.

In determining whether there was a wrongful intrusion, you may consider whether the means used by defendant to gather the private information were excessively objectionable or improper, or whether the defendant's purpose for obtaining the private information was objectionable or improper.

**APJI 35.03**

**Given** _____        **Refused** _____

18

## <u>PLAINTIFF'S JURY CHARGE NO. 17</u>

### Violation of Privacy--Measure of Damages

If you are reasonably satisfied from the evidence that the plaintiff is entitled to recover, you may assess damages for:

1.     wrongful intrusion into plaintiff's private activities

2.     outrage

3.      mental suffering

4.     shame or humiliation

5.     other damages.

**APJI 35.01–Modified**

**Given _____          Refused _____**

## PLAINTIFF'S JURY CHARGE NO. 18

### Violation of Privacy--Punitive Damages

If you are reasonably satisfied from the evidence that the plaintiff's privacy was violated and that such violation was accompanied by insult or malice, you may, in your discretion, assess punitive damages by way of punishment although the actual injury is purely nominal.

**APJI 35.02**

**Given _____        Refused _____**

20

## PLAINTIFF'S JURY CHARGE NO. 19

### Causation - Proximate cause

An injury or damage is proximately caused by an act or a failure to act whenever it appears from the evidence that the act or failure to act played a substantial part in bringing about or actually causing the injury or damage, and that the injury or damage was either a direct result or a reasonably probable consequence of the act or omission.

**3C Fed. Jury Prac. & Instr. §   177.52.**

**Given _____**           **Refused_____**

## <u>PLAINTIFF'S JURY CHARGE NO. 20</u>

### Causation - Generally

Plaintiffs A.G., D.A., A.L., M.H., M.K., M.H. and B.H. has the burden of proving each and every element of plaintiff's claim by a preponderance of the evidence. If you find that Plaintiffs A.G., D.A., A.L., M.H., M.K., M.H. and B.H. has not proved any one of the elements by a preponderance of the evidence, you must return a verdict for Defendant ACBE.

[*Defendant ACBE has the burden of proving each element of defendant's affirmative defenses by a preponderance of the evidence.*]

**3C Fed. Jury Prac. & Instr. § 177.50.**


**Given _____       Refused _____**

## PLAINTIFF'S JURY CHARGE NO. 21

### Causation - Preponderance of the evidence

To "establish by the preponderance of the evidence" means to prove that something is more likely so than it is not so. In other words, a preponderance of the evidence in the case means such evidence as, when considered and compared to that opposed to it, has more convincing force, and produces in your mind a belief that what is sought to be proved is more likely true than not true.

In determining whether any fact in issue has been proved by a preponderance of the evidence in the case, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

**3C Fed. Jury Prac. & Instr. §  177.51.**


**Given _____**          **Refused _____**

## PLAINTIFF'S JURY CHARGE NO. 22

### Causation--Definition

The cause of harm is that cause that naturally and probably brings about the harm.

**APJI 33.00**

**Given _____        Refused _____**

## PLAINTIFF'S JURY CHARGE NO. 23

### Combined and Concurrent Causes

The conduct of two or more *[persons, entities, etc.]* may cause harm. Each *[person's, entity's, etc.]* conduct is a cause of harm if it naturally and probably brings about the harm.

[Add if appropriate]: The fact that one or more *[person, entity, etc.]* is not a defendant in this case does not relieve the other *[person, entity, etc.]* of responsibility for the harm.

**APJI 33.01**

**Given _____          Refused _____**

## <u>PLAINTIFF'S JURY CHARGE NO. 24</u>

**Statutes** - **Generally**

Title IX of the Education Amendments Act of 1972 provides:

No person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subject to discrimination under any education program or activity receiving Federal financial assistance.

**3C Fed. Jury Prac. & Instr. §  177.10.**

**Given _____          Refused _____**

## <u>PLAINTIFF'S JURY CHARGE NO. 25</u>

**Essential Elements of Plaintiff's Claim - Sexual harassment--Institution employee**

Defendant ACBE is responsible or liable for the action of Larry Butler in plaintiffs' claims of sexual harassment, if plaintiffs prove by a preponderance of the evidence that:

First: Plaintiffs were subjected to harassment because of plaintiff's sex by the intentional conduct of an employee of defendant ACBE consisting of *gender-oriented conduct* in defendant's programs or activities, such as *conduct depriving a student of access to school resources because of the student's gender*;

Second: This alleged conduct was so severe and pervasive, and offensive to a reasonable person of the same sex that *it effectively deprived plaintiffs of equal access to the educational opportunities or benefits provided by defendant* ACBE *plaintiffs reaction to this conduct affected tangible aspects of plaintiff's education*;

Third: Defendant ACBE had actual knowledge of the alleged sexual harassment; and

Fourth Defendant ACBE acted with deliberate indifference to the known acts of harassment.

**3C Fed. Jury Prac. & Instr. §  177.22 *Modified***


**Given _____        Refused _____**

## PLAINTIFF'S JURY CHARGE NO. 26

### Definitions - Educational institution-

An "educational institution" is "any public or private preschool, elementary, or secondary school, or any institution of vocational, professional, or higher education."

**3C Fed. Jury Prac. & Instr. §  177.30. *Modified***


**Given _____          Refused _____**

## PLAINTIFF'S JURY CHARGE NO. 27

### Definitions - Federal financial assistance

"Federal financial assistance" includes grants, loans, or contracts other than those of insurance or guaranty. It also includes federal financial assistance.

**3C Fed. Jury Prac. & Instr. §   177.31 *Modified***


**Given _____          Refused _____**

## PLAINTIFF'S JURY CHARGE NO. 28

### Definitions - Deliberate indifference

"Deliberate indifference" means that the defendant's response to the alleged harassment or lack of response was clearly unreasonable in light of all the known circumstances.

**3C Fed. Jury Prac. & Instr. §   177.35**


**Given _____        Refused _____**

<u>**PLAINTIFF'S JURY CHARGE NO. 29**</u>

**Definitions** - **Actual knowledge**

An educational institution has "actual knowledge" if it knows the underlying facts, indicating sufficiently substantial danger to students, and was therefore aware of the danger.

An educational institution has "actual notice," sometimes called "actual knowledge" of discrimination, if an appropriate person at the institution has knowledge of facts sufficiently indicating substantial danger to a student so that the institution can reasonably be said to be aware of the danger.

**3C Fed. Jury Prac. & Instr. §  177.36.**

**Given _____        Refused _____**

## PLAINTIFF'S JURY CHARGE NO. 30

### Definitions - Appropriate person

An "appropriate person" is a school official with the power to take action to correct the discrimination. A school administrator who is entrusted with the responsibility and authority normally associated with that position will ordinarily be an "appropriate person." Other school officials may be "appropriate persons," depending on their power to take corrective action to address the discrimination and institute corrective measures.

**3C Fed. Jury Prac. & Instr. § 177.38.**

**Given _____      Refused _____**

## PLAINTIFF'S JURY CHARGE NO. 31

### Definitions - Direct and indirect evidence

Generally speaking, there are two types of evidence that are generally presented during a trial—direct evidence and indirect evidence. "Direct evidence" is the testimony of a person who asserts or claims to have actual knowledge of a fact, such as an eyewitness. "Indirect or indirect" evidence is proof of a chain of facts and circumstances indicating the existence or nonexistence of a fact.

As a general rule, the law makes no distinction between the weight or value to be given to either direct or indirect evidence. Nor is a greater degree of certainty required of indirect evidence. You are simply required to find the facts in accordance with the preponderance of all the evidence in the case, both direct and indirect.

**3C Fed. Jury Prac. & Instr. §  177.37.**


**Given _____          Refused _____**

## PLAINTIFF'S JURY CHARGE NO. 32

### Spoliation of Evidence--Defendant

In this case, the plaintiff claims that the defendant is guilty of wrongfully destroying, hiding, concealing, altering, or otherwise wrongfully tampering with material evidence *(including attempts to influence a witness's testimony)*. If you are reasonably satisfied from the evidence that the defendant did or attempted to wrongfully destroy, hide, conceal, alter, or otherwise tamper with material evidence, then that fact may be considered as an inference of defendant's guilt, culpability, or awareness of the defendant's negligence.

**APJI 15.13**

**Given _____          Refused _____**

## PLAINTIFF'S JURY CHARGE NO. 33

### Introduction

Ladies and Gentlemen of the jury, the Court will now instruct you on the law of damages. The burden is on the plaintiff to reasonably satisfy you from the evidence of the truthfulness of *(his)(her)(its)* claim. If after a consideration of all of the evidence in this case, you are not reasonably satisfied of the truthfulness of the plaintiff's claim, your verdict should be for the defendant(s). In this event you would go no further. This would end your deliberations. On the other hand, if after a consideration of all the evidence in the case you are reasonably satisfied of the truthfulness of the plaintiff's claim, your verdict should be for the plaintiff. In this event it will be necessary for you to arrive at an amount to be awarded in the verdict from which I will read to you and describe later in my charge. I now give you the following rules of law to assist you in your deliberations in arriving at an amount in the event you find for the plaintiff. Plaintiff makes two statements of his claim. By these statements he claims *(compensatory)(punitive)* damages.

**APJI 11.00**

**Given** _____          **Refused** _____

## PLAINTIFF'S JURY CHARGE NO. 34

### Damages -  Compensatory damages

If you find Defendant ACBE discriminated against Plaintiffs A.G., D.A., A.L., M.H., M.K., M.H. and B.H.  based on plaintiff's sex, then you must determine an amount that is fair compensation for plaintiff's damages. You may award compensatory damages only for injuries that Plaintiffs A.G., D.A., A.L., M.H., M.K., M.H. and B.H. proves were caused by defendant's allegedly wrongful conduct.

The damages that you award must be fair compensation—no more and no less.

You may award damages for any pain, suffering or mental anguish that Plaintiffs A.G., D.A., A.L., M.H., M.K., M.H. and B.H.  experienced as a consequence of the defendant's *[allegedly unlawful act]*. No evidence of the monetary value of such intangible things as pain and suffering has been, or need be, introduced into evidence. There is no exact standard for fixing the compensation to be awarded for these elements of damage. Any award you make should be fair in light of the evidence presented at the trial.

In determining the amount of any damages that you decide to award, you should be guided by common sense. You must use sound judgment in fixing an award of damages, drawing reasonable inferences from the facts in evidence. You may not award damages based on sympathy, speculation, or guess work. On the other hand, the law does not require that Plaintiffs A.G., D.A., A.L., M.H., M.K., M.H. and B.H. prove the amount of plaintiff's losses with mathematical precision, but only with as much definiteness and accuracy as circumstances permit.

**3C Fed. Jury Prac. & Instr. §  177.70.**

**Given _____          Refused _____**

## PLAINTIFF'S JURY CHARGE NO. 35

### Personal Injury--Physical Pain and Mental Anguish

The law has no fixed monetary standard to compensate for physical pain and mental anguish. This element of damage is left to your good sound judgment and discretion as to what amount would reasonably and fairly compensate the plaintiff for such physical pain and mental anguish as you find from the evidence the plaintiff did suffer.

If you are reasonably satisfied from the evidence that the plaintiff has undergone *[or will undergo]* pain and suffering or mental anguish as a proximate result of the injury in question, you should award a sum which will reasonably and fairly compensate him for such pain, suffering, or mental anguish *[already]* suffered by him *[and for any pain, suffering or mental anguish which you are reasonably satisfied from the evidence that he is reasonably certain to suffer in the future]*.

**APJI 11.05**

**Given _____        Refused _____**

38

## PLAINTIFF'S JURY CHARGE NO. 36

### Punitive – modified

The purpose of awarding punitive or exemplary damages is to allow money recovery to the plaintiff by way of punishment to the defendant, and for the added purpose of protecting the public by deterring the defendant and others from doing such wrong in the future. The imposition of punitive damages is entirely discretionary with the jury. Should you award punitive damages, in fixing the amount, you must take into consideration the character and degree of the wrong as shown by the evidence in the case, and the necessity of preventing similar wrongs.

For a plaintiff to be entitled to recover punitive damages you must first award compensatory damages or nominal damages. Further, the plaintiff must prove by clear and convincing evidence that the defendant consciously or deliberately engaged in wantonness, or malice with regard to the plaintiff.

Clear and convincing evidence is evidence that, when weighed against evidence in opposition, will produce in the minds of the jury a firm conviction and a high probability as to the correctness of their conclusion. Proof by clear and convincing evidence requires a level of proof greater than a preponderance of the evidence or a substantial weight of the evidence, but less than beyond a reasonable doubt.

Wantonness means conduct which is carried on with a reckless or conscious disregard of the rights or safety of others.

Malice means the intentional doing of a wrongful act without just cause or excuse, either:

1.  With an intent to injure the person or property of another person or entity, or

2.  Under such circumstances that the law will imply an evil intent.

39

**APJI 11.03**

**Given _____      Refused _____**

**<u>PLAINTIFF'S JURY CHARGE NO. 37</u>**

**11th Circuit Pattern Jury Instructions - Supplemental Damages Instructions**
**2.1 - Punitive Damages - In General - *Modified***

The Plaintiff also claims that the acts of the Defendant were done with malice or reckless indifference to the Plaintiff's [federally protected] rights so as to entitle the Plaintiff to an award of punitive damages in addition to compensatory damages.

If you find for the Plaintiff, and if you further find that the Defendant did act with malice or reckless indifference to the Plaintiff's [federally protected] rights, the law would allow you, in your discretion, to assess punitive damages against the Defendant as punishment and as a deterrent to others.

When assessing punitive damages, you must be mindful that punitive damages are meant to punish the Defendant for the specific conduct that harmed the Plaintiff in the case and <u>for only that conduct</u>.  For example, you cannot assess punitive damages for the Defendant being a distasteful individual or business.  Punitive damages are meant to punish the Defendant for this conduct only and not for conduct that occurred at another time.  Your only task is to punish the Defendant for the actions *or inaction* it/he/she took in this particular case.

If you find that punitive damages should be assessed against the Defendant, you may consider the financial resources of the Defendant in fixing the amount of such damages [and you may assess punitive damages against one or more of the Defendants, and not others, or against more than one Defendant in different amounts].

**Given _____          Refused _____**

## PLAINTIFF'S JURY CHARGE NO. 38

### Damages - Punitive damages

Plaintiffs claim the acts of defendant ACBE were done with malice or reckless indifference to the plaintiff's federally protected rights so as to entitle the plaintiffs to an award of punitive damages in addition to compensatory damages.

In some cases punitive damages may be awarded for the purpose of punishing a defendant for its wrongful conduct and to deter others from engaging in similar wrongful conduct. An award of punitive damages would be appropriate in this case only if you find for plaintiffs and then further find from a preponderance of the evidence:

First: That a higher management official of defendant ACBE personally acted with malice or reckless indifference to plaintiff's federally protected rights, and

Second: That defendant ACBE itself had not acted in a good faith attempt to comply with the law by adopting policies and procedures designed to prohibit such discrimination in the workplace.

**3C Fed. Jury Prac. & Instr. §  177.74.**

**Given _____            Refused _____**

<u>**PLAINTIFF'S JURY CHARGE NO. 39**</u>

**11th Circuit Pattern Jury Instructions - Supplemental Damages Instructions
6.1 - Attorneys Fees And Court Costs**

If you find for the Plaintiff you must not take into account any consideration of attorneys fees or court costs in deciding the amount of Plaintiff's damages. [The matter of attorney's fees and court costs will be decided later by the Court.]


**Given _____          Refused _____**

## PLAINTIFF'S JURY CHARGE NO. 40

**11th Circuit Pattern Jury Instructions - Basic Instructions
7.1 - Duty To Deliberate When Only The Plaintiff Claims Damages**

Of course, the fact that I have given you instructions concerning the issue of Plaintiff's damages should not be interpreted in any way as an indication that I believe that the Plaintiff should, or should not, prevail in this case.

Any verdict you reach in the jury room must be unanimous. In other words, to return a verdict you must all agree. Your deliberations will be secret; you will never have to explain your verdict to anyone.

It is your duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury. While you are discussing the case do not hesitate to re-examine your own opinion and change your mind if you become convinced that you were wrong. But do not give up your honest beliefs solely because the others think differently or merely to get the case over with.

Remember, that in a very real way you are judges - - judges of the facts. Your only interest is to seek the truth from the evidence in the case.


**Given _____          Refused _____**

44

<u>**PLAINTIFF'S JURY CHARGE NO. 41**</u>

**11th Circuit Pattern Jury Instructions - Basic Instructions**
**8 - Election Of Foreperson - Explanation Of Verdict Form(s)**

When you go to the jury room you should first select one of your members to act as your foreperson.  The foreperson will preside over your deliberations and will speak for you here in court.

A form of verdict has been prepared for your convenience.


[Explain verdict]


You will take the verdict form to the jury room and when you have reached unanimous agreement you will have your foreperson fill in the verdict form, date and sign it, and then return to the courtroom.

If you should desire to communicate with me at any time, please write down your message or question and pass the note to the marshal who will bring it to my attention. I will then respond as promptly as possible, either in writing or by having you returned to the courtroom so that I can address you orally.  I caution you, however, with regard to any message or question you might send, that you should not tell me your numerical division at the time.


**Given _____          Refused _____**


45

_/s/Michael J. Crow_____
MICHAEL J. CROW (CR039)
Attorney for Plaintiffs


OF COUNSEL:

BEASLEY, ALLEN, CROW,
METHVIN, PORTIS & MILES, P.C.
P.O. Box 4160
Montgomery, AL 36103-4160
(334) 269-2343


_/s/Robert D. Drummond_____
ROBERT D. DRUMMOND (DRU004)
Attorney for Plaintiffs

OF COUNSEL:

Attorney at Law
323 De LaMare
Fairhope, AL 36532
(251) 990-6249

## CERTIFICATE OF SERVICE

I hereby certify that on the 18th day of May, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:


Terry Wright, AIS 247561
Limestone Correctional Facility, Dorm 16
28779 Nick Davis Road
Harvest, Alabama 35749-7009

Katherine Hortberg
Mark Boardman
Boardman, Carr, Reed, Hutcheson
Post Office Box 382886
Chelsea, Alabama 35238-2886

Robert D. Drummond
Attorney at Law
323 De LaMare
Fairhope, AL 36532

                                 /s/Michael J. Crow
                                 OF COUNSEL